1   John S. Gibson (CSB No. 140647)
      jgibson@crowell.com
2   Samrah Mahmoud (CSB No. 285168)
      smahmoud@crowell.com
3   CROWELL & MORING LLP
    3 Park Plaza, 20th Floor
4   Irvine, CA  92614
    Telephone: (949) 263-8400
5   Facsimile: (949) 263-8414

6   Robert B. McNary (CSB No. 253745)
      rmcnary@crowell.com
7   CROWELL & MORING LLP
    515 S. Flower Street, 40th Floor
8   Los Angeles, CA 90071
    Telephone: (213) 443-5590
9   Facsimile: (213) 622-2690

10  Attorneys for Defendants
    ERICSSON INC. AND TELEFONAKTIEBOLAGET LM ERICSSON
11  (erroneously sued as Telefonaktienbolaget LM Ericsson)

12

13

14

15              **UNITED STATES DISTRICT COURT**

16              **CENTRAL DISTRICT OF CALIFORNIA**

17

18  TCL COMMUNICATION              Case No. 8:14-CV-00341 JVS AN
    TECHNOLOGY HOLDINGS, LTD,
19                                 **NOTICE OF MOTION AND**
          Plaintiff,               **MOTION TO DISMISS PLAINTIFF'S**
20                                 **COMPLAINT PURSUANT TO FED.**
      v.                           **R. CIV. PROC. 12(B)(6); AND**
21                                 **MEMORANDUM OF POINTS AND**
    TELEFONAKTIENBOLAGET LM        **AUTHORITIES IN SUPPORT**
22  ERICSSON and ERICSSON INC.,
                                   Date:        June 9, 2014
23        Defendants.             Time:        1:30 p.m.
                                   Judge:       Hon. James V. Selna
24                                 Courtroom:   10C

25                                 Complaint Filed:  March 5, 2014

26

27

28

CROWELL
& MORING LLP
ATTORNEYS AT LAW

                                           ERICSSON'S MOTION TO DISMISS
                                                  TCL'S COMPLAINT
                                           CASE NO. 8:14-CV-00341-JVS-AN

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ....................................................................iii

NOTICE OF MOTION AND MOTION TO DISMISS ....................................1

MEMORANDUM OF POINTS AND AUTHORITIES ..................................1
INTRODUCTION ......................................................................................1
BACKGROUND ........................................................................................2
LEGAL STANDARD ................................................................................4
ARGUMENT ............................................................................................5

I.    TCL'S CARTWRIGHT ACT CLAIM SHOULD BE DISMISSED ........5

    A.    TCL Does Not Allege An Antitrust Conspiracy ...................................5

    B.    TCL Does Not And Cannot Allege Tying In Distinct Product
    Markets ...................................................................................................7

    C.    TCL Does Not And Cannot Allege Harm to Competition. .................8

II.   THERE IS NO VIABLE UCL CLAIM FOR THE SAME
    REASONS. ........................................................................................10

III.  TCL'S COMMON LAW CLAIMS SHOULD BE DISMISSED. ..........12

    A.    TCL's Breach of Contract Claim Should Be Dismissed. ...................12

    B.    TCL's Promissory Estoppel Claim Should Be Dismissed. ................15

    C.    TCL Does Not Allege Misrepresentation Because There Is
    None. ....................................................................................................15

    D.    TCL's Declaratory Judgment Claim Should Be Dismissed. ..............17

IV.   CONCLUSION ..................................................................................17

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-ii-

ERICSSON'S MOTION TO DISMISS
TCL'S COMPLAINT
CASE NO. 8:14-CV-00341-JVS-AN

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AccuImage Diagnostics Corp. v. Terarecon, Inc.*,
   260 F. Supp. 2d 941 (N.D. Cal. 2003)...................................................................12

*Apple, Inc. v. Psystar Corp.*,
   586 F. Supp. 2d 1190 (N.D. Cal. 2008)............................................................7, 10

*Apple Inc. v. Samsung Elecs. Co., Ltd.*,
   No. 11-CV-01846, 2012 WL 1672493 (N.D. Cal. May 14, 2012) .....................9

*Apple Inc. v. Samsung Elecs. Co., Ltd.*,
   No. 11-CV-01846-LHK, 2011 WL 4948567 (N.D. Cal. Oct. 18,
   2011) ...................................................................................................6, 12, 15

*Asahi Kasei Pharma Corp. v. CoTherix, Inc.*,
   204 Cal. App. 4th 1 (2012)...........................................................................5, 6

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ..........................................................................................4

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ..........................................................................................4

*Blizzard Entm't Inc. v. Ceiling Fan Software LLC*,
   941 F. Supp. 2d 1227 (C.D. Cal. 2013) (Selna, J.).........................................4

*Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.*,
   429 U.S. 477 (1977) ..........................................................................................9

*Cascades Computer Innovation LLC v. RPX Corp.*,
   No. 12-CV-01143 YGR, 2013 WL 316023 (N.D. Cal. Jan. 24,
   2013) ...............................................................................................................11

*Chavez v. Whirlpool*,
   93 Cal. App. 4th 363 (2001)........................................................................5, 11

*Copperweld Corp. v. Independence Tube Corp.*,
   467 U.S. 752 (1984) ..........................................................................................6

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-iii-

ERICSSON'S MOTION TO DISMISS
TCL'S COMPLAINT
CASE NO. 8:14-CV-00341-JVS-AN

*Cutler v. Rancher Energy Corp.*,
  No. SACV 13-00906-DOC, 2014 WL 1153054 (C.D. Cal. Mar. 11, 2014) ............................................................................................... 16

*Davis v. HSBC Bank Nevada, N.A.*,
  691 F.3d 1152 (9th Cir. 2012) ........................................................... 10

*Dimidowich v. Bell & Howell*,
  803 F.2d 1473 (9th Cir. 1986), *modified,* 810 F.2d 1517 (9th Cir. 1987) ...................................................................................................... 5

*E. R.R. Presidents Conference v. Noerr Motor Freight, Inc.*,
  365 U.S. 127 (1961) .......................................................................... 10

*Freeman v. San Diego Ass'n of Realtors*,
  77 Cal. App. 4th 171 (1999) ........................................................... 7, 8

*Garon v. eBay, Inc.*,
  No. C 10-5737 JW, 2011 WL 6329089 (N.D. Cal. Nov. 30, 2011) ................... 10

*Glenn K. Jackson Inc. v. Roe*,
  273 F.3d 1192 (9th Cir. 2001) ........................................................... 11

*Globespanvirata, Inc. v. Texas Instrument, Inc.*,
  No. 03-2854 (GEB), 2006 WL 543155 (D.N.J. Mar. 3, 2006) ....................... 8

*Graybill v. Wells Fargo Bank, N.A.*,
  No. C 12-05802 LB, 2013 WL 978245 (N.D. Cal. Mar. 12, 2013) .................. 12

*Hutson v. Am. Home Mortg. Servicing, Inc.*,
  No. C 09-1951 PJH, 2009 WL 3353312 (N.D. Cal. Oct. 16, 2009) ................. 11

*Ice Cream Distribs. of Evansville, LLC v. Dreyer's Grand Ice Cream, Inc.*,
  No. 09-5815 CW, 2010 WL 2198200 (N.D. Cal. May 28, 2010) .................... 8, 9

*Int'l Norcent Tech. v. Koninklijke Philips Elecs. N.V.*,
  No. CV 07-00043 MMM, 2007 WL 4976364 (C.D. Cal. Oct. 29, 2007) ........................................................................................... 6, 11

*Kaplan v. Burroughs Corp.*,
  611 F.2d 286 (9th Cir. 1979) ............................................................. 9

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-iv-

ERICSSON'S MOTION TO DISMISS
TCL'S COMPLAINT
CASE NO. 8:14-CV-00341-JVS-AN

*Kearns v. Ford Motor Co.*,
  567 F.3d 1120 (9th Cir. 2009)............................................................................12

*Kendall v. Visa U.S.A. Inc.*,
  518 F.3d 1042 (9th Cir. 2008)..............................................................................4

*Korea Supply Co. v. Lockheed Martin Corp.*,
  29 Cal. 4th 1134 (2003)......................................................................................12

*Laks v. Coast Fed. Sav. & Loan Assn.*,
  60 Cal. App. 3d 885 (1976).................................................................................15

*Monsanto Co. v. Spray-Rite Serv. Corp.*,
  465 U.S. 752 (1984) .............................................................................................5

*Moore v. Kayport Package Express, Inc.*,
  885 F.2d 531 (9th Cir. 1989)...............................................................................15

*Nat'l Union Fire Ins. Co. of Pittsburg, PA v. Cambridge Integrated
  Servs. Grp., Inc.*,
  171 Cal. App. 4th 35 (2009)................................................................................16

*Patent Scaffolding Co. v. William Simpson Constr. Co.*,
  256 Cal. App. 2d 506 (1967)...............................................................................14

*PeopleBrowsr, Inc. v. Twitter, Inc.*,
  No. C-12-6120 EMC, 2013 WL 843032 (N.D. Cal. Mar. 6, 2013)...................11

*Roth v. Rhodes*,
  25 Cal. App. 4th 530 (1994)..................................................................................5

*SC Manufactured Homes, Inc. v. Liebert*,
  162 Cal. App. 4th 68 (2008)..................................................................................8

*St. Paul Fire & Marine Ins. Co. v. Am. Dynasty Surplus Lines Ins.*,
  101 Cal. App. 4th 1038 (2002).............................................................................14

*Strawflower Elecs., Inc. v. Radioshack Corp.*,
  No. C-05-0747, 2005 WL 2290314 (N.D. Cal. Sept. 20, 2005) .........................17

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
  551 U.S. 308 (2007) ..............................................................................................4

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-v-

ERICSSON'S MOTION TO DISMISS
TCL'S COMPLAINT
CASE NO. 8:14-CV-00341-JVS-AN

*Townshend v. Rockwell Int'l Corp.*,
   No. C99-0400SBA, 2000 WL 433505 (N.D. Cal. Mar. 28, 2000) ..................... 9

*U.S. Philips Corp. v. Int'l Trade Comm'n.*,
   424 F.3d 1179 (Fed. Cir. 2005) .................................................................. 8, 10

*United Mine Workers v. Pennington*,
   381 U.S. 657 (1965) ......................................................................................... 10

*Vess v. Ciba-Geigy Corp. USA*,
   317 F.3d 1097 (9th Cir. 2003) ......................................................................... 16

*Walker v. USAA Cas. Ins. Co.*,
   474 F. Supp. 2d 1168 (E.D. Cal. 2007) ............................................................. 5

*Wisdom v. Katz*,
   539 F. App'x 704 (9th Cir. 2013) .............................................................. 13, 15

**Statutes**

Cal. Bus. & Prof. Code §§ 16720, 16726 ...........................................*passim*

Cal. Bus. & Prof. Code § 17200 *et seq.* ......................................... 10, 11, 12

**Other Authorities**

Fed. R. Civ. P. 9(b) .............................................................................. 11, 12, 15, 16

Fed. R. Civ. P. 12(b)(6) .................................................................................*passim*

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-vi-

ERICSSON'S MOTION TO DISMISS
TCL'S COMPLAINT
CASE NO. 8:14-CV-00341-JVS-AN

1

## NOTICE OF MOTION AND MOTION TO DISMISS

2  **TO THE CLERK OF THE COURT AND ALL PARTIES AND THEIR**

3  **ATTORNEYS OF RECORD:**

4         Please take notice that on June 9, 2014, at 1:30 p.m., or as soon thereafter as

5  may be heard before the Honorable James V. Selna in Courtroom 10C of the

6  Ronald Reagan Federal Building located at 411 West Fourth Street, Santa Ana,

7  California 92701, Defendants Telefonaktiebolaget LM Ericsson ("LM Ericsson"),

8  sued erroneously as Telefonaktienbolaget LM Ericsson, and Ericsson Inc. (together,

9  "Ericsson") will and hereby do move the Court to dismiss the Complaint filed by

10  Plaintiff TCL Communication Technology Holdings, Ltd. ("TCL") in this action on

11  March 5, 2014, and attached hereto.

12         For more than seven years, Ericsson and TCL have been negotiating a license

13  to Ericsson patents essential to international standards for mobile cellular networks.

14  TCL now alleges that Ericsson has refused to license its patents at a fair,

15  reasonable, and non-discriminatory ("FRAND") rate as required by the relevant

16  standards development organizations.  TCL brings claims against Ericsson for

17  breach of contract, promissory estoppel, declaratory judgment, violation of the

18  California Cartwright Act, violation of the California Unfair Competition Law,

19  fraudulent misrepresentation, and negligent misrepresentation.  Ericsson moves to

20  dismiss TCL's Complaint in its entirety pursuant to Federal Rule of Civil Procedure

21  12(b)(6) for failure to state a claim upon which relief can be granted.  The Motion is

22  based on the following grounds, among others:

23         1.     TCL does not (and cannot) allege an anticompetitive agreement, as

24  required by the California Cartwright Act.  TCL also does not allege a viable tying

25  claim.

26         2.     TCL does not (and cannot) allege plausible harm to competition, as

27  required by the California Cartwright Act and the California Unfair Competition

28  Law.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-1-

ERICSSON'S MOTION TO DISMISS
TCL'S COMPLAINT
CASE NO. 8:14-CV-00341-JVS-AN

3.     TCL does not (and cannot) allege the elements necessary for its common law claims (breach of contract, promissory estoppel, declaratory judgment, fraudulent misrepresentation, and negligent misrepresentation).  The Complaint is devoid of sufficient facts regarding the development of the standards or the parties' licensing negotiations—including the FRAND licensing terms that TCL purportedly asked for from Ericsson that Ericsson purportedly refused—much less the heightened specificity required to state its promissory estoppel and misrepresentation claims.

The Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the papers on file in this action, oral argument at the hearing of the Motion, the Request for Judicial Notice, and such other matters as the Court may consider.  Counsel have met and conferred regarding the substance of the Motion and the relief sought, and the Motion is made following the conference of counsel for Ericsson and TCL pursuant to L.R.7-3, which took place on May 5, 2014.

Dated:     May 12, 2014              Respectfully submitted,

**CROWELL & MORING LLP**

*/s/  John S. Gibson*
_____

John S. Gibson

Attorneys for Defendants
ERICSSON INC. AND
TELEFONAKTIEBOLAGET LM
ERICSSON (erroneously sued as
Telefonaktienbolaget LM Ericsson)

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-2-

ERICSSON'S MOTION TO DISMISS
TCL'S COMPLAINT
CASE NO. 8:14-CV-00341-JVS-AN

## MEMORANDUM OF POINTS AND AUTHORITIES

**INTRODUCTION**

This litigation presents a textbook case of the patent infringer as "unwilling licensee." Ericsson has been negotiating in good faith with TCL for the better part of seven years to license Ericsson's standards-essential patents to TCL and has offered terms that are similar to those agreed to by other industry participants, including every name-brand device manufacturer. As resolution finally appeared close, TCL filed this case without warning in a cynical effort to gain negotiating leverage. TCL evidently prefers to pay lawyers to attack the standards-setting process while continuing (for now) to practice Ericsson's patents without charge.

TCL fails to allege many of the basic elements of the claims asserted because those elements are utterly lacking. Moreover, TCL's claims are implausible given the allegations pleaded. TCL admits that it has declined to renew its expired license to Ericsson's patent portfolio. (Compl. ¶ 74.) But TCL then admits that Ericsson has agreed to over 90 licenses with other industry participants covering that same portfolio. (*Id.* ¶ 26.) That fact undermines any claim that Ericsson breached its FRAND commitment, violated competition or antitrust laws, or defrauded the standards-setting organizations. Equally implausible is TCL's claim that Ericsson, against its own economic interest, seeks to hold up a single licensee.

TCL's refusal to take a license to Ericsson's patents at prevailing rates—a transparent attempt to obtain below-market, discriminatory terms—does not give rise to claims *against Ericsson*. Rather, Ericsson is the party aggrieved by TCL's unlicensed sales of products that implement Ericsson's patents. As shown below, TCL's claims fail on multiple grounds:

*First*, TCL does not (and cannot) allege an agreement for anticompetitive group action—a required element of its Cartwright Act claim—and does not even identify any third party with whom Ericsson purportedly conspired. To the extent TCL is asserting a tying claim under the Cartwright Act, which is less than clear,

1   TCL does not (and cannot) allege separate product markets as required.  Indeed,

2   TCL does not even bother to allege relevant product or geographic markets, which

3   are the starting points for antitrust analysis.

4        *Second*, TCL does not (and cannot) allege plausible harm to competition—a

5   required element of its Cartwright Act and California Unfair Competition Law

6   ("UCL") claims.  To the contrary, TCL admits that, during the relevant period,

7   Ericsson issued 90 licenses to other market participants.  This fact also undermines

8   TCL's conclusory (and unsupportable) allegations that Ericsson defrauded

9   standards-setting organizations and failed to live up to its FRAND commitments.

10       *Third*, TCL does not (and cannot) allege any of the requisite facts supporting

11   any failure by Ericsson to satisfy its common law obligations.  The Complaint does

12   not allege any of the necessary facts regarding licensing negotiations between

13   Ericsson and TCL, including the terms TCL purportedly asked for from Ericsson

14   that were refused, much less the specific facts needed for some of those claims.

15       The Court should grant Ericsson's motion to dismiss TCL's insufficient and

16   implausible pleading and thereby thwart TCL's attempt to negotiate by lawsuit.

17   **BACKGROUND**

18       TCL pleaded the following facts relevant to this Motion:

19       **Ericsson's FRAND Licensing Of Its Standards-Essential Patents**

20       As a leading developer of telecommunications networking base stations,

21   Ericsson holds multiple patents essential to the global telecommunications

22   standards established by the European Telecommunications Standards Institute

23   ("ETSI") and the 3rd Generation Partnership Project ("3GPP").  (Compl. ¶¶ 3, 25,

24   59.)  Ericsson, a member of ETSI, declared a number of its patents to be essential to

25   those standards and, hence, is contractually obligated to license them on FRAND

26   terms.  (*Id.* ¶¶ 1, 2, 3, 59, 90.)  Ericsson has issued more than 90 FRAND licenses

27   to date to other market participants besides TCL.  (*Id.* ¶ 26.)

28

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-2-

ERICSSON'S MOTION TO DISMISS
TCL'S COMPLAINT
CASE NO. 8:14-CV-00341-JVS-AN

**TCL Infringes Ericsson's Patents**

TCL manufactures mobile phones compatible with those standards.  (*Id.* ¶¶ 3, 11, 19, 22.)  Like other device manufactures, most if not all of TCL's "4G phones" must also function in 3G and/or 2G modes.  (*Id.* ¶¶ 45, 50, 55.)  TCL had a license from Ericsson covering the 2G standard, but failed to renew that license.  (*Id.* ¶ 74.)  Thus, for years, TCL has sold devices infringing Ericsson's patents without payment.  (*Id.* ¶¶ 73-88.)

Ericsson became a world leader by investing in research and development— over $5 billion annually—and has over 20,000 employees worldwide in research.[1] (*See* RJN Decl. Exhibit 1 at 12, 14, 18.)  Unsurprisingly then, Ericsson holds thousands of U.S. patents.  (*Id.* at 13, 18.)  TCL alleges that it is the fifth largest telecommunications firm in the world, (Compl. ¶ 2), but much of that business is in the People's Republic of China.  Domestically, TCL is known (if at all) for down market phones sold under the "Alcatel onetouch" brand.  (*Id.*)  TCL holds fewer than 30 U.S. patents.  (*See* RJN Decl. Exhibit 2 at 20, 23, 24, 30.)

**TCL's Alleged Claims**

TCL's complaint asserts Ericsson defrauded standards-setting organizations and exploited its market power to demand non-FRAND rates.  (*Id.* ¶¶ 92-93, 110-11, 122, 129-31, 137-39.)  Specifically, TCL claims violation of the California Cartwright Act (Compl. ¶¶ 107-20), violations of the California Unfair Competition Law (*id.* ¶¶ 121-24), breach of contract (*Id.* ¶¶ 89-95), promissory estoppel (*id.* ¶¶ 96-102), declaratory judgment (*id.* ¶¶ 103-06), and fraudulent and negligent misrepresentation (*id.* ¶¶ 125-41).

---

[1] Ericsson asks the Court to take judicial notice of these indisputable facts pursuant to the concurrently filed Request for Judicial Notice in Support of Defendants' Motion to Dismiss ("RJN") and Declaration of Robert McNary in Support of Request for Judicial Notice ("RJN Decl.").

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-3-

ERICSSON'S MOTION TO DISMISS
TCL'S COMPLAINT
CASE NO. 8:14-CV-00341-JVS-AN

**LEGAL STANDARD**

To withstand a motion to dismiss, a plaintiff must adduce "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord* Fed. R. Civ. P. 12(b)(6). To have "facial plausibility," a complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In ruling on the Motion, the Court engages in a two-pronged approach. *Blizzard Entm't Inc. v. Ceiling Fan Software LLC*, 941 F. Supp. 2d 1227, 1231 (C.D. Cal. 2013) (Selna, J.). *First*, the Court identifies and discards allegations that are "no more than [legal] conclusions" and therefore "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678; *see also Kendall v. Visa U.S.A. Inc.*, 518 F.3d 1042, 1046-47 (9th Cir. 2008).

*Second*, the Court examines the "well-pleaded, nonconclusory factual allegation[s]" and determines (1) whether the elements of the claims are pleaded and (2) whether the allegations "plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679-80. A claim is not plausible "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id.* at 679. Critically, "only a complaint that states a *plausible* claim for relief survives a motion to dismiss." *Id.* (emphasis added).

To determine whether a claim to relief is "plausible," the Court is empowered to "draw on its judicial experience and common sense." *Id.* at 679. The Court may also consider allegations in the Complaint, documents attached and/or incorporated by reference into the Complaint, and matters subject to judicial notice. *Twombly*, 550 U.S. at 568 n.13; *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-4-

ERICSSON'S MOTION TO DISMISS
TCL'S COMPLAINT
CASE NO. 8:14-CV-00341-JVS-AN

ARGUMENT

I.     TCL'S CARTWRIGHT ACT CLAIM SHOULD BE DISMISSED.

TCL has not alleged required elements of a Cartwright Act claim: the formation of a conspiracy and, pursuant to that conspiracy, wrongful acts harming competition. *Chavez v. Whirlpool*, 93 Cal. App. 4th 363, 373 (2001).  Because TCL has not (and cannot) allege a conspiracy or any harm caused by a conspiracy, its Cartwright Act claim should be dismissed.

A.     TCL Does Not Allege An Antitrust Conspiracy.

One fatal flaw in TCL's antitrust claim is its failure to allege an illegal *agreement*.  Unilateral conduct cannot form the basis of a Cartwright Act claim. After all, the Cartwright Act regulates "*combination[s]* of capital, skill or acts by *two or more* persons" for anticompetitive purposes.  Cal. Bus. & Prof. Code §§ 16720, 16726 (emphasis added).  There can be no Cartwright Act violation absent an agreement to take anticompetitive group action.  *Asahi Kasei Pharma Corp. v. CoTherix, Inc.*, 204 Cal. App. 4th 1, 8 (2012) (holding there can be no Cartwright Act violation absent "a combination of capital, skill or acts by two or more persons"); *see Walker v. USAA Cas. Ins. Co.*, 474 F. Supp. 2d 1168, 1174-75 (E.D. Cal. 2007) (granting motion to dismiss because, "[l]ike section 1 of the Sherman Act, a Cartwright Act claim must allege co-conspirators and a conspiracy") (internal citation omitted).  A "corporation acting alone through its officers is not a combination in restraint of trade proscribed" by the Cartwright Act. *Roth v. Rhodes*, 25 Cal. App. 4th 530, 544 (1994); *see also*, *Dimidowich v. Bell & Howell*, 803 F.2d 1473, 1478 (9th Cir. 1986), *modified,* 810 F.2d 1517 (9th Cir. 1987) (the Cartwright Act does not target actual or attempted monopolization).

To properly plead a Cartwright Act conspiracy, TCL must allege that Ericsson and at least one other party had "a conscious commitment to a common scheme designed to achieve an unlawful objective." *Monsanto Co. v. Spray-Rite Serv. Corp.*, 465 U.S. 752, 764 (1984).  TCL identifies no such party or agreement

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-5-

ERICSSON'S MOTION TO DISMISS
TCL'S COMPLAINT
CASE NO. 8:14-CV-00341-JVS-AN

1    and leaves the Court to speculate as to what TCL might have in mind, which the
2    Court should not do.  Because TCL has failed to allege that Ericsson entered into an
3    illegal agreement with another party, its Cartwright Act claim must fail.

4         Ericsson raised this shortcoming in conference with opposing counsel.
5    TCL's counsel asserted three possibilities:  (1) LM Ericsson and Ericsson Inc.
6    conspired with each other, (2) Ericsson conspired with the standards-setting
7    organizations, or (3) Ericsson conspired with unnamed others to harm TCL.  Even
8    if such allegations had been pleaded, they would not satisfy the Cartwright Act.

9         *First*, it is well-established that a parent and its wholly-owned subsidiary
10   (such as the two Ericsson Defendants here) are incapable of conspiring with one
11   another under the antitrust laws.  *Asahi*, 204 Cal. App. 4th at 8, 10-11 (discussing
12   *Copperweld Corp. v. Independence Tube Corp.*, 467 U.S. 752 (1984)).

13        *Second*, Ericsson's commitment to ETSI and 3GPP to license its patents on
14   FRAND terms is not a plausible basis for an illegal agreement.  It is well
15   established that standard setting is an inherently pro-competitive activity and that
16   that process, without more, is not an actionable restraint of trade.  *Int'l Norcent*
17   *Tech. v. Koninklijke Philips Elecs. N.V.*, No. CV 07-00043 MMM (SSx), 2007 WL
18   4976364, at *12 (C.D. Cal. Oct. 29, 2007).

19        Even if it had identified something more, TCL has asserted that Ericsson
20   defrauded the standards-setting organizations, not that it conspired with them.
21   (Compl. ¶ 109.)  TCL alleges that those organizations were "induced . . . to refrain
22   from adopting alternative technologies," and "detrimentally rel[ied]" on Ericsson's
23   FRAND commitments.  (*Id.*)  Clearly then, the standards-setting organizations were
24   not part of any conspiracy. Such allegations fail to allege an antitrust agreement.
25   *See, e.g.*, *Apple Inc. v. Samsung Elecs. Co., Ltd.*, No. 11-CV-01846-LHK, 2011 WL
26   4948567, at *7 (N.D. Cal. Oct. 18, 2011) (dismissing plaintiff's Cartwright Act
27   claims where, as here, plaintiff alleged that the standards-setting organization was

28

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-6-

ERICSSON'S MOTION TO DISMISS
TCL'S COMPLAINT
CASE NO. 8:14-CV-00341-JVS-AN

defrauded, and thus necessarily did not know it was engaging in conduct to harm competition).

Finally, any assertion that the standards-setting organizations agreed to conspire with Ericsson runs head-on into the plausibility requirement. Enriching Ericsson by allowing it to charge non-FRAND rates would be against the interest and mission of those organizations, and against the clear self-interest of their many downstream members who need licenses.

*Third,* an allegation that Ericsson conspired with unnamed third parties to harm TCL is doubly insufficient to make out a valid Cartwright Act claim. Beyond the failure to put Ericsson on notice of what such a claim may mean to defend itself, the antitrust laws protect competition, not individual market participants like TCL.

## B.   TCL Does Not And Cannot Allege Tying In Distinct Product Markets.

While it is unclear whether TCL meant to allege tying under the Cartwright Act, even if it did, TCL does not plausibly allege a viable tying claim for these additional reasons.

*First*, TCL has not alleged two distinct product markets as required for tying. *Freeman v. San Diego Ass'n of Realtors*, 77 Cal. App. 4th 171, 184 (1999) ("The threshold element for a tying claim is the existence of separate products or services in separate markets."). TCL's conclusory allegation that "Ericsson is leveraging its market power in its 2G asserted essential patents to gain leverage in a separate market for patents related to the 3G Mobile Cellular Standard" is entitled to be disregarded, (Compl. ¶ 117), but is also insufficient to plausibly support the distinct market element. To the contrary, TCL admits that there is only one seller of the licenses it needs—Ericsson[2]—and it is well-settled that a single seller offering

---

[2] TCL allegedly purchases some 3G licensed chipsets from Qualcomm. (Compl. ¶¶ 78-79.) But the fact that there are multiple ways to purchase a single product does not transform that product into its own relevant market under antitrust law. *Apple, Inc. v. Psystar Corp.*, 586 F. Supp. 2d 1190, 1203 (N.D. Cal. 2008) (dismissing tying claim).

1 complementary services cannot constitute the distinct product market required for a

2 viable tying claim.  *See Freeman*, 77 Cal. App. 4th at 186-87.

3      *Second*, TCL has not alleged a situation where a seller uses its market power

4 in one (tying) product to force a buyer to purchase a separate (tied) product.  "A

5 tying arrangement is illegal only if customers are forced to buy the tied product as a

6 result of the seller's exploitation of its control over the tying product, resulting in

7 anti-competitive consequences."  *SC Manufactured Homes, Inc. v. Liebert*, 162 Cal.

8 App. 4th 68, 85 (2008) (dismissing tying claim and explaining that "[o]therwise,

9 the buyer can simply walk away and turn to another seller").  In an anticompetitive

10 tying scenario, the buyer is deprived of an opportunity to purchase a substitute, and

11 other sellers are deprived of the opportunity to compete for the buyer's business. *Id.*

12      This is not that scenario.  Portfolio patent licenses do not pose a tying risk.

13 *U.S. Philips Corp. v. Int'l Trade Comm'n.*, 424 F.3d 1179, 1189-90 (Fed. Cir.

14 2005) (holding that packaged patent licensing arrangement could not be

15 characterized as using power in one market to obtain advantage in another).  "[A]

16 nonexclusive patent license is simply a promise not to sue for infringement and

17 does not obligate the licensee to do anything."  *Globespanvirata, Inc. v. Texas*

18 *Instrument, Inc.*, No. 03-2854 (GEB), 2006 WL 543155, at *8 (D.N.J.  Mar. 3,

19 2006) (citing *U.S. Philips Corp.*, 424 F.3d at 1189).  For a portfolio of standards-

20 essential patents, a patent owner is not capable of "compel[ling] customers to

21 purchase a product in a separate market that the customer might otherwise purchase

22 from a competitor."  *Id.*  Therefore, TCL does not and cannot plead a plausible

23 tying claim based upon portfolio licensing.

24     **C.**    **TCL Does Not And Cannot Allege Harm to Competition.**

25      Even if all the above were not so, TCL has also failed to meet its burden to

26 allege plausible harm to competition.  *Ice Cream Distribs. of Evansville, LLC v.*

27 *Dreyer's Grand Ice Cream, Inc.*, No. 09-5815 CW, 2010 WL 2198200, at *7-8

28 (N.D. Cal. May 28, 2010) (dismissing Cartwright Act claim where "instead of

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-8-

ERICSSON'S MOTION TO DISMISS
TCL'S COMPLAINT
CASE NO. 8:14-CV-00341-JVS-AN

pleading facts addressing injury to the market," plaintiff alleged only harm to its business).  Allegations regarding harm to TCL's own business are insufficient to establish the requisite harm to competition.  It is well-established that the antitrust laws protect competition, not competitors.  *Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.*, 429 U.S. 477, 489 (1977).  Proof of an impact on competition in a relevant market is an "absolutely essential element" for proving a restraint of trade.  *Kaplan v. Burroughs Corp.*, 611 F.2d 286, 291 (9th Cir. 1979) (affirming judgment for defendant).

TCL's allegations, at most, boil down to Ericsson bundling its 2G, 3G and 4G patents into a single license, which allegedly imposes a high cost on TCL.[3]  (Compl. ¶¶ 112-118.)  A gripe that licenses to standards-essential patents are priced too high does not qualify as competitive harm.  *See, e.g.*, *Townshend v. Rockwell Int'l Corp.*, No. C99-0400SBA, 2000 WL 433505, at *8-9, 15 (N.D. Cal. Mar. 28, 2000) (dismissing antitrust and competition claims because rights holder disclosed its pending patent applications and offered proposed licensing terms prior to adoption of the standard); *see also Apple Inc. v. Samsung Elecs. Co., Ltd.*, No. 11-CV-01846, 2012 WL 1672493, at *7 (N.D. Cal. May 14, 2012) (noting anticompetitive harm would require an "intentionally false promise" during standards development to license on FRAND terms).

Moreover, because TCL sells products compliant with 2G, 3G, and 4G standards, (Compl. ¶¶ 3, 11, 19, 22), each of Ericsson's essential patents is itself necessary to implement the cellular standards used by TCL's products.  This means that TCL cannot manufacture standards-compliant devices without infringing these patents.  Under ETSI's Rules of Procedure, "'ESSENTIAL' as applied to

---

[3] While TCL has alleged that Ericsson's licensing practices have raised its costs, (Compl. ¶111), TCL also alleges it has yet to take a license for Ericsson's 3G and 4G patents.  (*Id.* ¶5.)  Therefore, as an infringer who has refused to pay for a license on FRAND terms, it actually has no costs attributable to Ericsson's patents!

[Intellectual Property Rights] means that it is not possible on technical (but not commercial) grounds, taking into account normal technical practice and the state of the art generally available at the time of standardization, to make, sell, lease, otherwise dispose of, repair, use or operate EQUIPMENT or METHODS which comply with a STANDARD without infringing that [Intellectual Property Right]."[4] MTD Decl. Exhibit A at 9.  Without even a substitute available for any patent in the portfolio, TCL cannot allege anticompetitive harm.  *See U.S. Philips Corp.*, 424 F.3d at 1189-90.

Without allegations of concerted action to harm competition—the only conduct the Cartwright Act reaches—TCL's Cartwright Act claim must be dismissed.[5]

## II.    THERE IS NO VIABLE UCL CLAIM FOR THE SAME REASONS.

For the same reasons that it fails to state a Cartwright Act claim, TCL also fails to state a UCL claim: the Complaint does not properly allege a significant threat or harm to competition.  *See, e.g.*, *Garon v. eBay, Inc.*, No. C 10-5737 JW, 2011 WL 6329089, at *3-6 (N.D. Cal. Nov. 30, 2011) (dismissing antitrust and UCL claims with prejudice because plaintiffs did not identify a relevant antitrust market or allege cognizable antitrust injury and UCL claim was "entirely contingent upon" antitrust claims); *Apple, Inc. v. Psystar Corp.*, 586 F. Supp. 2d 1190, 1203-04 (N.D. Cal. 2008) (dismissing UCL counterclaim after dismissing antitrust counterclaim).

---

[4]    A copy of these rules is attached as Exhibit A to the Declaration of Robert McNary in Support of this Motion to Dismiss ("MTD Decl.").  ETSI policy rules are allegedly the basis of TCL's breach of contract claims, (*see, e.g.*, Compl. ¶ 92), and therefore may be incorporated by reference in considering a 12(b)(6) motion. *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1159-60 (9th Cir. 2012).

[5]    Litigation ongoing overseas, (Compl. ¶ 77), is irrelevant because the legitimate petitioning of courts cannot form the basis for antitrust claims.  *E. R.R. Presidents Conference v. Noerr Motor Freight, Inc.*, 365 U.S. 127, 135 (1961); *United Mine Workers v. Pennington*, 381 U.S. 657, 670 (1965).

The UCL proscribes "unlawful, unfair or fraudulent" conduct. Cal. Bus. & Prof. Code § 17200. As a preliminary matter, a UCL claim under the "unlawful" practices prong of the UCL—based on an alleged Cartwright Act violation—must be dismissed automatically with dismissal of the Cartwright Act claim. *Cascades Computer Innovation LLC v. RPX Corp.*, No. 12-CV-01143 YGR, 2013 WL 316023, at *15 (N.D. Cal. Jan. 24, 2013) ("Additionally, because Cascades'[s] UCL claim is not materially different than its federal and state antitrust claims, its UCL claim necessarily fails as well.") (citations omitted); *Hutson v. Am. Home Mortg. Servicing, Inc.*, No. C 09-1951 PJH, 2009 WL 3353312, at *15 (N.D. Cal. Oct. 16, 2009) ("Without the predicate . . . violations, there can be no section 17200 claim for unlawful business practices.") (citation omitted); *see also Glenn K. Jackson Inc. v. Roe*, 273 F.3d 1192, 1203 (9th Cir. 2001) (affirming dismissal of UCL claim where underlying claims were legally insufficient).

TCL's UCL claim also fails insofar as it is premised on allegedly "unfair" standardization activities. Because the procompetitive benefits of legitimate standards-setting are well-recognized, *see, e.g.*, *Int'l Norcent Tech.*, 2007 WL 4976364, at *12, Ericsson's conduct cannot give rise to a Cartwright Act claim. For a UCL "unfair" practices claim, it is black-letter law that lawful conduct under the Cartwright Act cannot be deemed "unfair" under the UCL. *Chavez*, 93 Cal. App. 4th at 375 (affirming dismissal); *see also PeopleBrowsr, Inc. v. Twitter, Inc.*, No. C-12-6120 EMC, 2013 WL 843032, at *3 (N.D. Cal. Mar. 6, 2013) (noting that "conduct explicitly condoned by federal antitrust law may not constitute a violation of the unfair prong of the UCL"). A business practice simply cannot be unfair under the UCL without a plausible allegation of competitive harm.

Moreover, TCL has also not stated a UCL claim based on any alleged "fraudulent" conduct. Here, where TCL is alleging unfair competition based on Ericsson's alleged fraudulent promise to license its patents on FRAND terms, TCL is required to meet Rule 9(b)'s requirement that all claims for fraud "must state

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-11-

ERICSSON'S MOTION TO DISMISS
TCL'S COMPLAINT
CASE NO. 8:14-CV-00341-JVS-AN

1   with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b); *see*

2   *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125-26 (9th Cir. 2009) (applying

3   heightened pleading requirement for UCL claims based on false representations).

4   TCL's conclusory claim that Ericsson made fraudulent representations to ETSI

5   does not meet the Rule 9(b) standard.

6        The UCL cannot be bent to fit TCL's patent-licensing negotiation objective.

7   The California Supreme Court has recognized that the UCL is "not an all-purpose

8   substitute for a tort or contract action."  *Korea Supply Co. v. Lockheed Martin*

9   *Corp.*, 29 Cal. 4th 1134, 1150 (2003); *see also AccuImage Diagnostics Corp. v.*

10  *Terarecon, Inc.*, 260 F. Supp. 2d 941, 954 (N.D. Cal. 2003) (granting motion to

11  dismiss UCL claim).  TCL fails to allege competitive harm, so its UCL claim fails.

12  **III.   TCL'S COMMON LAW CLAIMS SHOULD BE DISMISSED.**

13       To state a claim arising out of a FRAND commitment to a standards-setting

14  organization, a plaintiff must allege more than the fact that the defendant made a

15  commitment to license on FRAND terms. *Samsung*, 2011 WL 4948567, at *4

16  (holding allegations that defendants submitted false FRAND declarations are not

17  sufficient to put defendant on notice of the particular misconduct that creates the

18  basis of the claim).  Tellingly, TCL's allegations are devoid of specifics about the

19  licensing history between TCL and Ericsson—facts that are required to support

20  TCL's conclusory allegations that Ericsson has not lived up to any obligations,

21  promises, or representations related to ETSI or 3GPP standards.  TCL has not

22  alleged a plausible claim for breach of contract, promissory estoppel,

23  misrepresentation, or declaratory judgment.

24       **A.   TCL's Breach of Contract Claim Should Be Dismissed.**

25       A cognizable claim for breach of contract requires a contract's performance

26  by plaintiff, and a breach by the defendant causing damages to the plaintiff.

27  *Graybill v. Wells Fargo Bank, N.A.*, No. C 12-05802 LB, 2013 WL 978245, at *13

28  (N.D. Cal. Mar. 12, 2013) (dismissing breach of contract claim).  A complaint for

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-12-

ERICSSON'S MOTION TO DISMISS
TCL'S COMPLAINT
CASE NO. 8:14-CV-00341-JVS-AN

1   breach of contract is properly dismissed when it fails to allege facts demonstrating

2   how the defendant breached the terms of a contract.  *Wisdom v. Katz*, 539 F. App'x

3   704, 705 (9th Cir. 2013) (affirming dismissal).  TCL's breach of contract claim

4   should be dismissed.

5   　　　*First*, TCL fails to state a claim because TCL never asserts that Ericsson

6   does, in fact, own standards-essential patents.  (*See* Compl. ¶ 13.)  Under the

7   express language of the contract—which is the Intellectual Property Rights ("IPR")

8   declaration filed by Ericsson with ETSI—a condition precedent to the FRAND

9   obligation is that one or more of Ericsson's patents are, in fact, standards-essential.

10  *See, e.g.*, MTD Decl. Exhibit B at 15:

11  　　　　　[T]he Declarant and/or its AFFILIATES hereby irrevocably

12  　　　　　declares…: **To the extent that the IPR(s) disclosed in the attached**

13  　　　　　**IPR Information Statement Annex are or become, and remain**

14  　　　　　**ESSENTIAL in respect of the ETSI Work Item, STANDARD**

15  　　　　　**and/or TECHNICAL SPECIFICATION** identified in the attached

16  　　　　　IPR Information Statement Annex, the Declarant and/or its

17  　　　　　AFFILIATES are (1) prepared to grant irrevocable licences [*sic*]

18  　　　　　under this/these IPR(s) on terms and conditions which are in

19  　　　　　accordance with Clause 6.1 of the ETSI IPR Policy; and (2) will

20  　　　　　comply with Clause 6.1 bis of the ETSI IPR Policy.

21  (emphasis added).  By alleging in its Complaint that Ericsson's patents are not, in

22  fact, standards-essential, (Compl. ¶ 13), TCL ignores the fact that the declaration,

23  and thus the contractual FRAND requirement, applies only "to the extent that the

24  [patents] . . . are or become, and remain," essential to the standard.  MTD Decl.

25  Exhibit B at 15.

26  　　　TCL's position fatally dooms its breach of contract claim.  Under the express

27  provisions of the ETSI IPR Declaration, the FRAND obligation arises only to the

28  extent that patents are, or become, and remain essential to a standard.  TCL is trying

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-13-

ERICSSON'S MOTION TO DISMISS
TCL'S COMPLAINT
CASE NO. 8:14-CV-00341-JVS-AN

1    to play both sides of the fence.  On the one hand, it wishes to mount a FRAND

2    challenge to Ericsson's licensing practices.  On the other hand, TCL wants to retain

3    the option to continue holding out by then alleging it does not infringe any Ericsson

4    patents because they are not standards-essential.  But the ETSI rules are clear: they

5    require TCL to assert that Ericsson does in fact own patents that are, and remain,

6    essential to the standard as a condition to application of the FRAND obligation.

7        *Second*, TCL has not and cannot plead that Ericsson failed to satisfy its

8    FRAND obligations.  TCL claims only that Ericsson breached its FRAND

9    commitment by allegedly (1) failing to demand other companies pay as low a rate

10   as TCL demands; and (2) failing to provide separate rates for 2G, 3G, and 4G

11   standards.  (Compl. ¶¶ 4, 76, 77, 93.)  Neither of these allegations (even if they

12   were true) contradict Ericsson's 90 licenses with the rest of the market, (*id.* ¶ 26),

13   which are dispositive facts on the question whether Ericsson is a willing FRAND

14   licensor.  TCL cannot plead around this reality.

15       And therein lies the unavoidable defect in TCL's breach of contract claims:

16   on one hand, TCL submits a bare conclusory assertion that Ericsson is refusing to

17   license its patents; on the other hand, TCL concedes that Ericsson has already

18   entered into over 90 licenses of these patents.  (*Id.* ¶ 26.)  The clear implication of

19   these contradictory allegations is that TCL cannot plead the necessary allegations to

20   state a claim that Ericsson failed to satisfy its FRAND obligations.

21       *Third*, TCL does not allege actual harm.  A breach of contract claim requires

22   a showing of actual damage.  *See St. Paul Fire & Marine Ins. Co. v. Am. Dynasty*

23   *Surplus Lines Ins.*, 101 Cal. App. 4th 1038, 1060 (2002) ("An essential element of a

24   claim for breach of contract are [*sic*] damages resulting from the breach.")

25   (emphasis omitted) (reversing judgment for plaintiff); *Patent Scaffolding Co. v.*

26   *William Simpson Constr. Co.*, 256 Cal. App. 2d 506, 511 (1967) ("A breach of

27   contract without damage is not actionable.").  Here, TCL does not plausibly allege

28   actual damages because TCL has not taken a license for Ericsson's patents, (Compl.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-14-

ERICSSON'S MOTION TO DISMISS
TCL'S COMPLAINT
CASE NO. 8:14-CV-00341-JVS-AN

¶ 5), meaning that TCL continues to infringe and implement Ericsson's patents without paying for them.  Certainly, TCL has not been damaged by this approach.

### B.   TCL's Promissory Estoppel Claim Should Be Dismissed.

TCL's claim for promissory estoppel fails for the same reasons.  TCL claims reliance on Ericsson's FRAND commitments.  (Compl. ¶¶ 98-102.)  TCL must show its reasonable and foreseeable reliance on a promise "clear and unambiguous in its terms"—and TCL must be injured by its reliance.  *Laks v. Coast Fed. Sav. & Loan Assn.*, 60 Cal. App. 3d 885, 890 (1976) (affirming order of dismissal).  Here, TCL cannot establish that Ericsson is not willing to license its patents.  To the contrary, TCL has alleged that Ericsson has broadly licensed the industry— including, previously, TCL.  (Compl. ¶¶ 26, 74.)  Nor can TCL, which is currently using Ericsson's patents for free, allege injury.  Thus, TCL's promissory estoppel claim should be dismissed.

### C.   TCL Does Not Allege Misrepresentation Because There Is None.

The Complaint's defect by omission is most serious with respect to TCL's claims for fraudulent and negligent misrepresentation.  TCL has not pleaded these fraud claims with the specificity required by Fed. R. Civ. P. 9(b).  *Wisdom*, 539 F. App'x at 705 (dismissing fraud claims).  Rule 9(b) requires identifying "the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations."  *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989).  TCL claims that Ericsson intentionally made false promises to ETSI and 3GPP that it would license on FRAND terms in order to induce ETSI/3GPP to adopt Ericsson's technology into Mobile Cellular Standards.  (Compl. ¶¶ 127-29.)

Mere allegations that a defendant submitted false FRAND declarations during standards development, without supporting facts, are "not sufficient to put [that defendant] on notice of the particular misconduct that creates the basis of the alleged fraud."  *Samsung*, 2011 WL 4948567, at *4.  The claim must be

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-15-

ERICSSON'S MOTION TO DISMISS
TCL'S COMPLAINT
CASE NO. 8:14-CV-00341-JVS-AN

1   accompanied by "the who, what, when, where, and how" of the fraudulent conduct

2   charged. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)

3   (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)).

4        Without any factual allegations of even one of the many licensing

5   negotiations between TCL and Ericsson, TCL fails to state "the who, what, when,

6   where, and how" of the fraudulent conduct charged in the Complaint.  TCL does

7   not point to any person who has made any particular false statement at any

8   particular time and has therefore failed to satisfy Rule 9(b) for both

9   misrepresentation claims.

10        TCL's negligent misrepresentation allegations also fail to state a claim.  The

11   elements of negligent misrepresentation are the same as intentional

12   misrepresentation, except that instead of knowing that the assertion is false, the

13   defendant must have made the false statement "without reasonable ground for

14   believing it to be true." *Nat'l Union Fire Ins. Co. of Pittsburg, PA v. Cambridge*

15   *Integrated Servs. Grp., Inc.*, 171 Cal. App. 4th 35, 50 (2009) (affirming dismissal

16   of negligent misrepresentation claim).  TCL has not alleged any facts supporting the

17   requirement that Ericsson had no reasonable grounds to believe its declarations to

18   ETSI were true.  Bare conclusory assertions cannot support a negligent

19   misrepresentation claim. *Cutler v. Rancher Energy Corp.*, No. SACV 13-00906-

20   DOC (JPRx), 2014 WL 1153054, at *9 (C.D. Cal. Mar. 11, 2014) (dismissing

21   negligent misrepresentation claim).

22        Further, the Complaint already makes clear that TCL cannot allege the

23   necessary "what" and "how."  As discussed above, Ericsson has negotiated more

24   than 90 FRAND licenses with the other implementers of its patents, including

25   virtually all of the other market participants.  (Compl. ¶ 26.)  TCL has already

26   conceded Ericsson is a willing licensor of these patents—it is only that TCL would

27   prefer to pay a lower price.  Therefore, both of TCL's fraud claims should be

28   dismissed.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-16-

ERICSSON'S MOTION TO DISMISS
TCL'S COMPLAINT
CASE NO. 8:14-CV-00341-JVS-AN

### D.  TCL's Declaratory Judgment Claim Should Be Dismissed.

TCL's declaratory judgment claim is based on its request that the Court determine whether Ericsson has offered rates to TCL consistent with Ericsson's FRAND commitments.  (*Id.* ¶ 104.)  Again, these conclusory allegations presuppose Ericsson is unwilling to license its patents—an allegation that is contradicted by Ericsson's 90 licenses with others in the industry.  (*Id.* ¶ 26.)  Because TCL cannot plead around this fact, its declaratory judgment claim should also be dismissed.

In addition, the declaratory judgment claim is entirely duplicative.  A claim for declaratory judgment regarding a breach of the contract should be dismissed where, as here, the claim "is entirely duplicative of [plaintiff's] cause of action for breach of contract" and "a separate claim for declaratory judgment on the issue serves no useful purpose."  *Strawflower Elecs., Inc. v. Radioshack Corp.*, No. C-05-0747, 2005 WL 2290314, at *11 (N.D. Cal. Sept. 20, 2005).

## IV.  CONCLUSION

TCL's allegations are inadequate to state the claims asserted.  While the Complaint contains plenty of unsupported conclusions, its factual allegations are insufficient to show a plausible agreement for anticompetitive group action, harm to competition, or a failure to negotiate licenses on FRAND terms.  To the contrary, those allegations show instead that TCL has been selling products implementing Ericsson's patents without paying to license those patents.

//
//
//
//
//
//
//

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-17-

ERICSSON'S MOTION TO DISMISS
TCL'S COMPLAINT
CASE NO. 8:14-CV-00341-JVS-AN

1    This Motion should be granted, and TCL's Complaint should be dismissed in

2    its entirety.

3

4    Dated:    May 12, 2014          Respectfully submitted,

5                                    **CROWELL & MORING LLP**

6                                    */s/  John S. Gibson*

7                                    John S. Gibson

8                                    Attorneys for Defendants
                                     ERICSSON INC. AND
9                                    TELEFONAKTIEBOLAGET LM
                                     ERICSSON (erroneously sued as
10                                   Telefonaktienbolaget LM Ericsson)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATE OF SERVICE**

Pursuant to Rule 5.3 of the Local Civil Rules of the United States District Court for the Central District of California, I hereby certify under penalty of perjury under the laws of the United States of America that on May 12, 2014, a true copy of the above document was filed through the Court's Electronic Case Filing system and served by that system upon all individuals registered in the system in the above-captioned case.  I further certify that a true copy of the above document was served by electronic and/or first-class mail upon all non-registered parties to the case.

Dated:     May 12, 2014          **CROWELL & MORING LLP**

                                 */s/  John S. Gibson*

                                 John S. Gibson

                                 Attorneys for Defendants
                                 ERICSSON INC. AND
                                 TELEFONAKTIEBOLAGET LM
                                 ERICSSON (erroneously sued as
                                 Telefonaktienbolaget LM Ericsson)

CROWELL
& MORING LLP
ATTORNEYS AT LAW