John S. Gibson (CSB No. 140647)
jgibson@crowell.com
Samrah Mahmoud (CSB No. 285168)
smahmoud@crowell.com
CROWELL & MORING LLP
3 Park Plaza, 20th Floor
Irvine, CA 92614
Telephone: (949) 263-8400
Facsimile: (949) 263-8414

Robert B. McNary (CSB No. 253745)
rmcnary@crowell.com
CROWELL & MORING LLP
515 S. Flower Street, 40th Floor
Los Angeles, CA 90071
Telephone: (213) 443-5590
Facsimile: (213) 622-2690

Mark A. Klapow (Admitted *pro hac vice*)
mklapow@crowell.com
Margaret B. Tappan (Admitted *pro hac vice*)
btappan@crowell.com
CROWELL & MORING LLP
1001 Pennsylvania Avenue NW
Washington D.C. 20004
Telephone: (202) 624-2500
Facsimile: (202) 628-5116

Attorneys for Defendants
ERICSSON INC. AND TELEFONAKTIEBOLAGET LM ERICSSON

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TCL COMMUNICATION TECHNOLOGY HOLDINGS, LTD,<br><br>Plaintiff,<br><br>v.<br><br>TELEFONAKTIEBOLAGET LM ERICSSON and ERICSSON INC.,<br><br>Defendants. | Case No. 8:14-cv-00341 JVS AN<br><br>**ERICSSON DEFENDANTS' REPLY RE COURT'S ORDER TO SHOW CAUSE AND OPPOSITION TO PLAINTIFF TCL'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>Date: July 21, 2014<br>Time: 1:30 p.m.<br>Judge: Hon. James V. Selna<br>Ctrm: 10C<br><br>Complaint Filed: June 2, 2014 |

# TABLE OF CONTENTS

**Page**

**TABLE OF AUTHORITIES ........ iii**

**INTRODUCTION ........ 1**

**LEGAL STANDARD ........ 1**

**ARGUMENT ........ 2**

**I. THE COURT LACKS SUBJECT MATTER JURISDICTION. ........ 2**

**II. LACKING SUBJECT MATTER JURISDICTION, THE COURT IS EMPOWERED ONLY TO DISMISS THE ACTION. ........ 3**

**III. LACKING SUBJECT MATTER JURISDICTION, THE COURT IS NOT EMPOWERED TO GRANT LEAVE TO AMEND. ........ 4**

**CONCLUSION ........ 7**

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Am. Family Mut. Ins. Co. v. Hollander*, 705 F.3d 339 (8th Cir. 2013) .......... 4

*Cal. Shock Trauma Air Rescue v. State Comp. Ins. Fund*, 636 F.3d 538 (9th Cir. 2011) .......... 3

*Caterpillar, Inc. v. Williams*, 482 U.S. 386 (1987) .......... 3

*Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2003) .......... 5

*Faysound, Ltd. v. United Coconut Chem., Inc.*, 878 F.2d 290 (9th Cir. 1989) .......... 2

*Fidelity & Cas. Co. v. Reserve Ins. Co.*, 596 F.2d 914 (9th Cir. 1979) .......... 5

*Freeport-McMoRan, Inc. v. KN Energy, Inc.*, 498 U.S. 426 (1991) .......... 2

*Futurewei Technologies, Inc. v. Acacia Research Corp.*, 737 F.3d 704 (Fed. Cir. 2013) .......... 6

*Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567 (2004) .......... 2

*Hughes v. United States*, 953 F.2d 531 (9th Cir. 1992) .......... 5

*MedioStream, Inc. v. MPEG LA, L.L.C.*, No. 5:10-CV-05979 LHK, 2012 WL 216287 (N.D. Cal. Jan. 24, 2012) .......... 1, 2, 4

*Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376 (9th Cir. 1988) .......... *passim*

*In re Pegasus Gold Corp.*, 394 F.3d 1189 (9th Cir. 2005) .......... 6

*Pochiro v. Prudential Ins. Co. of Am.*,
827 F.2d 1246 (9th Cir. 1987) .......... 6

*Sams v. Beech Aircraft Corp.*,
625 F.2d 273 (9th Cir. 1980) .......... 5

*Secs. Investor Protection Corp. v. Vigman*,
764 F.2d 1309 (9th Cir. 1985) .......... 6

*Sena v. United States*,
No. CV 07-1722 PSG(JWJx), 2007 WL 2846880 (C.D. Cal. June 29, 2007) .......... 3

*Shovlin v. Careless*,
No. C-12-1120 PJH, 2013 WL 3354544 (N.D. Cal. June 6, 2013) .......... 3

*Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*,
708 F.3d 1109 (9th Cir. 2013) .......... 4

*Transure, Inc. v. Marsh & McLennan, Inc.*,
766 F.2d 1297 (9th Cir. 1985) .......... 5

*Yokeno v. Sekiguchi*,
__ F.3d __, 2014 WL 1424453 (9th Cir. 2014) .......... 2

**Statutes**

28 U.S.C. § 1332 .......... 2, 5

**Other Authorities**

Fed. R. Civ. P. 12(b)(6) .......... 5

Fed. R. Civ. P. 12(h)(3) .......... 1

Fed. R. Civ. P. 15(a)(1) .......... 2

Fed. R. Civ. P. 15(a)(2) .......... 2, 4

Fed. R. Civ. P. 21 .......... 5

C.D. Cal. L.R. 7-3 .......... 3

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

As Plaintiff TCL now admits, the Court lacks subject matter jurisdiction over the action. (Mot. at 1.) Therefore, "the district court has no power to do anything with the case except dismiss, and any order other than to dismiss is a nullity." *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988) (internal quotations omitted).

In an effort to avoid this result, Plaintiff seeks leave to amend—without proper notice to Ericsson or apposite legal authority supporting its position. Plaintiff begins its Motion with the bold, unsupported assertion that it would be an "abuse of discretion" for the Court to deny it leave to amend. (Mot. at 2.) But—quite to the contrary—the Ninth Circuit holds that granting leave to amend where the Court lacks subject matter jurisdiction is reversible error. *Morongo*, 858 F.2d at 1379, 1386.

Plaintiff's Motion also casts aspersions on Ericsson's litigation defense, none of which have any bearing on the dispositive law requiring the Court to dismiss. Such aspersions are merely a distraction on which Ericsson will not dwell in this Opposition.

All that matters is that Plaintiff has failed to show cause why the action should not be dismissed for lack of subject matter jurisdiction. Accordingly, the Court should deny Plaintiff's Motion and dismiss the action.

## LEGAL STANDARD

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The party who asserts federal jurisdiction has "the burden of showing that jurisdiction is proper." *MedioStream, Inc. v. MPEG LA, L.L.C.*, No. 5:10-CV-05979 LHK, 2012 WL 216287, at *2 (N.D. Cal. Jan. 24, 2012). "The court presumes a lack of jurisdiction until the party asserting jurisdiction proves otherwise." *Id.*

**ARGUMENT**

**I. THE COURT LACKS SUBJECT MATTER JURISDICTION.**

Federal subject matter jurisdiction is assessed at the time an action is commenced. *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 570-71 (2004); *Freeport-McMoRan, Inc. v. KN Energy, Inc.*, 498 U.S. 426, 428 (1991); *Morongo*, 858 F.2d at 1380; *MedioStream*, 2012 WL 216287, at *3. Subject matter jurisdiction does not exist where the jurisdictional facts themselves are deficient at the time of filing. *MedioStream*, 2012 WL 216287, at *4.[1]

Here, the jurisdictional facts themselves are deficient.[2] As the Court recognized in its Order to Show Cause (Dkt. 27), there is not complete diversity of citizenship (pursuant to 28 U.S.C. § 1332) between the plaintiff, a citizen of China, and defendants, one a citizen of Sweden and the other a citizen of Texas, named in the original Complaint (and the First Amended Complaint). *Faysound, Ltd. v. United Coconut Chem., Inc.*, 878 F.2d 290, 294-95 (9th Cir. 1989); *Yokeno v. Sekiguchi*, __ F.3d __, 2014 WL 1424453, at *1 (9th Cir. 2014). Plaintiff now concedes: "Ericsson is correct regarding the present jurisdictional defect." (Mot. at 1.)

Likewise, Plaintiff's suggestion that federal question jurisdiction might have existed at the time the Complaint was filed, even though Plaintiff pleaded only diversity, is simply wrong. (*See, e.g.*, Mot. at 12 (" The proposed amendment cures any jurisdiction defect [and] is directly related to the subject matter of the original action brought by TCL.").) All of TCL's claims were brought under state law. TCL did not allege a patent claim in its original complaint or in its amended

[1] While an amended complaint filed as a matter of right supersedes the original complaint, TCL does not contend that its First Amended Complaint (Dkt. 24) alleges a federal claim.

[2] In its analysis, the Court should disregard the allegations in Plaintiff's unauthorized Second Amended Complaint ("SAC") (Dkt. 31). Plaintiff violated the Federal Rules of Civil Procedure by filing the SAC without first obtaining either leave of Court or Ericsson's written consent. Fed. R. Civ. P. 15(a)(1)-(a)(2).

complaint. Nor did TCL's original complaint allege any other federal claim. Federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly-pleaded complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Cal. Shock Trauma Air Rescue v. State Comp. Ins. Fund*, 636 F.3d 538, 541 (9th Cir. 2011). TCL's motion for leave to *add* federal claims effectively concedes that none were alleged originally—which is a defect in the jurisdictional facts themselves. *Morongo*, 858 F.2d at 1380-81.

## II. LACKING SUBJECT MATTER JURISDICTION, THE COURT IS EMPOWERED ONLY TO DISMISS THE ACTION.

TCL has moved the Court to act beyond its authority and grant leave to amend. (And TCL has done so in violation of C.D. Cal. L.R. 7-3, requiring a meet-and-confer call with opposing counsel at least seven days before filing a motion.) Because subject matter jurisdiction did not exist at the outset, the Court has "no power to do anything with the case except dismiss." *Id.* at 1380. Further, the Court is "powerless to grant leave to amend when it lacks jurisdiction over the original complaint." *Id.* at 1381 n. 2; *accord Sena v. United States*, No. CV 07-1722 PSG(JWJx), 2007 WL 2846880, at *5 (C.D. Cal. June 29, 2007); *see also Shovlin v. Careless*, No. C-12-1120 PJH, 2013 WL 3354544, at *7-8 (N.D. Cal. June 6, 2013) (denying plaintiff's request for leave to file a Second Amended Complaint to add a RICO claim "to create jurisdiction where none exists" because no federal question was alleged in the earlier complaints, and the action—between aliens—did not fall within the Court's diversity jurisdiction).

*Morongo* illustrates that dismissal is mandatory here. The district court there granted plaintiff leave to file an amended complaint, and subsequently granted plaintiff summary judgment after three years of litigation. *Morongo*, 858 F.2d at 1379. But the Ninth Circuit reversed—with instructions to dismiss the action—because subject matter jurisdiction did not exist at the time of the original complaint. *Id.* at 1386.

For this reason as well, dismissal is mandatory despite TCL's request to amend so as to allege a federal question claim: "Where the claim alleged in the original complaint does not 'arise under' federal law, the complaint cannot be amended to allege a *dif[f]erent claim*—the action must be dismissed." *MedioStream, Inc.*, 2012 WL 216287, at *4 (emphasis in original).

## III. LACKING SUBJECT MATTER JURISDICTION, THE COURT IS NOT EMPOWERED TO GRANT LEAVE TO AMEND.

Finally, TCL cites three inapposite bodies of law in an attempt to supply the Court with power to grant leave to amend—even though it admittedly lacks subject matter jurisdiction. Each fails to apply here because it is based on an assumption of sufficient jurisdictional facts (whether or not properly pleaded) at the time the action was filed. Here, as set forth above, the jurisdictional facts at the time the action was filed (and first amended voluntarily) were insufficient to create subject matter jurisdiction.

*First*, TCL pretends that the Federal Rule of Civil Procedure 15(a)(2) principle of granting leave to amend liberally applies here. (Mot. at 10.) But it does not. Even the very case upon which TCL relies is clear that leave is not to be granted liberally where an amendment would be "futile." *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013). And the proposed amendments here would be futile because no amendment can change the reality that the jurisdictional facts themselves were defective at the time of the original Complaint. Therefore, not only is leave to amend not to be liberally granted here, it is not allowed at all. *Morongo*, 858 F.2d at 1380; *MedioStream*, 2012 WL 216287, at *4.

Perhaps that is why TCL could find and cite only distinguishable cases that did *not* involve amendments to cure defects in subject matter jurisdiction. (Mot. at 10.) *See, e.g.*, *Sonoma*, 708 F.3d at 1118 (explaining that a court may grant leave to amend to address controlling precedents that changed during the litigation); *Am.*

*Family Mut. Ins. Co. v. Hollander*, 705 F.3d 339, 347-48 (8th Cir. 2013) (amendment to conform pleadings to proofs at trial where opposing party impliedly consented to the claim during trial); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1053 (9th Cir. 2003) (Rule 12(b)(6) dismissal reversed because plaintiff adequately pleaded the "who, what, when and by whom" the alleged false statements were made).

*Second*, TCL relies on cases (and Rule 21) involving adding or dropping parties to save existing diversity jurisdiction. (Mot. at 10-11.) But such authorities are wholly irrelevant because TCL does not even contend that its proffered pleading amendments in the SAC would allege diversity jurisdiction—only that the SAC would allege claims establishing "subject matter jurisdiction based on the presence of a *federal question*." (Mot. at 2 (emphasis added).) And the SAC itself does not allege that jurisdiction is based on diversity—*i.e.*, 28 U.S.C. § 1332. (SAC at ¶ 34.)

Further, even if the proposed SAC had alleged diversity jurisdiction, the cases upon which TCL relies are distinguishable. *See Transure, Inc. v. Marsh & McLennan, Inc.*, 766 F.2d 1297, 1299 (9th Cir. 1985) (finding that the "legitimate dispute" involved the U.S.-citizen plaintiff and the diverse U.S.-citizen defendant, without any discussion of Rule 21); *Fidelity & Cas. Co. v. Reserve Ins. Co.*, 596 F.2d 914, 916 (9th Cir. 1979) (dropping an unnecessary and dispensable co-defendant to save diversity); *Sams v. Beech Aircraft Corp.*, 625 F.2d 273, 277-78 (9th Cir. 1980) (reversing where lower court never determined whether party was dispensable before declining to dismiss that party pursuant to Rule 21). Unlike those cases, there is no diversity jurisdiction to "save" here. Without jurisdiction, the Court cannot deem the belatedly-added parties as necessary to this dispute. *See Hughes v. United States*, 953 F.2d 531, 541 (9th Cir. 1992) (dismissing a challenge to tax collection under the Anti-Injunction Act "[b]ecause the court lacked [statutory] jurisdiction," and the lower court "did not err in declining to permit the

joinder of additional parties" because "parties cannot be deemed necessary if the court lacks subject matter jurisdiction over the entire action").

*Third*, TCL argues for leave to amend based on its assertion that Ericsson violated the compulsory-counterclaim rule. (Mot. at 12-15.) But none of the cases cited by TCL suggests that Ericsson violated the rule or holds that such a violation would require or allow the Court to grant TCL leave to amend. (Mot. at 13-14.) In *Pochiro v. Prudential Insurance Co. of America*, 827 F.2d 1246, 1254 (9th Cir. 1987), the Ninth Circuit affirmed the district court's denial of leave to amend the complaint. The court in *Futurewei Technologies, Inc. v. Acacia Research Corp.*, 737 F.3d 704, 711 (Fed. Cir. 2013), specifically did "not address [the plaintiff's] motion to amend its complaint." And the court in *In re Pegasus Gold Corp.*, 394 F.3d 1189, 1197 (9th Cir. 2005), ultimately determined that the two cases there were not sufficiently related to be resolved in one lawsuit.

Further, TCL cites no authority for the proposition that "directly related" federal claims (Mot. at 12) can be added to a case in which the court lacks subject matter jurisdiction, or for how a patent infringement case in another jurisdiction could create subject matter jurisdiction here. Its authority, *Securities Investor Protection Corp. v. Vigman*, 764 F.2d 1309, 1317 (9th Cir. 1985), addresses the proper *venue*—not jurisdiction—and merely recites in *dicta* that a "plaintiff's choice of forum should rarely be disturbed." But, as the Ninth Circuit explains, "jurisdiction is the *power* to adjudicate, while venue, which relates to the place where judicial authority may be exercised, is intended for the *convenience* of the litigants." *Id.* at 1313 (emphasis in original) (citations omitted). Ericsson's infringement claims brought in Texas do not somehow invest this Court with the power to adjudicate. Without such power, the Court must deny leave to amend. *Morongo*, 858 F.2d at 1379, 1386.

//

//

**CONCLUSION**

Far from carrying its burden in responding to the Court's Order to Show Cause, Plaintiff concedes that the Court lacks subject matter jurisdiction. So Plaintiff has instead asked the Court for leave to add entirely new claims in an attempt to create subject matter jurisdiction. But a district court that lacks subject matter jurisdiction also lacks authority to grant such a motion; its only authority is to order dismissal. Therefore, the Court should order dismissal of the case, and deny Plaintiff's Motion.

Dated: June 27, 2014

Respectfully submitted,

**CROWELL & MORING LLP**

*/s/ John S. Gibson*

John S. Gibson

Attorneys for Defendants
ERICSSON INC. AND
TELEFONAKTIEBOLAGET LM
ERICSSON

## CERTIFICATE OF SERVICE

Pursuant to Rule 5.3 of the Local Civil Rules of the United States District Court for the Central District of California, I hereby certify under penalty of perjury under the laws of the United States of America that on June 27, 2014, a true copy of the above document was filed through the Court's Electronic Case Filing system and served by that system upon all counsel of record registered for the system and deemed to have consented to electronic service in the above-captioned case.

Dated: June 27, 2014

**CROWELL & MORING LLP**

*/s/ John S. Gibson*

John S. Gibson

Attorneys for Defendants
ERICSSON INC. AND
TELEFONAKTIEBOLAGET LM
ERICSSON