1   John S. Gibson (CSB No. 140647)
     jgibson@crowell.com
2   Samrah Mahmoud (CSB No. 285168)
     smahmoud@crowell.com
3   CROWELL & MORING LLP
    3 Park Plaza, 20th Floor
4   Irvine, CA  92614
    Telephone: (949) 263-8400
5   Facsimile: (949) 263-8414

6   Robert B. McNary (CSB No. 253745)
     rmcnary@crowell.com
7   CROWELL & MORING LLP
    515 S. Flower Street, 40th Floor
8   Los Angeles, CA 90071
    Telephone: (213) 443-5590
9   Facsimile: (213) 622-2690

10  Mark A. Klapow (Admitted *pro hac vice*)
     mklapow@crowell.com
11  CROWELL & MORING LLP
    1001 Pennsylvania Avenue NW
12  Washington D.C. 20004
    Telephone: (202) 624-2500
13  Facsimile: (202) 628-5116

14  Attorneys for Defendants and Counterclaim Plaintiffs
    ERICSSON INC. AND TELEFONAKTIEBOLAGET LM ERICSSON
15

16              UNITED STATES DISTRICT COURT

17              CENTRAL DISTRICT OF CALIFORNIA

18

19  TCL COMMUNICATION           Case No. 8:14-cv-00341 JVS AN
20  TECHNOLOGY HOLDINGS, LTD,    **ERICSSON'S ANSWER, DEFENSES,**
    *et al.*,                    **AND COUNTERCLAIMS TO TCL'S**
21              Plaintiffs,      **SECOND AMENDED COMPLAINT**
22          v.
    TELEFONAKTIEBOLAGET LM       Judge:    Hon. James V. Selna
23  ERICSSON and ERICSSON INC.,
24
                Defendants.      **JURY TRIAL DEMANDED**
25

26

27

28

Defendants Telefonaktiebolaget LM Ericsson and Ericsson, Inc. (collectively, "Ericsson") hereby respond to the Second Amended Complaint filed by Plaintiffs TCL Communication Technology Holdings, Ltd., TCT Mobile Limited, and TCT Mobile (US) Inc. (collectively, "TCL") as follows.  The numbered paragraphs and headings below correspond to the like-numbered paragraphs of the Second Amended Complaint and are intended to be used solely for reference.

## INTRODUCTION

1.      Ericsson admits that TCL purports to bring this lawsuit based on its allegations that Ericsson failed to license its standards-essential patent portfolio on fair, reasonable and non-discriminatory ("FRAND") terms.  Except as expressly admitted, Ericsson denies the remaining allegations.

2.      Ericsson admits that it owns a portfolio of intellectual property rights which it licenses to manufacturers of mobile devices like TCL.  Ericsson further admits that TCL sells products under the "Alcatel OneTouch" brand in the United States.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies them.

3.      Ericsson admits that it is a member of the European Telecommunications Standards Institute ("ETSI") and that it owns patents that are, and remain, essential to practice the GSM, GPRS, EDGE, UMTS, and/or LTE standards.  Ericsson admits that it has declared to ETSI, and to the Third Generation Partnership Project ("3GPP") via ETSI, that it is prepared to grant irrevocable licenses to such patents on terms and conditions that are in accordance with Clause 6.1 of the ETSI IPR Policy to third-parties who implement products for the standard.  The remaining allegations are too generalized, speculative, vague, and ambiguous to admit or deny, and Ericsson therefore denies them.

4.      Denied.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-1-

ERICSSON'S ANSWER AND COUNTERCLAIMS
TO TCL'S SECOND AMENDED COMPLAINT
CASE NO. 8:14-CV-00341-JVS-AN

5.     Ericsson admits that it has filed infringement suits against TCL in several jurisdictions around the world, including in the United States.  Except as expressly admitted, Ericsson denies the remaining allegations.

**NATURE OF THE ACTION**

6.     Ericsson admits that TCL purports to bring this action based on its allegations that Ericsson breached commitments to ETSI, the 3GPP, and their members and affiliates, including TCL, but Ericsson denies that it has breached any commitments to ETSI, 3GPP, and/or any member or affiliate of ETSI or 3GPP. Except as expressly admitted, Ericsson denies the remaining allegations.

7.     The allegations are too generalized, speculative, vague, and ambiguous to admit or deny, and Ericsson therefore denies them.

8.     Ericsson admits that TCL quotes language from part of Clause 6.1 of the ETSI IPR Policy.  Except as expressly admitted, Ericsson denies the remaining allegations.

9.     Ericsson admits that TCL quotes language from part of Clause 8.1.1, and from part of Clause 8.1.2, of the ETSI IPR Policy.  The remaining allegations are too generalized, speculative, vague, and ambiguous to admit or deny, and Ericsson therefore denies them.

10.     Ericsson admits that it is a member of ETSI and that it owns patents that are, and remain, essential to practice the GSM, GPRS, EDGE, UMTS, and/or LTE standards.  Ericsson admits that it has declared to ETSI, and to 3GPP via ETSI, that it is prepared to grant irrevocable licenses to such patents on terms and conditions that are in accordance with Clause 6.1 of the ETSI IPR Policy to third-parties who implement products for the standard.  Ericsson admits that the 2G, 3G, and 4G standards have been implemented worldwide.  The remaining allegations are too generalized, speculative, vague, and ambiguous to admit or deny, and Ericsson therefore denies them.

11.     Denied.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-2-

ERICSSON'S ANSWER AND COUNTERCLAIMS
TO TCL'S SECOND AMENDED COMPLAINT
CASE NO. 8:14-CV-00341-JVS-AN

1       12.     Denied.

2       13.     Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

14.     Denied.

15.     Ericsson admits that TCL purports to seek relief in the form of a judicial declaration, a judicial decree, a judicial accounting, and a jury trial in this action, but Ericsson denies that TCL is entitled to any relief whatsoever.  Except as expressly admitted, Ericsson denies the remaining allegations.

16.     Admitted.

17.     Ericsson admits that it placed TCL on actual notice of U.S. Patent Nos. 6,301,556 (the "'556 patent") and 6,473,506 (the "'506 patent") at least as early as March 15, 2012, at which time Ericsson identified the '556 and '506 patents in correspondence sent to TCL.  Ericsson admits that there is a current and immediate dispute between the parties as to whether TCL infringes any valid claim of the '556 or the '506 patents.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies them.

18.     Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

19.     Ericsson admits that U.S. Patent No. 7,778,340 (the "'340 patent") bears the title "Accurate Channel Quality Indicator for Link Adaptation of MIMO Communication Systems."  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies them.

20.     Denied.

21.     Ericsson admits that U.S. Patent No. 7,359,718 (the "'718 patent") bears the title "Location Determination and Location Tracking in Wireless Networks."  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies them.

22.     Denied.

**THE PARTIES**

23.    Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

24.    Ericsson admits that TCL sells products in the United States under the "Alcatel OneTouch" brand and in the People's Republic of China under the "TCL" brand.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies them.

25.    Ericsson admits that in 2007, Ericsson and TCT Mobile Limited entered into a limited patent license whereby TCT Mobile agreed to pay Ericsson a FRAND royalty on all sales of single-modem handsets with GSM or GPRS capabilities sold by TCL worldwide, with the exception of sales made in mainland China.  Except as expressly admitted, Ericsson denies the remaining allegations.

26.    Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

27.    Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

28.    Ericsson admits that TCL sells mobile phones in the United States.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies them.

29.    Ericsson admits that the 2G, 3G, and/or 4G standards are used in countries around the world.  Ericsson admits that TCL's products implement technologies described in the 2G, 3G, and/or 4G standards.  The remaining allegations are too generalized, speculative, vague, and ambiguous to admit or deny, and Ericsson therefore denies them.

30.    Ericsson admits that Telefonaktiebolaget LM Ericsson is a corporation organized under the laws of the Kingdom of Sweden with its principal place of business at Torshamnsgatan 21, Kista, 164 83, Stockholm, Sweden.  Ericsson admits that Ericsson Inc. is a Delaware corporation with its principal place of

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-4-

ERICSSON'S ANSWER AND COUNTERCLAIMS
TO TCL'S SECOND AMENDED COMPLAINT
CASE NO. 8:14-CV-00341-JVS-AN

business at 6300 Legacy Drive, Plano, Texas 75024.  Ericsson admits that TCL purports to collectively refer to Telefonaktiebolaget LM Ericsson and Ericsson as "Ericsson" or "Defendants."  Except as expressly admitted, Ericsson denies the remaining allegations.

31.    Ericsson admits that it has offices and employees in the State of California.  The remaining allegations are too generalized, speculative, vague, and ambiguous to admit or deny, and Ericsson therefore denies them.

32.    Ericsson admits that on February 16, 2012, Ericsson completed the divestment of its fifty percent stake in Sony Ericsson Mobile Communications AB, at which time the mobile handset business became a wholly-owned subsidiary of Sony Corporation.  Ericsson admits that it makes and sells base stations that support multiple wireless standards and that Ericsson base stations are part of the cellular infrastructure throughout the United States.  Ericsson admits stating that Ericsson has "a well proven LTE solution, outperforming competition, and according to measurements end of 2011, we have a 60% market share measured in LTE volumes."  Ericsson admits stating that Ericsson is "the largest supplier of LTE base stations in the United States."  Except as expressly admitted, Ericsson denies the remaining allegations.

33.    Ericsson admits that TCL has quoted language from portions of a press release issued by Ericsson on January 12, 2012, but denies that the italic or bold emphasis appearing in TCL's quotation appeared in Ericsson's press release. Except as expressly admitted, Ericsson denies the remaining allegations.

## JURISDICTION AND VENUE

34.    Ericsson denies that this Court has jurisdiction over the subject matter of this action because TCL's Complaint and First Amended Complaint (a) asserted only claims sounding in contract and other state laws, and none arising under the laws of the United States, including 35 U.S.C. §§ 101 *et seq.*, and (b) failed to plead a controversy involving complete diversity of citizenship.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-5-

ERICSSON'S ANSWER AND COUNTERCLAIMS
TO TCL'S SECOND AMENDED COMPLAINT
CASE NO. 8:14-CV-00341-JVS-AN

35.     Subject to the response in Paragraph 34, Ericsson does not dispute that this Court has personal jurisdiction over Ericsson for this matter.  To the extent that a response is deemed required, Ericsson admits that it has offices and employees in the State of California, and that Ericsson Inc. is registered with the California Secretary of State to do business in the State of California.  The remaining allegations are too generalized, speculative, vague, and ambiguous to admit or deny, and Ericsson therefore denies them.

36.     Subject to the response in Paragraph 34, Ericsson does not dispute that this Court has personal jurisdiction over Ericsson for this matter.  To the extent that a response is deemed required, Ericsson admits that it has been negotiating with TCL in regard to FRAND terms and conditions for a worldwide license to Ericsson's 2G, 3G, and 4G essential patent portfolios.  The remaining allegations are too generalized, speculative, vague, and ambiguous to admit or deny, and Ericsson therefore denies them.

37.     Subject to the response in Paragraph 34, Ericsson admits that venue is proper in this district.  However, Ericsson denies that this district is the most convenient or appropriate forum for the resolution of the parties' dispute.

## BACKGROUND INFORMATION

38.     The allegations are too generalized, speculative, vague, and ambiguous to admit or deny, and Ericsson therefore denies them.

39.     The allegations are too generalized, speculative, vague, and ambiguous to admit or deny, and Ericsson therefore denies them.

40.     Ericsson admits that ETSI is an independent, non-profit standard-setting organization that produces globally-accepted standards for the telecommunication industry.  Except as expressly admitted, Ericsson denies the remaining allegations.

41.     Ericsson admits that six standard-setting organizations are organizational partners of 3GPP, which maintains and develops globally applicable

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-6-

ERICSSON'S ANSWER AND COUNTERCLAIMS
TO TCL'S SECOND AMENDED COMPLAINT
CASE NO. 8:14-CV-00341-JVS-AN

technical specifications for the 2G (second generation), 3G (third generation), and 4G (fourth generation) mobile systems. Ericsson denies the remaining allegations.

42. Ericsson admits that ETSI and 3GPP are involved in standardizing a number of 2G, 3G, and 4G mobile cellular technologies. Except as expressly admitted, Ericsson denies the remaining allegations.

43. The allegations are too generalized, speculative, vague, and ambiguous to admit or deny, and Ericsson therefore denies them.

44. The allegations are too generalized, speculative, vague, and ambiguous to admit or deny, and Ericsson therefore denies them.

45. Ericsson admits that Ericsson is a participant in the standard-setting process. Ericsson admits that it files for patents that cover technologies essential to the implementation of 2G, 3G, and 4G wireless standards. The remaining allegations are too generalized, speculative, vague, and ambiguous to admit or deny, and Ericsson therefore denies them.

46. The allegations are too generalized, speculative, vague, and ambiguous to admit or deny, and Ericsson therefore denies them.

47. The allegations are too generalized, speculative, vague, and ambiguous to admit or deny, and Ericsson therefore denies them.

48. The allegations are too generalized, speculative, vague, and ambiguous to admit or deny, and Ericsson therefore denies them.

49. Ericsson admits that TCL quotes portions of the United States Federal Trade Commission's "Analysis of Proposed Consent Order to Aid Public Comment," issued in *In the Matter of Motorola Mobility LLC and Google Inc.*, File No. 121-0120. Except as expressly admitted, Ericsson denies the remaining allegations.

50. The allegations are too generalized, speculative, vague, and ambiguous to admit or deny, and Ericsson therefore denies them.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-7-

ERICSSON'S ANSWER AND COUNTERCLAIMS
TO TCL'S SECOND AMENDED COMPLAINT
CASE NO. 8:14-CV-00341-JVS-AN

**2G, 3G, and 4G Mobile Cellular Standards**

51.    Denied.

52.    Ericsson admits that the mobile cellular technologies described by the 2G, 3G, and 4G standards enable mobile voice and data telecommunications. Except as expressly admitted, Ericsson denies the remaining allegations.

<u>2G GSM/GPRS/EDGE Technology</u>

53.    Ericsson admits that 2G GSM systems, based on digital technology, were first developed during the late 1980s and deployed in the 1990s.  The remaining allegations are too generalized, speculative, vague, and ambiguous to admit or deny, and Ericsson therefore denies them.

54.    Ericsson admits that Generalized Packet Radio Service ("GPRS") and Enhanced Data for Global Evolution ("EDGE") are developments to the GSM standard that enable faster data transfer speeds.  The remaining allegations are too generalized, speculative, vague, and ambiguous to admit or deny, and Ericsson therefore denies them.

**3G UMTS Technology**

55.    Ericsson admits that 3G systems were developed to address a growing need for increased transmission capacity and speed.  Except as expressly admitted, Ericsson denies the remaining allegations.

56.    Ericsson admits that UMTS is a 3G standard.  The remaining allegations are too generalized, speculative, vague, and ambiguous to admit or deny, and Ericsson therefore denies them.

57.    The allegations are too generalized, speculative, vague, and ambiguous to admit or deny, and Ericsson therefore denies them.

58.    The allegations are too generalized, speculative, vague, and ambiguous to admit or deny, and Ericsson therefore denies them.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-8-

ERICSSON'S ANSWER AND COUNTERCLAIMS
TO TCL'S SECOND AMENDED COMPLAINT
CASE NO. 8:14-CV-00341-JVS-AN

**4G LTE Technology**

59.    Ericsson admits that as users became more connected and the processing capabilities of mobile phones increased, the greater bandwidth and speed provided by 4G technology became necessary.  Except as expressly admitted, Ericsson denies the remaining allegations.

60.    Ericsson admits that LTE (Long Term Evolution) is a 4G technology that employs OFDM (Orthogonal Frequency-Division Multiplexing) technology. Ericsson admits that 4G LTE technology offers increased capacity and speed as compared to 3G technology.  Except as expressly admitted, Ericsson denies the remaining allegations.

61.    Ericsson admits that a 4G LTE network provides mobile ultra-broadband Internet access.  The remaining allegations are too generalized, speculative, vague, and ambiguous to admit or deny, and Ericsson therefore denies them.

62.    Ericsson admits that 4G networks are frequently backwards compatible with 2G and 3G systems.  The remaining allegations are too generalized, speculative, vague, and ambiguous to admit or deny, and Ericsson therefore denies them.

**IPR Policies of ETSI and 3GPP**

63.    The allegations are too generalized, speculative, vague, and ambiguous to admit or deny, and Ericsson therefore denies them.

64.    Ericsson admits that Article 3.1 of the Third Generation Partnership Project Agreement states in part that "[t]he Organizational Partners shall undertake to . . . encourage their respective members to declare their willingness to grant licenses on fair reasonable terms and conditions on a nondiscriminatory basis, and consistent with their IPR Policy."  Ericsson admits that Article 55 of the 3GPP Technical Working Procedures states in part that "Individual Members should declare at the earliest opportunity, any IPRs which they believe to be essential, or

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-9-

ERICSSON'S ANSWER AND COUNTERCLAIMS
TO TCL'S SECOND AMENDED COMPLAINT
CASE NO. 8:14-CV-00341-JVS-AN

1    potentially essential, to any work ongoing within 3GPP.  Declarations should be

2    made by Individual Members to their respective Organizational Partners."  Except

3    as expressly admitted, Ericsson denies the remaining allegations.

4        65.    Ericsson admits that ETSI's IPR Policy is set forth in Annex 6 of

5    ETSI's Rules of Procedure.  Ericsson admits that Clause 15 of the ETSI IPR Policy

6    states that "'IPR' shall mean any intellectual property right conferred by statute law

7    including applications therefor other than trademarks.  For the avoidance of doubt

8    rights relating to get-up, confidential information, trade secrets or the like are

9    excluded from the definition of IPR."  The remaining allegations are too

10   generalized, speculative, vague, and ambiguous to admit or deny, and Ericsson

11   therefore denies them.

12   **Ericsson's Involvement in Development of the Mobile Cellular Standards**

13       66.    Ericsson admits that it is a member of ETSI and 3GPP.  Ericsson

14   admits that it is a contributor to ETSI standards.  Ericsson admits that

15   Telefonaktiebolaget LM Ericsson is a member of ETSI and that Ericsson Inc. is a

16   member of the Alliance for Telecommunications Industry Solutions ("ATIS").

17   Ericsson admits that ETSI and ATIS are Organizational Partners of 3GPP, and that

18   Telefonaktiebolaget LM Ericsson and Ericsson Inc. are members of 3GPP.

19   Ericsson admits that is has submitted IPR licensing declarations to ETSI for IPRs

20   that include United States patents and patent applications.  Except as expressly

21   admitted, Ericsson denies the remaining allegations.

22       67.    Ericsson admits that it has played a role in the 3GPP standardization

23   process.  Ericsson admits that 3GPP's Project Coordination Group is the highest

24   decision-making body in 3GPP.  Ericsson admits that Ericsson Vice President Asok

25   Chaterjee served as head of the ATIS delegation to 3GPP from 1999 to 2010, and

26   as a delegate of the GSM Association to ETSI from 1995 to 2010.  Ericsson admits

27   that Mr. Chaterjee was one of the founders of 3GPP in 1998, and that Mr. Chaterjee

28   was previously a chairman of 3GPP's Project Coordination Group.  Ericsson admits

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-10-

ERICSSON'S ANSWER AND COUNTERCLAIMS
TO TCL'S SECOND AMENDED COMPLAINT
CASE NO. 8:14-CV-00341-JVS-AN

1    that Mr. Chaterjee has been head of Ericsson's Strategic Standardization in the

2    United States.  Ericsson denies that Mr. Chaterjee currently resides in California.

3    The remaining allegations are too generalized, speculative, vague, and ambiguous

4    to admit or deny, and Ericsson therefore denies them.

5          68.    Ericsson admits that it has declared to ETSI, and to 3GPP via ETSI,

6    that it is prepared to grant licenses to its declared essential patents on terms and

7    conditions that are in accordance with Clause 6.1 of the ETSI IPR Policy to third-

8    parties who implement products for the standard.  The remaining allegations are too

9    generalized, speculative, vague, and ambiguous to admit or deny, and Ericsson

10   therefore denies them.

11         69.    Ericsson admits that it owns a number of patents and pending patent

12   applications that are or may become essential (as that term is defined in the ETSI

13   IPR Policy) to one or more mobile cellular standards.  The remaining allegations

14   are too generalized, speculative, vague, and ambiguous to admit or deny, and

15   Ericsson therefore denies them.

16         70.    The allegations are too generalized, speculative, vague, and ambiguous

17   to admit or deny, and Ericsson therefore denies them.

18         71.    The allegations are too generalized, speculative, vague, and ambiguous

19   to admit or deny, and Ericsson therefore denies the same.

20              **TCL's [Purported] Reliance on Commitments with Respect to the Mobile**

21                                    **Cellular Standards**

22         72.    Ericsson admits that TCT Mobile Limited is a member of ETSI.

23   Ericsson lacks sufficient knowledge or information to admit or deny the remaining

24   allegations, and therefore denies them.

25         73.    Ericsson admits that TCL implements the 2G, 3G, and 4G standards by

26   manufacturing mobile phone products that are compatible with the 2G, 3G, and 4G

27   standards.

28

-11-

74.     The allegations are too generalized, speculative, vague, and ambiguous to admit or deny, and Ericsson therefore denies them.

75.     Denied.

76.     Ericsson admits that TCL's mobile phone products incorporate chipsets manufactured by third-party vendors.  Ericsson lacks sufficient knowledge or information to admit or deny the remaining allegations, and therefore denies them.

## Ericsson's [Purported] Breach of Its Obligation to License Its Identified Patents on FRAND Terms

77.     Ericsson admits that it owns patents essential to the 2G, 3G, and 4G standards, and that it has made licensing assurances to ETSI for such patents. Except as expressly admitted, Ericsson denies the remaining allegations.

78.     Denied.

79.     Ericsson admits that the negotiation process between Ericsson and TCL has been very long, disappointing, and frustrating.  Ericsson denies the remaining allegations.

80.     Ericsson admits that it has been negotiating with TCL in regard to FRAND terms and conditions for a worldwide license to Ericsson's 2G, 3G, and 4G essential patent portfolios since well before 2012.  Ericsson denies the remaining allegations.

81.     Denied.

82.     Denied.

83.     Denied.

84.     Denied.

85.     Denied.

86.     Denied.

87.     Denied.

88.     Denied.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-12-

ERICSSON'S ANSWER AND COUNTERCLAIMS
TO TCL'S SECOND AMENDED COMPLAINT
CASE NO. 8:14-CV-00341-JVS-AN

89.     Denied.

90.     Ericsson admits that it has sued TCL in the Eastern District of Texas and certain other jurisdictions.  Ericsson denies the remaining allegations.

91.     Denied.

92.     Ericsson admits that Hans Vestberg, President and CEO of Ericsson, has stated that "[t]he ICT industry is built on standardization and shared technologies, making it possible to create a global mass market for mobile telephony and mobile broadband.  Today's 6 billion mobile phone subscriptions, and close to 1 million mobile broadband subscriptions, would not be possible without the industry mentality.  As we are entering the Networked Society, we will see built-in wireless access beyond traditional devices like phones, laptops and tablets, providing new services to consumers.  This provides an interesting business opportunity for us, having this industry's strongest patent portfolio, as any company or manufacturer that wants to get in there will need an agreement with Ericsson." Ericsson admits that in 2010 it reorganized its Licensing and Patent Development department with the focus on further monetizing its IPR assets.  Ericsson admits that it generated SEK $4.6 billion in net IPR revenues in 2010.  Except as expressly admitted, Ericsson denies the remaining allegations.

93.     Denied.

94.     Denied.

95.     Denied.

## CLAIMS FOR RELIEF

## FIRST CAUSE OF ACTION

### (Breach of Contract)

96.     Ericsson incorporates by reference its responses to the allegations in Paragraphs 1 through 95 above.

97.     Ericsson admits that it is a member of ETSI and that it owns patents that are, and remain, essential to practice the GSM, GPRS, EDGE, UMTS, and/or

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-13-

ERICSSON'S ANSWER AND COUNTERCLAIMS
TO TCL'S SECOND AMENDED COMPLAINT
CASE NO. 8:14-CV-00341-JVS-AN

LTE standards.  Ericsson admits that it has declared to ETSI, and to 3GPP via ETSI, that it is prepared to grant irrevocable licenses to such patents on terms and conditions that are in accordance with Clause 6.1 of the ETSI IPR Policy to third-parties who implement products for the standard.  Except as expressly admitted, Ericsson denies the remaining allegations.

98.    The allegations are too generalized, speculative, vague, and ambiguous to admit or deny and Ericsson therefore denies them.

99.    Denied.

100.   Denied.

101.   Denied.

102.   Denied.

## SECOND CAUSE OF ACTION

### (Promissory Estoppel)

103.   Ericsson incorporates by reference its responses to the allegations in Paragraphs 1 through 102 above.

104.   Ericsson admits that it is a member of ETSI and that it owns patents that are, and remain, essential to practice the GSM, GPRS, EDGE, UMTS, and/or LTE standards.  Ericsson admits that it has declared to ETSI, and to 3GPP via ETSI, that it is prepared to grant irrevocable licenses to such patents on terms and conditions that are in accordance with Clause 6.1 of the ETSI IPR Policy to third-parties who implement products for the standard.  Except as expressly admitted, Ericsson denies the remaining allegations.

105.   Denied.

106.   Denied.

107.   Denied.

108.   Denied.

109.   Denied.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-14-

ERICSSON'S ANSWER AND COUNTERCLAIMS
TO TCL'S SECOND AMENDED COMPLAINT
CASE NO. 8:14-CV-00341-JVS-AN

# THIRD CAUSE OF ACTION

## (Declaratory Judgment)

110.   Ericsson incorporates by reference its responses to the allegations in Paragraphs 1 through 109 above.

111.   Ericsson admits that there is a dispute between the parties concerning whether Ericsson has offered FRAND rates to TCL for a license to Ericsson's global standard essential patent portfolios.  Except as expressly admitted, Ericsson denies the remaining allegations.

112.   Ericsson admits that its ongoing licensing dispute with TCL is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

113.   Denied.

# FOURTH CAUSE OF ACTION

## (Fraudulent Misrepresentation)

114.   Ericsson incorporates by reference its responses to the allegations in Paragraphs 1 through 113 above.

115.   The allegations are too generalized, speculative, vague, and ambiguous to admit or deny and Ericsson therefore denies them.

116.   Denied.

117.   Denied.

118.   Denied.

119.   Denied.

120.   Denied.

121.   Denied.

122.   Denied.

# FIFTH CAUSE OF ACTION

## (Negligent Misrepresentation)

123.   Ericsson incorporates by reference its responses to the allegations in Paragraphs 1 through 122 above.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-15-

ERICSSON'S ANSWER AND COUNTERCLAIMS
TO TCL'S SECOND AMENDED COMPLAINT
CASE NO. 8:14-CV-00341-JVS-AN

1   124.   Denied.

2   125.   Denied.

3   126.   Denied.

4   127.   Denied.

5   128.   Denied.

6   129.   Denied.

7   130.   Denied.

8                    **SIXTH CAUSE OF ACTION**

9              **(Violation of California Unfair Competition**

10   **Law, Business And Professions Code Sections 17200 Et Seq.)**

11   131.   Ericsson incorporates by reference its responses to the allegations in

12   Paragraphs 1 through 130 above.

13   132.   Denied.

14   133.   Denied.

15   134.   Denied.

16   135.   Denied.

17   136.   Denied.

18   137.   Denied.

19   138.   Ericsson admits that 3G networks are typically faster and able to

20   handle more data transmission than 2G networks.  Ericsson denies the remaining

21   allegations.

22   139.   Denied.

23   140.   Denied.

24   141.   Denied.

25   142.   Denied.

26   143.   Denied.

27   144.   Denied.

28   145.   Denied.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-16-

ERICSSON'S ANSWER AND COUNTERCLAIMS
TO TCL'S SECOND AMENDED COMPLAINT
CASE NO. 8:14-CV-00341-JVS-AN

146.   Denied.

147.   Denied.

148.   Denied.

149.   Denied.

## SEVENTH CAUSE OF ACTION

### (Declaratory Judgment of Non-Infringement)

150.   Ericsson incorporates by reference its responses to the allegations in Paragraphs 1 through 149 above.

151.   Admitted.

152.   Ericsson admits that there is a dispute between the parties concerning whether TCL infringes the '556 patent.  Ericsson admits that TCL alleges that it does not infringe one or more claims of the '556 patent, either directly or contributorily, and that TCL alleges that it has not induced any others to infringe one or more claims of the '556 patent.  Except as expressly admitted, Ericsson denies the remaining allegations.

153.   Ericsson admits that an actual controversy exists between the parties over TCL's infringement of the '556 patent and that this ongoing dispute is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

## EIGHTH CAUSE OF ACTION

### (Declaratory Judgment of Invalidity)

154.   Ericsson incorporates by reference its responses to the allegations in Paragraphs 1 through 153 above.

155.   Ericsson admits that TCL alleges that one or more claims of the '556 patent are invalid for failure to comply with the conditions of patentability specified in Title 35 of the United States Code.[1]  Except as expressly admitted, Ericsson denies the remaining allegations.

---

[1]   Based on the cover page of TCL's Second Amended Complaint, Ericsson understands and believes that TCL intended to identify the '556 patent in (Continued…)

156.   Ericsson admits that an actual controversy exists between the parties as to whether claims of the '556 patent are valid.

157.   Ericsson admits that an actual controversy exists between the parties as to whether claims of the '556 patent are valid and that this ongoing dispute is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

## NINTH CAUSE OF ACTION

### (Declaratory Judgment of Non-Infringement)

158.   Ericsson incorporates by reference its responses to the allegations in Paragraphs 1 through 157 above.

159.   Ericsson admits that there is a dispute between the parties concerning whether TCL infringes the '506 patent.

160.   Admitted.

161.   Ericsson admits that there is a dispute between the parties concerning whether TCL infringes the '506 patent.  Ericsson admits that TCL alleges that it does not infringe one or more claims of the '506 patent, either directly or contributorily, and that TCL alleges that it has not induced any others to infringe one or more claims of the '506 patent.  Except as expressly admitted, Ericsson denies the remaining allegations.

162.   Ericsson admits that an actual controversy exists between the parties over TCL's infringement of the '506 patent and that this ongoing dispute is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

---

Paragraphs 155, 156, and 157, but inadvertently identified the '506 patent in those Paragraphs instead.  Ericsson's response to Paragraphs 155, 156, and 157 is made pursuant to that understanding.  Should Ericsson's understanding prove to be incorrect, Ericsson reserves all rights to amend its response as necessary.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-18-

ERICSSON'S ANSWER AND COUNTERCLAIMS
TO TCL'S SECOND AMENDED COMPLAINT
CASE NO. 8:14-CV-00341-JVS-AN

## TENTH CAUSE OF ACTION

### (Declaratory Judgment of Invalidity)

163.   Ericsson incorporates by reference its responses to the allegations in Paragraphs 1 through 162 above.

164.   Ericsson admits that TCL alleges that one or more claims of the '506 patent are invalid for failure to comply with the conditions of patentability specified in Title 35 of the United States Code.  Except as expressly admitted, Ericsson denies the remaining allegations.

165.   Ericsson admits that an actual controversy exists between the parties as to whether claims of the '506 patent are valid.

166.   Ericsson admits that an actual controversy exists between the parties as to whether claims of the '506 patent are valid and that this ongoing dispute is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

## ELEVENTH CAUSE OF ACTION

### (Infringement of U.S. Patent No. 7,778,340)

167.   Ericsson incorporates by reference its responses to the allegations in Paragraphs 1 through 166 above.

168.   Denied.

169.   Denied.

170.   Denied.

171.   Denied.

172.   Denied.

173.   Denied.

174.   Denied.

175.   Denied.

176.   Denied.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-19-

ERICSSON'S ANSWER AND COUNTERCLAIMS
TO TCL'S SECOND AMENDED COMPLAINT
CASE NO. 8:14-CV-00341-JVS-AN

**TWELFTH CAUSE OF ACTION**

**(Infringement of U.S. Patent No. 7,359,718)**

177.   Ericsson incorporates by reference its responses to the allegations in Paragraphs 1 through 176 above.

178.   Denied.

179.   Denied.

180.   Denied.

181.   Denied.

182.   Denied.

183.   Denied.

184.   Denied.

185.   Denied.

186.   Denied.

**PRAYER FOR RELIEF**

Ericsson submits that TCL's Prayer for Relief does not include any allegations for which a response is required.  Nevertheless, to the extent a response is deemed to be required, Ericsson denies that TCL is entitled to any relief whatsoever.

**DEMAND FOR JURY TRIAL**

Ericsson submits that TCL's Demand for Jury Trial does not include any allegations for which a response is required.

**DEFENSES**

Subject to responses to TCL's allegations above, Ericsson asserts the following defenses in response to the claims set forth in TCL's Second Amended Complaint.  To the extent not asserted below, Ericsson reserves all defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses available at law or in equity that may now exist or

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-20-

ERICSSON'S ANSWER AND COUNTERCLAIMS
TO TCL'S SECOND AMENDED COMPLAINT
CASE NO. 8:14-CV-00341-JVS-AN

may become available in the future, including to the extent such defenses come to light as a result of Ericsson's ongoing investigation and discovery into this matter. Moreover, Ericsson undertakes the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.

### FIRST DEFENSE

### (Failure to State a Claim)

1. TCL fails to state a claim upon which relief can be granted because TCL has not alleged facts sufficient to prove one or more of the necessary elements of its causes of action.

### SECOND DEFENSE

### (Non-Infringement)

2. Ericsson does not infringe and has not infringed (directly, contributorily, or by inducement), either literally or under the doctrine of equivalents, any claim of the '340 or '718 patents.

### THIRD DEFENSE

### (Invalidity)

3. The claims of the '340 and '718 patents are invalid for failure to comply with the requirements of Title 35 of the United States Code, including but not limited to §§ 101, 102, 103, and/or 112 *et seq.*, and the rules, regulations, and laws pertaining thereto.

### FOURTH DEFENSE

### (Laches, Estoppel, Waiver, Acquiescence, and/or Unclean Hands)

4. TCL's claims for relief are barred in whole or in part by the equitable doctrines of equitable estoppel, laches, waiver, acquiescence, and/or unclean hands.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-21-

ERICSSON'S ANSWER AND COUNTERCLAIMS
TO TCL'S SECOND AMENDED COMPLAINT
CASE NO. 8:14-CV-00341-JVS-AN

## FIFTH DEFENSE

### (Statute of Limitations)

5.      TCL's claims for relief are barred in whole or in part by the statute of limitations.

## SIXTH DEFENSE

### (Limitation of Damages)

6.      TCL's alleged damages are limited because it has not satisfied the requirements for obtaining damages under 35 U.S.C. §§ 286, 287 and 288, and the limitations period further bars past damages claims.

## SEVENTH DEFENSE

### (Prosecution History Estoppel)

7.      TCL's claims are barred by the doctrine of prosecution history estoppel based on statements, representations and admissions made during prosecution of the patent applications resulting in the '340 and '718 patents.

## EIGHTH DEFENSE

### (FRAND Licensing Obligation)

8.      TCL's ability to enforce and/or recover its alleged damages for infringement of the '340 and '718 patents is limited insofar as TCL is obligated to license the patents on terms and conditions that are fair, reasonable, and non-discriminatory (FRAND).

## NINTH DEFENSE

### (Failure to Mitigate)

9.      TCL's claims are barred by its failure to mitigate damages.

## TENTH DEFENSE

### (Failure to Satisfy a Condition Precedent or Obligation)

10.      TCL's claims are barred because it failed to satisfy one or more conditions precedent to the contract to which it claims to be a third party

Crowell
& Moring LLP
Attorneys At Law

-22-

ERICSSON'S ANSWER AND COUNTERCLAIMS
TO TCL'S SECOND AMENDED COMPLAINT
CASE NO. 8:14-CV-00341-JVS-AN

beneficiary, which is that one or more of Ericsson's patents are, in fact, standards-essential.

### ELEVENTH DEFENSE

### (Breach of FRAND)

11.     TCL has failed to negotiate with Ericsson over the terms of a license in good faith and/or has failed to satisfy its obligations under FRAND.

### TWELFTH DEFENSE

### (Forfeiture of Third-Party Beneficiary Status)

12.     TCL has forfeited its status as a third-party beneficiary under the FRAND contract by failing to negotiate with Ericsson in good faith after commencing negotiations for a license under Ericsson's standard essential patents.

### COUNTERCLAIMS

Counterclaim Plaintiff Ericsson asserts the following allegations and counterclaims against TCL.  Ericsson reserves the right to assert additional counterclaims, as warranted by facts revealed through investigation and discovery.

### JURISDICTION AND VENUE

1.     Subject to Ericsson's response in Paragraph 34 of its Answer regarding jurisdiction—which Ericsson expressly reserves and does not waive—this Court has subject matter jurisdiction under 28 U.S.C. § 1367(a), and this Court has personal jurisdiction over TCL because it does business in California and because it waived any challenge to personal jurisdiction by filing the complaint in this matter and litigating its case.

2.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), (c) and (d).  However, the Eastern District of Texas is a more convenient and appropriate venue for resolution of the parties' dispute.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-23-

ERICSSON'S ANSWER AND COUNTERCLAIMS
TO TCL'S SECOND AMENDED COMPLAINT
CASE NO. 8:14-CV-00341-JVS-AN

**THE PARTIES**

3.     Plaintiff Ericsson Inc. is a Delaware corporation with its principal place of business at 6300 Legacy Drive, Plano, Texas 75024.

4.     Plaintiff Telefonaktiebolaget LM Ericsson is a corporation organized under the laws of the Kingdom of Sweden with its principal place of business at Torshamnsgatan 21, Kista, 164 83, Stockholm, Sweden.

5.     Upon information and belief, Defendant TCL Communication Technology Holdings, Ltd. is a Chinese company with its principal place of business at 15/F, TCL Tower, Gaoxin Nan Yi Road, Nanshan District, Shenzhen, Guangdong, P.R.C.  TCL Communication Technology Holdings, Ltd. is one of four business units of its parent, TCL Corporation, which is also based in Shenzhen, P.R.C.

6.     Upon information and belief, Defendant TCT Mobile Limited (previously named T&A Mobile Phones Limited) is a wholly-owned subsidiary of TCL.  TCT Mobile Limited is a company established under the laws of Hong Kong, having its registered office at Room 1520, Tower 6, China Hong Kong City, 33 Canton Road, Tsimshatsui, Kowloon, Hong Kong.  In 2007, TCT Mobile Limited executed a license to Ericsson's portfolio of GSM and GPRS essential patents with limited coverage for TCL's single-mode 2G handsets.  This license expired on March 8, 2014.

7.     Upon information and belief, Defendant TCT Mobile (US), Inc. is a Delaware corporation and wholly-owned subsidiary of TCL, with its principal place of business at 25 Edelman, Irvine, California 92618.  Upon information and belief, TCT Mobile US is directly involved in the sale of mobile devices under TCL's "Alcatel OneTouch" brand in the United States.

8.     TCL designs, manufactures, uses, imports into the United States, sells, and/or offers for sale in the United States mobile and internet products under two brands: "Alcatel OneTouch" and "TCL."  TCL offers for sale, and/or sells

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-24-

ERICSSON'S ANSWER AND COUNTERCLAIMS
TO TCL'S SECOND AMENDED COMPLAINT
CASE NO. 8:14-CV-00341-JVS-AN

smartphones and other mobile devices throughout the United States, including within this District.

9.     TCL's products sold into the United States comply with the LTE standard, the UMTS standard, the EDGE standard, the GPRS standard, and/or the GSM standard.

10.    TCL has requested, in its claims in this matter, that the Court adjudicate the FRAND terms of a license between itself and Ericsson covering Ericsson's patents declared essential to LTE, WCDMA, UMTS, GPRS, EDGE, GSM standards.  TCL has further agreed to be bound by such adjudication, and upon such final judgment has committed to be bound by a license agreement with Ericsson containing the terms and conditions that are adjudicated FRAND by the Court.

## BACKGROUND

11.    The European Telecommunications Standards Institute (ETSI) is an independent, non-profit standard setting organization (SSO) that produces globally-accepted standards for the telecommunication industry.  ETSI has more than 750 members from more than 60 countries across five continents, including Ericsson and TCT Mobile Limited.  In addition to its own activities, ETSI is also one of six SSOs that are organizational partners of the Third Generation Partnership Project (3GPP), which maintains and develops globally applicable technical specifications for the 2G (second generation), 3G (third generation), and 4G (fourth generation) mobile systems.  Together, ETSI and its members have developed open standards that ensure worldwide interoperability between networks, devices, and network operators.

12.    Patents play an important role in developing the telecommunication industry through standardization and licensing.  Many SSO members, including Ericsson, own intellectual property rights (IPRs) related to technologies standardized by SSOs.  Thus, technical standards adopted by SSOs may implicate

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-25-

ERICSSON'S ANSWER AND COUNTERCLAIMS
TO TCL'S SECOND AMENDED COMPLAINT
CASE NO. 8:14-CV-00341-JVS-AN

member or non-member IPRs such that a patent license is required from the IPR owner in order to implement the standard.

13.     ETSI has developed and promulgated an IPR Policy.  The ETSI IPR Policy is intended to strike a balance between the need for open standards on the one hand, and the rights of IPR owners on the other hand.  ETSI requires its members to disclose patents that "are or become, and remain essential to practice" its standards or technical specifications.  Clause 15.6 of the ETSI IPR Policy defines the term "ESSENTIAL" to mean that "it is not possible on technical (but not commercial) grounds, taking into account normal technical practice and the state of the art generally available at the time of standardization, to make, sell, lease, otherwise dispose of, repair, use or operate EQUIPMENT or METHODS which comply with a STANDARD without infringing that IPR."

14.     Ericsson owns patents that are, and remain, essential to practice the GSM, GPRS, EDGE, UMTS, and/or LTE standards ("Essential Patents").  Ericsson has declared to ETSI, and to 3GPP via ETSI, that it is prepared to grant licenses to its Essential Patents on FRAND terms and conditions to third-parties who implement products for the standard.  Ericsson has licensed the bulk of the industry under this commitment.  Ericsson has offered to license TCL under similar FRAND terms, but TCL has steadfastly refused.

## COUNT 1

## BREACH OF OBLIGATION TO NEGOTIATE IN GOOD FAITH

15.     Ericsson repeats and realleges the allegations in paragraphs 1-14 as if fully set forth herein.

16.     Ericsson owns patents essential to the GSM, GPRS, EDGE, UMTS, and LTE standards.  Without a license, TCL has infringed and will continue to infringe Ericsson's Essential Patents.

17.     Ericsson, as the owner of patents that are essential, and remain essential, to ETSI and 3GPP standards, has contractually committed to ETSI to

1  grant licenses to Ericsson's Essential Patents on FRAND terms and conditions to

2  third-parties who implement products for the standards.  Ericsson's FRAND

3  undertakings are governed by French law.

4       18.    For more than six years, representatives from Ericsson and TCL have

5  been engaged in negotiations regarding TCL's request to license Ericsson's

6  Essential Patents. Throughout the parties' negotiations, Ericsson extended multiple

7  offers to TCL to license Ericsson's Essential Patents to TCL on FRAND terms and

8  conditions.

9       19.    TCL has failed to negotiate in good faith with Ericsson.  For example,

10  TCL has unreasonably delayed the conclusion of the parties' licensing negotiations,

11  rejected Ericsson's FRAND offers, made little effort to close a deal with Ericsson,

12  and failed to make reasonable counteroffers for a license to Ericsson's Essential

13  Patents.

14       20.    TCL's failure to negotiate with Ericsson in good faith constitutes a

15  breach of its obligations to Ericsson under at least French law.  In addition, by

16  failing to negotiate with Ericsson in good faith, TCL has forfeited its claim in this

17  litigation that it is a third-party beneficiary of Ericsson's FRAND commitment.

18       21.    There is a dispute between Ericsson and TCL concerning whether TCL

19  has complied with its obligation to negotiate in good faith, and this controversy is

20  of sufficient immediacy and reality to warrant the issuance of a declaratory

21  judgment.

22       22.    Ericsson is entitled to a declaratory judgment that TCL has not

23  complied with its obligation to act in good faith during its negotiations with

24  Ericsson in regard to FRAND terms for a license to Ericsson's Essential Patents.  In

25  addition, Ericsson requests a declaration that TCL has forfeited its claim as a third-

26  party beneficiary of Ericsson's FRAND commitment.

27       23.    Additionally, as a result of TCL's breach of its duty to negotiate in

28  good faith, Ericsson has been injured in its business or property, including but not

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-27-

ERICSSON'S ANSWER AND COUNTERCLAIMS
TO TCL'S SECOND AMENDED COMPLAINT
CASE NO. 8:14-CV-00341-JVS-AN

1 limited to harm resulting from TCL causing Ericsson to forbear from or delay in

2 instituting infringement litigation against TCL, and from Ericsson's cost and

3 expense in pursuing futile negotiations with TCL in an amount to be determined at

4 trial.

5      24.    TCL is an unwilling licensee who will continue to infringe Ericsson's

6 Essential Patents unless it accepts—or is ordered to accept—a license.  Ericsson has

7 been and will continue to be irreparably harmed by TCL's infringement and by

8 TCL's refusal to take a license.

9 **COUNT 2**

10 **PROMISSORY ESTOPPEL**

11      25.    Ericsson repeats and realleges the allegations in paragraphs 1-24 as if

12 fully set forth herein.

13      26.    During the parties' negotiations regarding TCL's requested license to

14 Ericsson's Essential Patents, TCL made a clear and definite promise to Ericsson

15 that it was willing to license Ericsson's Essential Patents on FRAND terms.  TCL

16 intended for this promise to induce Ericsson's reliance so that Ericsson would

17 continue negotiating with TCL and not take—or delay in taking—other action to

18 protect Ericsson's valuable intellectual property rights.

19      27.    TCL knew or should have reasonably been expected to know that it

20 would induce such reliance on this promise by Ericsson.  Ericsson continued

21 negotiating with TCL in reliance on TCL's promises.

22      28.    Ericsson has been harmed as a result of its reasonable reliance on

23 TCL's promise, including but not limited to harm resulting from the delay in

24 instituting infringement litigation in the United States and from Ericsson's cost and

25 expense in pursuing futile negotiations with TCL in an amount to be determined at

26 trial.

27      29.    Ericsson also seeks equitable relief by requiring TCL to execute a

28 worldwide license on FRAND terms as adjudicated by the Court.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-28-

ERICSSON'S ANSWER AND COUNTERCLAIMS
TO TCL'S SECOND AMENDED COMPLAINT
CASE NO. 8:14-CV-00341-JVS-AN

**PRAYER FOR RELIEF**

WHEREFORE, Ericsson prays for relief as follows:

A. Adjudge and declare that TCL has not complied with its obligation to negotiate with Ericsson in good faith in regard to TCL's request for a license to Ericsson's GSM, GPRS, EDGE, UMTS, and LTE standard essential patents;

B. Determine the FRAND terms and conditions of a worldwide license between Ericsson and TCL covering Ericsson's GSM, GPRS, EDGE, UMTS, and LTE standard essential patents;

C. Order that TCL enter into a worldwide license with Ericsson covering Ericsson's GSM, GPRS, EDGE, UMTS, and LTE standard essential patents on the FRAND terms and conditions adjudicated by this Court;

D. Adjudge and decree that TCL is liable for breach of contract;

E. Adjudge and decree that TCL is liable for promissory estoppel;

F. Enter judgment against TCL for the amount of damages that Ericsson proves at trial;

G. Enter a judgment awarding Ericsson its expenses, costs, and attorneys' fees under applicable laws, including 35 U.S.C. § 285;

H. Order restitution; and

I. For such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Ericsson hereby demands a trial by jury on all issues so triable.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-29-

ERICSSON'S ANSWER AND COUNTERCLAIMS
TO TCL'S SECOND AMENDED COMPLAINT
CASE NO. 8:14-CV-00341-JVS-AN

Dated:    October 14, 2014        Respectfully submitted,

                                  **CROWELL & MORING LLP**

                                  _/s/  John S. Gibson_
                                  _____

                                  John S. Gibson

                                  Attorneys for Defendants and Counterclaim
                                  Plaintiffs
                                  ERICSSON INC. AND
                                  TELEFONAKTIEBOLAGET LM
                                  ERICSSON

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-30-

ERICSSON'S ANSWER AND COUNTERCLAIMS
TO TCL'S SECOND AMENDED COMPLAINT
CASE NO. 8:14-CV-00341-JVS-AN

1

**CERTIFICATE OF SERVICE**

2          Pursuant to Rule 5.3 of the Local Civil Rules of the United States District

3  Court for the Central District of California, I hereby certify under penalty of perjury

4  under the laws of the United States of America that on October 14, 2014, a true

5  copy of the above document was filed through the Court's Electronic Case Filing

6  system and served by that system upon all counsel of record registered for the

7  system and deemed to have consented to electronic service in the above-captioned

8  case.

9

10  Dated:      October 14, 2014          **CROWELL & MORING LLP**

11

12                                              */s/ John S. Gibson*

13                                              John S. Gibson

14                                              Attorneys for Defendants and Counterclaim
                                               Plaintiffs
15                                              ERICSSON INC. AND
                                               TELEFONAKTIEBOLAGET LM
16                                              ERICSSON

17

18

19

20

21

22

23

24

25

26

27

28

CROWELL
& MORING LLP
ATTORNEYS AT LAW