1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
      A Limited Liability Partnership
2     Including Professional Corporations
   STEPHEN S. KORNICZKY, Cal. Bar No. 135532
3  skorniczky@sheppardmullin.com
   MARTIN R. BADER, Cal. Bar No. 222865
4  mbader@sheppardmullin.com
   MATTHEW W. HOLDER, Cal. Bar No. 217619
5  mholder@sheppardmullin.com
   12275 El Camino Real, Suite 200
6  San Diego, California 92130-2006
   Telephone:   858.720.8900
7  Facsimile:    858.509.3691

8  Attorneys for TCL Communication
   Technology Holdings, Ltd., TCT Mobile
9  Limited, and TCT Mobile (US) Inc.

10

11               **UNITED STATES DISTRICT COURT**

12         **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

13                      **SOUTHERN DIVISION**

14

15  TCL COMMUNICATION                    Case No. 8:14-CV-00341-JVS-AN
    TECHNOLOGY HOLDINGS, LTD.,
16  TCT MOBILE LIMITED and TCT           **PLAINTIFFS' REPLY TO**
    MOBILE (US) INC.,                    **DEFENDANTS' ANSWER,**
17                                        **DEFENSES, AND**
                                          **COUNTERCLAIMS TO TCL'S**
18               Plaintiffs,             **SECOND AMENDED COMPLAINT**

19          v.                           Judge:  Hon. James V. Selna

20  TELEFONAKTIENBOLAGET LM
    ERICSSON and ERICSSON INC.,
21
                 Defendants.
22

23

24

25

26

27

28

Plaintiffs TCL Communication Technology Holdings, Ltd., TCT Mobile Limited ("TCT"), and TCT Mobile (US) Inc. ("TCT US," and collectively, "TCL" or "Plaintiff") hereby reply to the numbered paragraphs of the Counterclaims of Defendants Telefonaktienbolaget LM Ericsson and Ericsson Inc. (collectively, "Defendants" or "Ericsson") as follows:

TCL reasserts and incorporates by reference herein its allegations set forth in paragraphs 1–186 of its Second Amended Complaint.

1.      TCL admits that the Court has jurisdiction over Ericsson's counterclaims.

2.      TCL admits that venue is proper in this District.  TCL denies the remaining allegations of paragraph 2 of Ericsson's Counterclaims.

3.      TCL is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 of Ericsson's Counterclaims, and therefore denies the same.

4.      TCL is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of Ericsson's Counterclaims, and therefore denies the same.

5.      TCL admits the allegations in paragraph 5 of Ericsson's Counterclaims.

6.      TCL denies that in 2007 "TCT Mobile Limited executed a license to Ericsson's portfolio of GSM and GPRS essential patents with limited coverage for TCL's single-mode 2G handsets" and that the "license expired on March 8, 2014" to the extent that it mischaracterizes the nature, scope and terms of the agreement.  The 2007 agreement speaks for itself.  TCL admits the remaining allegations in paragraph 6 of Ericsson's Counterclaims.

7.      TCL admits the allegations in paragraph 7 of Ericsson's Counterclaims.

8.      TCL denies that each named party designs, manufactures, uses, imports into the United States, sells, and offers for sale in the United States mobile and internet products under two brands—"Alcatel OneTouch" and "TCL."  TCL denies

the allegation that TCL directly offers for sale and/or sells smartphones and other mobile devices throughout the United States.

9.     TCL denies the allegations of paragraph 9 of Ericsson's Counterclaims.

10.     TCL admits the allegations of paragraph 10 of Ericsson's Counterclaims.

## BACKGROUND

11.     TCL admits that the European Telecommunications Standards Institute ("ETSI") is an independent, non-profit standard setting organization ("SSO").  The remaining allegations of paragraph 11 of Ericsson's Counterclaims are too generalized, vague, and ambiguous to admit or deny, and therefore TCL denies the same.

12.     The allegations of paragraph 12 of Ericsson's Counterclaims are too generalized, vague, and ambiguous to admit or deny, and therefore TCL denies the same.

13.     TCL admits that Ericsson has quoted certain terms from the ETSI IPR Policy accurately.  TCL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 13 of Ericsson's Counterclaims, and therefore denies the same.

14.     TCL admits that Ericsson has declared to ETSI, and to 3GPP via ETSI, that it is prepared to grant licenses to its patents on FRAND terms.  TCL denies that Ericsson has offered to license TCL under FRAND terms.  TCL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 14 of Ericsson's Counterclaims, and therefore denies the same

## COUNT 1

## BREACH OF OBLIGATION TO NEGOTIATE IN GOOD FAITH

15.     TCL incorporates paragraphs 1 through 14 herein by reference.

///

-2-

16.     TCL is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of Ericsson's Counterclaims with respect to whether "Ericsson owns patents essential to the GSM, GPRS, EDGE, UMTS, and LTE standards" and therefore denies the same.  TCL denies the remaining allegations in paragraph 16 of Ericsson's Counterclaims.

17.     TCL asserts that the allegation of paragraph 17 of Ericsson's Counterclaims the "Ericsson's FRAND undertakings are governed by French law" is a legal conclusion that does not require a response.  Further, TCL is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 of Ericsson's Counterclaims with respect to whether "Ericsson's FRAND undertakings are governed by French law."  TCL denies the remaining allegations in paragraph 17 of Ericsson's Counterclaims as written.

18.     TCL denies the allegations in paragraph 18 of Ericsson's Counterclaims to the extent that Ericsson alleges that the patents it offered to license to TCL were essential to standards and that it did so on FRAND terms.  The remaining allegations are too generalized, vague, and ambiguous to admit or deny, and/or TCL is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of Ericsson's Counterclaims, and therefore denies the same.

19.     TCL denies the allegations in paragraph 19 of Ericsson's Counterclaims.

20.     TCL denies the allegations in paragraph 20 of Ericsson's Counterclaims.

21.     TCL denies the allegations in paragraph 21 of Ericsson's Counterclaims.

22.     TCL denies the allegations in paragraph 22 of Ericsson's Counterclaims.

///

23.    TCL denies the allegations in paragraph 23 of Ericsson's Counterclaims.

24.    TCL denies the allegations in paragraph 24 of Ericsson's Counterclaims.

## COUNT 2

## PROMISSORY ESTOPPEL

25.    TCL incorporates paragraphs 1 through 24 herein by reference.

26.    TCL admits that it requested a license to Ericsson's patents on FRAND terms.  TCL denies the remaining allegations in paragraph 26 of Ericsson's Counterclaims.

27.    TCL is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 of Ericsson's Counterclaims with respect to whether "Ericsson continued negotiating with TCL in reliance on TCL's promises."  TCL denies the remaining allegations in paragraph 27 of Ericsson's Counterclaims.

28.    TCL denies the allegations in paragraph 28 of Ericsson's Counterclaims.

29.    TCL denies that Ericsson is entitled to the relief sought in paragraph 29 of Ericsson's Counterclaims.

### ERICSSON'S PRAYER FOR RELIEF

TCL denies that Ericsson is entitled to any relief, and specifically denies all of the allegations and prayers for relief requested in paragraphs A-I of its prayer for relief.

### DEMAND FOR JURY TRIAL

TCL agrees with Ericsson's demand for a jury trial on all issues so triable.

///

///

///

-4-

## DEFENSES

TCL asserts the following defenses without undertaking or otherwise shifting any applicable burden of proof.  TCL reserves the right to assert additional defenses, as warranted by facts revealed through investigation and discovery.

### DEFENSE NO. 1:  FAILURE TO STATE A CLAIM

30.     Ericsson fails to state a claim upon which relief can be granted because Ericsson has not alleged facts sufficient to prove one or more of the necessary elements of its causes of action.

### DEFENSE NO. 2:  EQUITABLE BARS

31.     Ericsson is barred in whole or in part under principles of equity, including without limitation laches, waiver, estoppel, and/or unclean hands.

### DEFENSE NO. 3:  FAILURE TO COMPLY WITH FRAND OBLIGATIONS

32.     Ericsson has failed to comply with its FRAND obligations to grant and/or offer TCL a license on FRAND terms.

### DEFENSE NO. 4:  FAILURE TO MITIGATE

33.     Ericsson's claims are barred by its failure to mitigate damages.

### DEFENSE NO. 5:  FAILURE TO SATISFY A CONDITION PRECEDENT OR OBLIGATION

34.     Ericsson's claims are barred because it failed to satisfy one or more conditions precedent to the contract to which it claims to be a beneficiary.

### DEFENSE NO. 6:  BREACH OF DUTY OF GOOD FAITH

35.     Ericsson has failed to negotiate with TCL over terms of a license in good faith.

### DEFENSE NO. 7:  RESERVATION OF RIGHTS

36.     TCL reserves the right to add any additional defenses that discovery may reveal.

///

///

-5-

1   Dated:  November 7. 2014

2                 SHEPPARD. MULLIN. RICHTER & HAMPTON LLP

3

4           By     /s/ *Martin R. Bader*
                    STEPHEN S. KORNICZKY

5                     MARTIN R. BADER
                    MATTHEW W. HOLDER

6                     Attorneys for Plaintiffs TCL Communication
                    Technology Holdings, Ltd., TCT Mobile

7                     Limited. and TCT Mobile (US) Inc.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on November 7, 2014 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.  Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

By      /s/ *Martin R. Bader*
        MARTIN R. BADER
        Attorneys for Plaintiffs TCL Communication
        Technology Holdings, Ltd., TCT Mobile
        Limited, and TCT Mobile (US) Inc.