UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 14-00341 JVS (ANx) | Date | July 25, 2016 |
| Title | TCL Communications Technology Holdings Ltd v. Telefonaktenbologet LM Ericsson, et al. | | |

Present: The Honorable  James V. Selna

| Ivette Gomez | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiffs:   Attorneys Present for Defendants:

Not Present   Not Present

**Proceedings:** (IN CHAMBERS) **Order re: Plaintiff's Motion for Order Regarding the Relationship Between the Breach Determination and Setting of the Frand Terms and Conditions**

**Order re: Defendants' Motion for Partial Summary Judgment as to No Breach of Frand with Respect to Certian Offer Terms**

**Order re: Plaintiff's Motion to Enforce Ruling Regarding Dollar-Per-Unit Rates, and Limit Testimony Related to Gustav Brismarks Assertion of Privilege**

The present order addresses several motions. For ease of reference, Defendant Telefonaktienbolaget LM Ericsson and Defendant and Counter-claimant Ericsson, Inc. will, collectively, be referred to as "Ericsson." Plaintiffs and Counter-Defendants TCL Communication Technology Holdings, Ltd., TCT Mobile Limited, and TCT Mobile (US) Inc. will, collectively, be referred to as "TCL."

First, TCL filed a motion for an order regarding the relationship between the breach determination and setting of the FRAND terms and conditions. (Memo. P. & A. Supp. TCL's Mot. Order Re Relationship, Dkt. Nos. 853-2, 854-2.) Ericsson opposes. (Ericsson's Consolidated Opp'n, Dkt. Nos. 944-1, 946.) TCL has replied. (Reply Supp. TCL's Mot. Order Re Relationship, Dkt. Nos. 991-2, 992.)

Second, Ericsson filed a motion for partial summary judgment determining that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 14-00341 JVS (ANx)                           Date   July 25, 2016

Title   TCL Communications Technology Holdings Ltd v. Telefonaktenbologet LM Ericsson, et al.

there has been no breach of Ericsson's obligation to license on fair, reasonable, and nondiscriminatory ("FRAND") terms with respect to certain offer terms. (Memo. P. & A. Supp. Ericsson's Mot. Partial Summ. J., Docket ("Dkt.") Nos. 858-2, 859-1.) Ericsson also requested that those terms be incorporated in the final judgment issued by this Court. (Id.) TCL opposes. (Opp'n Ericsson's Mot. Partial Summ. J., Dkt. Nos. 935-2, 936.) Ericsson has replied. (Reply Supp. Ericsson's Mot. Partial Summ. J., Dkt. Nos. 982-1, 983.)

Third, TCL filed a motion for an order to ostensibly "enforce" this Court's ruling regarding dollar-per-unit rates, and to limit testimony of Mr. Gustav Brismark. (Memo P. & A. Supp. TCL's Mot. Enforce Ruling and Limit Testimony, Dkt. Nos. 850-4, 851-2.) Ericsson opposes. (Ericsson's Consolidated Opp'n.) TCL has replied. (Reply Supp. TCL's Mot. Enforce Ruling and Limit Testimony, Dkt. Nos. 976-2, 977.)

I.   BACKGROUND

The general background of this dispute is known to the parties and to the Court.

TCL is a mobile telecommunications vendor that licenses patents from telecommunications companies like Ericsson. (Second Amended Complaint, Dkt. No. 31 ¶ 2.) Ericsson owns a portfolio of intellectual property rights, some of which are "essential" to the global 2G (second generation), 3G (third generation), and 4G (fourth generation) telecommunications standards set by the European Telecommunications Standards Institute ("ETSI"). (Id. ¶ 3.) ETSI is a standard-development organization that adopts globally-accepted technological standards to facilitate compatibility between products and services in the telecommunications industry. (Id. ¶¶ 38-40.) ETSI requires members who declare their patents "standard essential" ("standard essential patents") to license them on FRAND terms. (Id. ¶¶ 7-8.)

II.  OVERVIEW

At the outset, the Court agrees with the parties' views regarding the FRAND obligation and FRAND rates. As Ericsson puts it in its consolidated opposition to TCL's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 14-00341 JVS (ANx) | Date | July 25, 2016 |
| Title | TCL Communications Technology Holdings Ltd v. Telefonaktenbologet LM Ericsson, et al. | | |

motions:

> Whether Ericsson breached its FRAND commitment in the parties' pre-suit negotiations (and whether TCL is entitled to monetary damages) and whether Ericsson's Option A and Option B offers are FRAND are different questions. Although they are overlapping and related in the sense that their resolution involves consideration of many of the same facts, and could bear upon each other . . . whether Option A or B is FRAND does not dictate whether Ericsson breached its FRAND commitment in the past, and vice versa.

(Ericsson's Consolidated Opp'n p. 21 (emphasis added).) TCL takes the same view: "[T]he parties are in agreement that there needs to be a determination regarding whether Ericsson breached its FRAND obligation, that this determination is for the jury, and that this determination needs to be made separate and apart from the setting of the FRAND terms and conditions." (Reply Supp. TCL's Mot. Order Re Relationship p. 1.) See also Microsoft Corp. v. Motorola, Inc., C10-1823JLR, 2013 WL 2111217 at *4, 84–87, 98–101 (W.D. Wash. Apr. 25, 2013) (setting RAND royalty rates and ranges prior to jury trial regarding breach of contract).

With this structure of the dispute in mind, the Court finds it is worth taking a step back to provide this Court's view of the general tasks that will be posed to the fact-finders at trial.

*First*, an overarching question at trial will be: "Was Ericsson compliant with its obligations to ETSI and to TCL as a purported third party beneficiary?" Essentially, the jury will be tasked with deciding whether Ericsson complied with its obligation to offer licenses to standard essential patents on FRAND terms. As the parties have identified in their many papers, Ericsson may be able to show it was compliant with its obligations to license on FRAND terms and conditions even if neither of its long-form licenses submitted in this litigation as Option A and Option B are, in fact, FRAND licenses. For example, Ericsson might argue that it was not under an obligation to offer a FRAND

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 14-00341 JVS (ANx) | Date | July 25, 2016 |
| Title | TCL Communications Technology Holdings Ltd v. Telefonaktenbologet LM Ericsson, et al. | | |

license to TCL because TCL's negotiating conduct proves that TCL was not acting in good faith. (See Memo. P. & A. Supp. TCL's Mot. Order Re Relationship p. 3 (describing that Ericsson's position is that its obligation is only to negotiate in good faith towards a FRAND license)) TCL has also suggested that the jury might find that Ericsson's offers were outside of the FRAND range, but "close enough" to find that Ericsson was not in breach of its obligation. (See id. p. 2.) Consequently, the Court will ask the jury to decide whether Ericsson was compliant with its FRAND obligations without specific reference to Option A or Option B. If the answer to this initial question is no, the jury will be tasked with assessing what damages TCL is entitled to (if any).

*Second*, without regard to whether Ericsson met its FRAND obligation, the Court will consider: "Is Option A a FRAND license? Is Option B a FRAND license?" As the Court and the parties recognize, a jury finding that Ericsson has met its FRAND obligations does not necessarily dictate an answer of "yes" to either of these two subsequent questions. The fact-finder will be independently tasked with deciding whether the evidence establishes that Ericsson's offers were FRAND. If the offers themselves are FRAND, then this should end the inquiry about what the binding payment obligation should be going forward. The fact-finder's determination that either Option A or Option B are FRAND licenses would permit the Court to enter such Option as the Court's final judgment in this matter. One of those Options will be entered as the binding license agreement between the parties if such Option is determined to be FRAND.[1] The Court is persuaded that any other procedure following a determination that Option A or Option B are FRAND would be unfair to Ericsson, because it would create a "risk free" opportunity for TCL to improve on Ericsson's licensing proposals through the mechanism of trial. (See Ericsson Consolidated Opp'n p. 14–15.)

*Third*, and only if the fact-finder finds that neither Option A nor Option B are FRAND licenses, the fact-finder will be tasked with answering the question: "What are the components of a FRAND license?" Such inquiry would proceed in three steps:

---

[1] In a separate motion, Ericsson indicates that if the fact-finder decides that both Option A and Option B are FRAND, then TCL can elect which will constitute the binding payment obligation. (See Ericsson's Memo. P. & A. Supp. Ericsson's Mot. In Limine re Timing p. 4, Dkt. No. 868-2.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 14-00341 JVS (ANx)                                    Date  July 25, 2016

Title  <u>TCL Communications Technology Holdings Ltd v. Telefonaktenbologet LM Ericsson, et al.</u>

      The fact-finder will first identify what it finds to be the material terms of a FRAND license. The parties are likely to agree that certain terms are material (<u>e.g.</u>, License and Royalty Terms), and the fact-finder may be directed to so find.

      Upon identifying the material terms, the fact-finder will then be tasked to supply the FRAND term for each material term. The Court anticipates that for each term the fact-finder will be presented with competing options, and the fact-finder will be free to pick one of the options or craft its own option. For example, the fact-finder will determine FRAND terms for each royalty TCL must pay to Ericsson for each product that is part of this license that is compliant with 2G, 3G, and/or 4G. This determination will not be limited to a particular form. The fact-finder will be permitted, for example, to enter its determination in a form that is the percentage of a net selling price or enter its determination in a form that is a dollar-per-unit amount. The fact-finder will be permitted to use a cap and a floor, if the evidence shows that such mechanisms are FRAND.

      After the fact-finder supplies a FRAND term for each material term, the Court will inquire whether all the terms, in the aggregate, meet the requirements of a FRAND license. If the fact-finder concludes that the aggregate of all the terms as found by the fact-finder is a FRAND license, then that determination will constitute the binding final judgment of the Court.

      Finally, the Court's present view is that this final step is a task for the Court to complete, and not a task for the jury. The Court, in its discretion, is considering empaneling an advisory jury to assist in any fact-finding necessary for this step.

      With the foregoing structure to this trial in mind, the Court addresses each of the parties' individual motions.

III.    TCL'S MOTION FOR ORDER REGARDING THE RELATIONSHIP BETWEEN THE BREACH DETERMINATION AND SETTING OF THE FRAND TERMS AND CONDITIONS

      As discussed above, the parties and the Court are in agreement that the breach

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 14-00341 JVS (ANx)  Date  July 25, 2016

Title  TCL Communications Technology Holdings Ltd v. Telefonaktenbologet LM Ericsson, et al.

determination and setting of FRAND terms and conditions are separate inquiries. The Court believes the trial can account for these two separate inquiries. Consequently, the Court grants, in part, TCL's motion.

TCL argues "there are many factual scenarios wherein a finding of 'no breach' would not necessarily lead to the conclusion that Option A or B should govern the parties' licensing relationship moving forward." (Memo. P. & A. Supp. TCL's Mot. Order Re Relationship p. 1.) This Court acknowledges as much, and thus will separately resolve whether Option A or Option B are FRAND licenses. This approach eliminates TCL's claim of a "rigged system wherein the bar is set extremely low for purposes of judging whether Ericsson breached its FRAND obligation, while Ericsson then uses the outcome of that inquiry to impose rates on TCL that may not actually be FRAND." (Id. p. 3.) This will not happen in the trial because the Court will separately resolve whether Option A or Option B are, in fact, FRAND licenses.

Nevertheless, the Court disagrees with TCL that if the fact-finder finds that either Option A or Option B are FRAND licenses, the fact-finder could nonetheless pick a different, lower rate. It is TCL's burden to prove a breach of contract and prove that Ericsson's offers are not FRAND. If they *are* FRAND, the Court perceives no prejudice in imposing a judgment that would, in fact, be FRAND.

For the foregoing reasons, and in the foregoing manner, the Court **grants in part and denies in part** TCL's motion for an order regarding the relationship between the breach determination and the setting of the FRAND terms and conditions.

IV. ERICSSON'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF NO BREACH OF FRAND WITH RESPECT TO CERTAIN OFFER TERMS

Ericsson moves for partial summary judgment as to no breach of its FRAND obligations with respect to many of the terms in its long-form licenses. TCL previously acknowledged that certain license terms were not the basis of TCL's breach of FRAND claim. Now, asserting that TCL's expert reports failed to challenge Ericsson's offers "on any grounds other than the royalty rate and base," Ericsson moves for partial summary

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 14-00341 JVS (ANx)                                Date  July 25, 2016

Title  TCL Communications Technology Holdings Ltd v. Telefonaktenbologet LM Ericsson, et al.

judgment of no breach of contract with respect to a further 16 license terms. (See Memo. P. & A. Supp. Ericsson's Mot. Partial Summ. J. p. 1.) TCL agrees that 14 of the 16 terms do not form a basis for its allegation that Ericsson breached its FRAND obligations. (See Opp'n Ericsson's Mot. Partial Summ. J. p. 9.) The other two terms require further consideration.

      A.    Ericsson is entitled to summary judgment on whether offering "Licensed Ericsson Patents" breached its obligation to offer licenses on FRAND terms

TCL argues that Ericsson's refusal to give TCL "the same deal it gave others" forms the basis for its contention that Ericsson's term "Licensed Ericsson Patents" is not FRAND. (Opp'n Ericsson's Mot. Partial Summ. J. p. 11.) TCL identifies four of its competitors that have been granted a license to more patents than solely the patents that have been declared standard essential patents. This is insufficient to raise a triable issue of fact regarding whether Ericsson's refusal to license its implementation patents and/or other non-standard essential patents was a violation of its FRAND obligations.

Instead, the record indicates that this term is consistent with the parties' negotiating and licensing history. (See Han Decl. ¶ 4–5, Dkt. No. 225.) The record also shows that Ericsson has only licensed its implementation patents as part of a FRAND license when parties agree to *cross-license* their implementation patents. (Id. ¶ 5.) Further, the Court has already previously held that Ericsson was not obligated to offer non-essential implementation patents merely because Ericsson licensed its implementation patents to TCL's competitors. (See June 29 Order p. 4, Dkt. No. 279-1.) TCL has therefore failed to adduce evidence that raises a triable issue of fact regarding whether Ericsson's refusal to license its implementation and other non-standard essential patents to TCL violated the nondiscriminatory prong of Ericsson's FRAND obligations. Further, TCL has otherwise failed to come forward with evidence raising a triable issue of fact that "Licensed Ericsson Patents" is unfair or unreasonable. (See TCL's Statement of Genuine Disputes of Material Facts ¶ 6, Dkt. No. 935-3.) Consequently, the Court grants Ericsson partial summary judgment as to whether offering the term "Licensed Ericsson Patents" constitutes a breach of Ericsson's obligation to offer licenses on terms and conditions that are FRAND.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 14-00341 JVS (ANx) | Date | July 25, 2016 |
| Title | TCL Communications Technology Holdings Ltd v. Telefonaktenbologet LM Ericsson, et al. | | |

    B.    Ericsson is entitled to summary judgment on whether offering "Pass-Through Rates" breached its obligation to offer licenses on FRAND terms

At the outset, TCL argues that Ericsson's term "Pass-Through Rates" is unfair and unreasonable, but TCL does not contend that the term "Pass-Through Rates" is discriminatory.

TCL argues that Ericsson's licensing practices amount to "double dipping" or "stacking" in contravention of Ericsson's stated licensing policies. (See Opp'n Ericsson's Mot. Partial Summ. J. p. 14.) TCL argues that Ericsson "double dips" when it extracts a 3G fee from a chipset supplier, and then a 2G license from TCL. (Id.) The Court disagrees. Two separate "dips" for two separate technologies is not "double dipping." The Court agrees with Ericsson that TCL is not being obligated to pay a 4G rate *plus* the 3G rate or a 3G rate *plus* the 2G rate when TCL sells a phone that implicates the pass-through rights of a third party. Instead, TCL "pays the rate for the most-recent generation of unlicensed functionality in each phone." (Reply Supp. Ericsson's Mot. Partial Summ. J. p. 7.) It cannot be unfair or unreasonable for Ericsson to include a term that provides for TCL to actually pay for a license for those 2G and 4G technologies that would otherwise be unlicensed on TCL's devices. TCL has not put forth any evidence that such a licensing arrangement is unfair or unreasonable. (See TCL's Statement of Genuine Disputes of Material Facts ¶ 6, Dkt. No. 935-3.) It is uncontroverted that the chipset supplier does not have a license to practice Ericsson's 2G patents that it could "pass-through." The Court thus agrees with Ericsson that TCL's argument boils down to TCL desiring a royalty-free deal for certain technologies in phones that integrate a chipset from a partially-licensed chipset manufacturer. Ericsson's refusal to forego compensation for otherwise unlicensed technology cannot be unfair or unreasonable, and TCL puts forth no expert analysis that it is. Consequently, the Court grants Ericsson summary judgment as to whether offering the term "Pass-Through Rate" constitutes a breach of Ericsson's obligation to offer licenses on terms and conditions that are FRAND.

    C.    Integration of Terms into Final, Binding Payment Obligation

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 14-00341 JVS (ANx)                                Date   July 25, 2016

Title        TCL Communications Technology Holdings Ltd v. Telefonaktenbologet LM Ericsson, et al.

   Separately, Ericsson asks that for all the terms that do not constitute a breach of Ericsson's FRAND obligations, the terms should be incorporated into the final, integrated license that will result from the Court's adjudication of this matter. (Memo. P. & A. Supp. Ericsson's Mot. Partial Summ. J. p. 9.)

   *First*, TCL concedes certain terms should be part of the final binding payment obligation. TCL explicitly agrees that certain terms (Non-exclusivity, Licensed TCL Products, and License Period) are undisputed and may be adopted into a final judgment. (See TCL's Opp'n Ericsson's Mot. Partial Summ. J. p. 15–16.) The jury can be so instructed.

   *Second*, with respect to the other 13 terms at issue, the Court fashioned the trial procedure recited above to account for the necessity to supply material terms to the binding payment obligation. The fact-finder will, in the first instance, determine the materiality of particular terms. The fact-finder will then supply a FRAND term for each material term. The term that the fact-finder picks for each material term will be based on the evidence. For example, if the fact-finder determines that "Change of Control" is a material term, it may further determine that Ericsson's proposed Change of Control clause is an appropriate one. However, the fact-finder could also decide, if the evidence supports the verdict, that some modified version of the Change of Control clause is a FRAND term.

   *Third*, at the hearing, counsel for Ericsson explained that if the form of the Court's final order in this matter is an injunction that binds TCL and its foreign subsidiaries, then many of the terms in Ericsson's long-form license need not be adjudicated. Counsel for TCL did not contest the idea that the final binding payment obligation in this case would take the form of some form of injunctive relief. (See also TCL's Opp'n Ericsson's Mot. Partial Summ. J. p. 17 ("TCL and Ericsson have agreed to be bound by the decision of the Court and that this case will end in a binding payment obligation")). The parties appear to be in agreement as to the form of the final judgment in this case.

   In this manner, material terms will not be left out of the final judgment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 14-00341 JVS (ANx) | Date | July 25, 2016 |
| Title | TCL Communications Technology Holdings Ltd v. Telefonaktenbologet LM Ericsson, et al. | | |

    D.    Conclusion

    In the foregoing manner and for the foregoing reasons, the Court **grants in part, and denies in part**, Ericsson's motion for partial summary judgment of no breach of FRAND with respect to certain offer terms.

V.    TCL'S MOTION TO ENFORCE RULING REGARDING DOLLAR-PER-UNIT RATES

    As TCL concedes, TCL is not seeking an order "precluding any Ericsson witnesses . . . and counsel from making any reference whatsoever to dollar-per-unit royalties at trial." (Reply Supp. TCL's Mot. Enforce Ruling and Limit Testimony p. 2.) TCL claims to be seeking an order solely to prohibit Ericsson from "seeking or advocating for use of a dollar-per-unit structure, i.e., making arguments to the fact finder that the royalty rates to be set in this matter should utilize a pure dollar-per-unit structure." (Id.) The Court agrees with TCL, that Ericsson should not be permitted to advocate for a pure dollar-per-unit structure for components of the license that have not previously been expressed as a pure dollar-per-unit structure.

    This Court's May 24 Order concluded that Ericsson could not supplement its FRAND contentions with Option C to show that it was prepared to license its standards essential patents to TCL on FRAND terms and conditions. The Court found that Ericsson was not diligent in its discovery of a basis for its new FRAND contentions, and that allowing Ericsson to supplement its FRAND contentions "late in the litigation would likely result in substantial prejudice to TCL." (May 24 Order p. 5, Dkt. No. 760.) The substantial prejudice included the fact that the new contentions would require TCL to conduct substantial additional discovery. (Id. pp. 5–6.)

    The Court finds that advocacy of a pure dollar-per-unit rate structure in the crafting of the final binding payment obligation between the parties would lead to the same prejudice and is not warranted in this case. Essentially, although the economics of dollar-per-unit rates have been part of this case for certain royalty rates (e.g., the 4G rate paid for "TCL End User Terminals" under Option B, the rates paid for external modems, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 14-00341 JVS (ANx)          Date  July 25, 2016

Title  TCL Communications Technology Holdings Ltd v. Telefonaktenbologet LM Ericsson, et al.

rates paid for personal computers), the majority of terms related to TCL End User Terminals (i.e., phones) are expressed as running royalty percentages to the net selling price. The running royalty percentages are the economic terms that are the subject of the expert reports in this case. If Ericsson suddenly changed the structure of the deal that it is advocating for, the work done by the experts in this case under the previous contentions about the structure of the deal would be wasted and the Court would be forced to reopen discovery in a manner that would certainly impact the trial date. Consequently, Ericsson is not permitted to advocate for a pure dollar-per-unit royalty rate in the formation of the final, binding payment obligation.

However, that is not to say that dollar-per-unit rates will be totally excluded from this litigation. TCL concedes that it is not its intention to prevent Ericsson from advocating in favor of its Option A or B offers, including the use of a floor or cap for 4G phones. (Reply Supp. TCL's Mot. Enforce Ruling and Limit Testimony p. 1.) Presumably, this also means that Ericsson can advocate in favor of dollar-per-unit rates for external modems and personal computers as well, because those rates were expressed as dollar-per-unit rates in Ericsson's Options A & B. In fact, it is only the 2G and 3G rates that do not have a dollar-per-unit rate component to them under either Option A or Option B. Consequently, Ericsson cannot advocate for the use of a dollar-per-unit rate structure for those components of the ongoing payment obligation and cannot advocate for a "pure" dollar-per-unit rate structure for the 4G royalty rate (although advocacy for a floor and cap in dollar-per-unit terms is acceptable for the 4G royalty rate). Ericsson may otherwise advocate for dollar-per-unit rates.

For the foregoing reasons, the Court **grants** TCL's request to "enforce" the Court's May 24 ruling.

VI.  TCL'S MOTION TO LIMIT TESTIMONY RELATED TO GUSTAV BRISMARK'S ASSERTION OF PRIVILEGE

The Court perceives no reason to adjudicate the supposed dispute regarding Mr. Brismark's assertion of privilege except to **grant** TCL's motion. The parties are in agreement; Ericsson will not be permitted to ask Mr. Brismark to disclose the substance

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 14-00341 JVS (ANx) | Date | July 25, 2016 |
| Title | TCL Communications Technology Holdings Ltd v. Telefonaktenbologet LM Ericsson, et al. | | |

of the claimed-privileged economic analysis. (See Ericsson's Consolidated Opp'n p. 24.)

Nevertheless, the Court also agrees with Ericsson that Mr. Brismark's assertion of privilege is no impediment to Mr. Kennedy's testimony and his own opinions which were disclosed in a rebuttal expert report.

VII. CONCLUSION

For the foregoing reasons, and in the foregoing manner, the Court:

(1) **Grants in part, and denies in part** TCL's "Motion for Order Regarding the Relationship between the Breach Determination and the Setting of the FRAND Terms and Conditions."

(2) **Grants in part, and denies in part** Ericsson's "Motion for Partial Summary Judgment of No Breach of FRAND with Respect to Certain Offer Terms."

(3) **Grants in part, and denies in part** TCL's "Motion to Enforce Ruling Regarding Dollar-per-unit Rates, and Limit Testimony Related to Gustav Brismark's Assertion of Privilege."

**IT IS SO ORDERED.**

| | : | 00 |
|---|---|---|
| Initials of Preparer | ig for kjt | |