UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 14-0341 JVS (DFMx)                    Date   August 9, 2016

Title   TCL Communications Technology Holdings, Ltd. v. Telefonaktiebolaget
LM Ericsson et al.

Present: The Honorable        James V. Selna

| Ivette Gomez | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   **(IN CHAMBERS)**        **Defendants' Motion for Partial Summary
Judgment as to No Damages for Breach of
Contract Promissory Estoppel, or Violation
of California Unfair Competition Law
(Fld 6-20-16, Dkt 863)**

**Defendant's Motion for Summary Judgment
as to No Liability for Breach of Contract,
Promissory Estoppel, or UCL Violation
(Fld 6-20-16, Dkt 866)**

The present order addresses two motions. For ease of reference, Defendant
Telefonaktienbolaget LM Ericsson and Defendant and Counter-claimant Ericsson, Inc.
will, collectively, be referred to as "Ericsson." Plaintiffs and Counter-Defendants TCL
Communication Technology Holdings, Ltd., TCT Mobile Limited, and TCT Mobile (US)
Inc. will, collectively, be referred to as "TCL."

First, Ericsson moved for summary judgment of no liability for breach of contract,
promissory estoppel, or violation of California's Unfair Competition Law, Cal. Bus. &
Prof. Code § 17200, et seq. ("UCL"). (Memo. P. & A. Supp. Mot. Summ. J. No Liability
("Mot. No Liability"), Docket ("Dkt.") Nos. 865, 866.) TCL opposes. (Opp'n Mot.
Summ. J. No Liability ("Opp'n No Liability"), Dkt. Nos. 943, 945.) Ericsson replied.
(Reply Mot. Summ. J. No Liability ("Reply No Liability"), Dkt. Nos. 973, 974.)

Second, Ericsson moved for partial summary judgement of no damages for breach
of contract, promissory estoppel, or violation of California's UCL. (Memo P. & A. Supp.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-0341 JVS (DFMx) | Date | August 9, 2016 |
|---|---|---|---|

| Title | TCL Communications Technology Holdings, Ltd. v. Telefonaktienbolaget LM Ericsson et al. |
|---|---|

Mot. Summ J. No Damages ("Mot. No Damages"), Dkt. Nos. 862, 863.) TCL opposes. (Opp'n Mot. Summ J. No Damages ("Opp'n No Damages"), Dkt. Nos. 951, 952.) Ericsson replied. (Reply Mot. Summ. J. No Damages ("Reply No Damages"), Dkt. Nos. 979, 980.)

For the following reasons, the Court **denies** Ericsson's motion for summary judgment of no liability and the Court **grants** Ericsson's motion for partial summary judgment of no damages.

I.      Background

The general background of this dispute is well-known to the parties and to the Court. For further information, consult this Court's June 29, 2015 "Order re Motions." (Dkt. No. 279-1)

Briefly, TCL is a mobile telecommunications vendor that licenses patents from telecommunications companies like Ericsson. (Second Amended Complaint, Dkt. No. 31 ¶ 2.) Ericsson owns a portfolio of intellectual property rights, some of which are "essential" to the global 2G (second generation), 3G (third generation), and 4G (fourth generation) telecommunications standards set by the European Telecommunications Standards Institute ("ETSI"). (Id. ¶ 3.) ETSI is a standard-development organization that adopts globally-accepted technological standards to facilitate compatibility between products and services in the telecommunications industry. (Id. ¶¶ 38-40.) ETSI requires members who declare their patents "standard essential" ("standard essential patents") to license them on fair, reasonable, and nondiscriminatory ("FRAND") terms. (Id. ¶¶ 7-8.)

II.     Legal Standard

Summary judgment is appropriate where the record, read in the light most favorable to the nonmovant, indicates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Summary adjudication, or partial summary judgment "upon all or any part of [a] claim," is appropriate where there is no genuine dispute as to any material fact regarding that portion of the claim. Fed. R. Civ. P. 56(a); see also Lies v. Farrell Lines, Inc., 641 F.2d 765, 769 n.3 (9th Cir. 1981)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 14-0341 JVS (DFMx) | Date | August 9, 2016 |

| | |
|---|---|
| Title | TCL Communications Technology Holdings, Ltd. v. Telefonaktiebolaget LM Ericsson et al. |

("Rule 56 authorizes a summary adjudication that will often fall short of a final determination, even of a single claim . . . .") (internal quotation marks omitted).

Material facts are those necessary to the proof or defense of a claim, and are determined by referring to substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In deciding a motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255.[1]

The moving party has the initial burden of establishing the absence of a material fact for trial. Anderson, 477 U.S. at 256. "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact . . ., the court may . . . consider the fact undisputed." Fed. R. Civ. P. 56(e)(2). Furthermore, "Rule 56[(a)][2] mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322. Therefore, if the nonmovant does not make a sufficient showing to establish the elements of its claims, the Court must grant the motion.

III.    Discussion - Summary Judgment of No Liability

Ericsson's motion for summary judgment of no liability for breach of contract,

---

[1] "In determining any motion for summary judgment or partial summary judgment, the Court may assume that the material facts as claimed and adequately supported by the moving party are admitted to exist without controversy except to the extent that such material facts are (a) included in the 'Statement of Genuine Disputes' and (b) controverted by declaration or other written evidence filed in opposition to the motion." L.R. 56-3.

[2] Rule 56 was amended in 2010. Subdivision (a), as amended, "carries forward the summary-judgment standard expressed in former subdivision (c), changing only one word — genuine 'issue' becomes genuine 'dispute.'" Fed. R. Civ. P. 56, Notes of Advisory Committee on 2010 amendments.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 14-0341 JVS (DFMx)                              Date   August 9, 2016

Title   TCL Communications Technology Holdings, Ltd. v. Telefonaktienbolaget
LM Ericsson et al.

promissory estoppel, or violation of the UCL[3] is premised on two points.

First, Ericsson argues that, as a matter of French law and interpretation of ETSI's
FRAND commitment, TCL must "show that Ericsson's pre-suit negotiating conduct,
taken as a whole, was inconsistent with Ericsson's FRAND commitment to ETSI." (Mot.
No Liability p. 1.) In Ericsson's view, it is not enough that TCL merely show Ericsson
made one or more offers that were outside of the range of what would be a FRAND offer.
(Id.)

Second, Ericsson contends that TCL has no proof that pre-litigation licenses were
not FRAND and argues that TCL has no evidence to prove that Ericsson's pre-suit
negotiating conduct violated Ericsson's FRAND commitment. (Id.)

TCL responds that Ericsson's motion is meritless. TCL contends that it has pre-
lawsuit evidence of Ericsson's breach of its FRAND obligation. TCL further contends
that its post-lawsuit evidence is probative of whether Ericsson's pre-lawsuit conduct was
a breach of the FRAND obligation. (Opp'n No Liability p. 25.)

The Court agrees with TCL. Even assuming that TCL must show that Ericsson did
more than make one or more offers outside of the FRAND range, the Court finds that
there is substantial evidence that would permit the trier of fact to find that Ericsson
breached its FRAND commitment.

A.      Pre-lawsuit Evidence

TCL contends that it has five categories of "pre-lawsuit" evidence that are
sufficient to raise a genuine issue of material fact as to whether Ericsson breached its
FRAND commitment. The Court considers them in the order addressed by TCL.

1.      Reference Prices

---

[3] According to Ericsson, TCL's allegations that Ericsson breached the FRAND commitment are
the "bedrock" of their promissory estoppel and UCL claims as well. (Mot. No Liability p. 2.) For ease of
reference, this Order may refer to all three claims simply as TCL's claims for breach of contract.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    SACV 14-0341 JVS (DFMx)                    Date    August 9, 2016

Title    TCL Communications Technology Holdings, Ltd. v. Telefonaktienbolaget LM Ericsson et al.

As has been discussed elsewhere in this litigation, Ericsson uses "reference rates" to determine the royalty rates to be used by licensing personnel in formulating license offers for Ericsson's standard essential patents. Evidence shows that reference prices have been dropping significantly over the past four years. Without going into the specific numbers, certain reference rates dropped by nearly 50% between March 2013 and March 2015 and all reference rates dropped by at least one-fifth over those two years. (Compare Holder Decl. Supp. Opp'n No Liability Ex. 16, Dkt. No. 943-21 with Ericsson's FRAND Contentions, Dkt. No. 138.)

TCL argues that a reasonable fact-finder could look at the falling rates and conclude that the rates fell because the rates that Ericsson demanded between March 2013 and March 2015 were not fair or reasonable rates. Ericsson responds that TCL has no evidence that the earlier reference prices were not FRAND at the time they were in force.

The Court agrees with TCL. A reasonable fact-finder could find that the rates offered in 2013 and 2014 were unreasonable or unfair. The fact that the reference rates dropped dramatically during a two-year time period is significant evidence that would allow a reasonable fact-finder to infer that earlier rates were not reasonable and were not fair. There is also other evidence that would support such an inference, namely the fact that many licenses with handset manufacturers were not executed under the earlier reference prices. (See Holder Decl. Supp. Opp'n No Liability Exs. 34–37, Dkt. Nos. 943-39–943-42.) A reasonable fact-finder could conclude that licenses with these handset manufacturers would have concluded under earlier reference prices had those reference prices been fair and reasonable. Market feedback can be an implicit condemnation of the unreasonableness or unfairness of the prices being charged. A reasonable fact finder could conclude that the earlier, 2013 and 2014 reference rates (and offers corresponding to those rates) were not FRAND.

2.      Estimate of Proportional Share

Ericsson's reference prices are based, in part, on its estimate of its proportional share of the standard essential patents for a given standard. TCL argues that there is evidence in the record to show that Ericsson's estimates of its proportional share of the standard essential patents for the 4G standard was 100% (or more) greater than the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    SACV 14-0341 JVS (DFMx)              Date    August 9, 2016

Title    TCL Communications Technology Holdings, Ltd. v. Telefonaktiebolaget LM Ericsson et al.

estimates of other studies looking at Ericsson's contributions. (<u>Compare</u> Holder Decl. Supp. Opp'n No Liability Ex. 21 p.4, Dkt. No. 943-26 <u>with</u> id. Ex. 18 p. 66, Dkt. No. 943-23.) This presents a triable issue of fact regarding whether Ericsson was reasonable in its estimate of its proportional share of the standard essential patents for a given standard.

The Court concludes that a reasonable fact-finder could infer that Ericsson's reference prices were greatly inflated based on an inaccurate estimate of its proportional share of the standard essential patents to the 4G standard. If those historical reference prices were greatly inflated, then the offers that Ericsson made based on those reference prices could be considered to be unfair or unreasonable as well.

3.    Use of Infringement Litigation and Injunctive Relief

Neither party disputes that Ericsson initiated a campaign of patent infringement lawsuits against TCL between 2012 and 2015. TCL argues that there is evidence in the record that the purpose of such campaign "was to put pressure on TCL to agree to Ericsson's desired terms." (Holder Decl. Supp. Opp'n No Liability Ex. 17, Dkt. No. 943-22.) TCL further cites internal strategy documents and presentations from Ericsson and its employees regarding the relationship between litigation and negotiation in the FRAND context. (<u>See</u> Holder Decl. Supp. Opp'n No Liability Exs. 23–24, Dkt Nos. 943-28–943-29.)

Ericsson responds that the internal strategy documents reflect an innocent, FRAND purpose of bringing otherwise unwilling licensees to the negotiation table where negotiations could occur in good faith. (Reply No Liability pp. 11–12.)

The Court agrees with TCL. The strategy documents and presentations are subject to more than one interpretation. A reasonable fact-finder could reasonably infer that the campaign of litigation was not initiated simply to get TCL back to the negotiation table, but to effectively force TCL to actually submit to terms that a reasonable fact-finder could find were not FRAND.

Importantly, the Court believes that a reasonable fact-finder could conclude that this conduct is important to the determination that Ericsson breached its FRAND

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-0341 JVS (DFMx) | Date | August 9, 2016 |
|---|---|---|---|

| Title | TCL Communications Technology Holdings, Ltd. v. Telefonaktiebolaget LM Ericsson et al. |
|---|---|

obligations. The conduct of initiating infringement lawsuits and pursuing injunctive relief can constitute something more than the more innocent conduct of merely making offers that are not, themselves, FRAND. Cf. Apple Inc. v. Motorola, Inc., 757 F.3d 1286, 1332 (Fed. Cir. 2014) overruled on other grounds by Williamson v. Citrix Online LLC, 792 F.3d 1339 (Fed. Cir. 2015) (injunctions on standard essential patents may be justified only where patentee can establish irreparable harm, such as where infringer refuses a FRAND royalty or unreasonably delays negotiations); Microsoft Corp. v. Motorola, Inc., 696 F.3d 872, 885 (9th Cir. 2012) ("injunctive relief against infringement is arguably a remedy inconsistent with the [RAND] licensing commitment"); Realtek Semiconductor Corp. v. LSI Corp., 946 F. Supp. 2d 998, 1006 (N.D. Cal. 2013) ("the act of seeking injunctive relief . . . is inherently inconsistent" with the obligation to license on RAND terms).

4.     License with Third Party

TCL cites to a license executed between Ericsson and a third party prior to the date TCL filed its lawsuit. This license has terms that TCL's experts have opined are significantly different from, and significantly more favorable than, the terms that Ericsson had been offering to TCL as of the date that TCL filed its lawsuit. (See Holder Decl. Supp. Opp'n Mot. Summ. J. No Liability Ex. 25, Dkt. No. 943-30.)

Ericsson argues in conclusory fashion that this license is not "significant probative evidence." (Reply Mot. Summ. J. No Liability pp. 12–13.) The Court disagrees. This license with a third party is significant probative evidence sufficient to raise a genuine dispute of material fact regarding whether Ericsson's pre-litigation offers to TCL were FRAND offers. The fact-finder could reasonably conclude that the license shows that Ericsson and this third party were willing to enter into licensing terms that were presumably fair and reasonable while Ericsson was making offers to TCL that had rates significantly higher—discriminatory rates. A reasonable fact-finder could credit the opinion of TCL's expert who will opine that the royalty rates being paid by the third party are much less than the rates demanded of TCL at the same time.

5.     TCL's experts

TCL argues that, contrary to Ericsson's assertions, TCL's experts have actually

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-0341 JVS (DFMx) | Date | August 9, 2016 |
|---|---|---|---|

| Title | TCL Communications Technology Holdings, Ltd. v. Telefonaktienbolaget LM Ericsson et al. |
|---|---|

opined that Ericsson's pre-litigation conduct was in breach. Dr. Lynde did opine as to the price of Ericsson's most recent pre-litigation offer, and the comparison of that price to the price charged to handset manufacturers that TCL contends are similarly situated licensees. (See Holder Decl. Supp. Opp'n No Liability Ex. 27 ¶ 100, Dkt. No. 943-32.) Ericsson criticizes TCL's expert for not using FRAND terminology when, instead, TCL's expert characterized Ericsson's license offers from 2011 to 2013 as "quite high." (Reply No Liability p. 13.) However, for the same reasons discussed supra, where the Court concluded that falling reference rates are some material evidence of earlier offers not being fair or reasonable, Dr. Lynde's opinion regarding the rates being "quite high" can also be evidence and opinion that a fact-finder could credit as part of a determination that these earlier offers were not fair or reasonable.

Another TCL expert opined that "Ericsson made offers to TCL prior to 2014, and those rates were at even higher rates" than the rates offered around the time this litigation commenced. (See Holder Decl. Supp. Opp'n No Liability Ex. 9 ¶ 88, Dkt. No. 943-15.) In short, TCL's experts opine that Ericsson's pre-litigation offers were at a higher royalty rate than offers that they analyze in greater detail. This is sufficient to raise a material fact as to whether those pre-litigation offers are themselves FRAND. Ericsson may, of course, argue that a proper analysis of prior offers cannot be limited to a simple inquiry as to whether the earlier offers are higher than other offers. But a reasonable fact-finder could reasonably determine that if they find the current offers to TCL not to be FRAND, then the earlier, less favorable offers to TCL were not FRAND either.

6.     Conclusion

For the foregoing reasons, the Court concludes that there is sufficient pre-litigation evidence that would permit a reasonable fact-finder to find that Ericsson's pre-litigation conduct and offers to TCL were in violation of Ericsson's obligation to offer license terms that are FRAND.

B.     Post-lawsuit Evidence

TCL also contends that it has two categories of "post-lawsuit" evidence that are sufficient to raise a genuine issue of material fact as to whether Ericsson breached its FRAND commitment prior to the commencement of this litigation.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 14-0341 JVS (DFMx)                    Date    August 9, 2016

Title    TCL Communications Technology Holdings, Ltd. v. Telefonaktienbolaget LM Ericsson et al.

1.    Post-litigation licenses

As decided on a separate motion in limine, the Court has already ruled that licenses entered into with third parties after the commencement of this litigation are probative and admissible as to whether prior license offers were FRAND. (See Dkt. No. 1054 pp. 2–4.)

TCL may argue, and a reasonable fact-finder may find, that licenses entered into after this lawsuit began are probative of whether Ericsson's previous offers were unfair or unreasonable and whether it would have resulted in discrimination against TCL had TCL acquiesced to the earlier offered terms. Ericsson can, of course, argue that these later-entered licenses are explained by changing conditions in the licensing marketplace, and the fact-finder may believe Ericsson instead. Because these licenses are subject to more than one interpretation, and all reasonable inferences must be made in favor of the non-movant on a motion for summary judgment, these later-entered licenses are sufficient evidence such that there is a genuine dispute of material fact as to whether Ericsson's pre-suit offers to TCL were FRAND and whether Ericsson, in fact, breached its FRAND obligations.

2.    September 2015 Technical Analysis

TCL's experts used September 15, 2015 as the "effective date" for TCL's technical experts' analysis of how Ericsson's declared essential patent portfolio compared with the global landscape of standard essential patents essential to given standards. Essentially, TCL endeavored to determine Ericsson's proportional share (and a qualitative analysis of that share) of the standard essential patents in a given standard as of the date September 15, 2015, but not any date before September 2015. Ericsson argues that the timing of this analysis renders the analysis totally irrelevant for purposes of deciding TCL's breach of contract claims.

Ericsson's argument is based on two facts. First, between 2013 and early 2015 Ericsson divested 130 patent families. Second, Ericsson's pre-litigation offers to TCL covered these patents that were later divested.

The Court, once again, agrees with TCL in this dispute. Ericsson will be free to argue that the 130 patent families that were divested between 2013 and 2015 account for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    SACV 14-0341 JVS (DFMx)                    Date    August 9, 2016

Title    TCL Communications Technology Holdings, Ltd. v. Telefonaktienbolaget LM Ericsson et al.

the reduction in the prices Ericsson attempted to charge TCL. However, a reasonable fact-finder could also accept the extensive work product of TCL's experts and draw some conclusions regarding the value of Ericsson's patent portfolio prior to September 15, 2015 as well. The Court agrees with TCL that Ericsson's criticisms of the analysis—namely the fact that the analysis failed to account for patent divestitures since 2013—goes to the weight of evidence and not generally to whether a fact-finder could permissibly use the analysis to help it decide whether the offers that were made to Ericsson prior to litigation were in breach of Ericsson's FRAND obligation. As TCL points out, there is other evidence in the record that a fact-finder could credit to conclude that Ericsson's patent portfolio had actually *increased* in strength through the addition of new patents between July 2012 and September 15, 2015. (See Opp'n No Liability p. 23 n.4; Kim Decl. Supp. Opp'n No Liability ¶ 7, Dkt. No. 943-4.)

        C.    Conclusion

        For the foregoing reasons, the Court denies Ericsson's motion for summary judgment of no liability with respect to TCL's claims for breach of contract, promissory estoppel, and violation of the UCL. TCL has shown that it has sufficient evidence, both post-litigation and pre-litigation, to raise a genuine dispute of material fact as to whether Ericsson breached its FRAND obligation to ETSI.

IV.    Discussion - Partial Summary Judgment of No Damages

        The basis for Ericsson's motion regarding no damages for breach of contract, promissory estoppel, and violation of the UCL is Ericsson's argument that TCL has failed to meet its discovery obligations to substantiate the only measure of damages left in this case. This purported failure of proof leads Ericsson to move for partial summary judgment of no damages with respect to TCL's breach of contract claims.

        For the following reasons, the Court finds that TCL has failed to satisfy its burden on summary judgment to come forward with admissible evidence to create a triable issue of fact on damages. Based on the very limited amount of evidence regarding damages in this case, no reasonable fact-finder could calculate with *any* degree of certainty the damages sustained by TCL. Consequently, the Court grants Ericsson's motion for partial summary judgment as to damages.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    SACV 14-0341 JVS (DFMx)                    Date    August 9, 2016

Title    TCL Communications Technology Holdings, Ltd. v. Telefonaktienbolaget LM Ericsson et al.

A.    TCL Disclaims Other Damages

At a June 7, 2016 hearing on this matter, TCL informed the Court that TCL's damages "were attorneys' fees and expert witness fees that occurred in connection with foreign litigation." (See Woodin Decl. Supp. Mot. No Damages ("Woodin Decl.") Ex. A p. 12, Dkt. No. 863-3.) TCL indicates its spending on foreign attorneys is its sole measure of damages in this case. (See Opp'n No Damages pp. 9, 14.)

B.    Background - TCL's Discovery Responses

1.    Rule 26(a)(1)(A)(iii)

Rule 26 provides that, "a party must, *without awaiting a discovery request*, provide to the other parties . . . a computation of each category of damages claimed by the disclosing party." Fed. R. Civ. P. 26(a)(1)(A)(iii) (emphasis supplied). The disclosing party must also "make available for inspection and copying . . . the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered." Id.

TCL's March 28, 2016 supplemental initial disclosures disclose only the following to meet its obligations to disclose under Rule 26(a)(1)(A)(iii):

> IV. Damages
> TCL is entitled to its damages for Ericsson's breach of contract, promissory estoppel, . . . and violation of the California Unfair Competition Law, Business & Professions Code section 17200 as detailed in TCL's counterclaims. Damages continue to accrue. TCL has identified those damages in response to Ericsson's interrogatories as well as through TCL's deposition testimony.

(Woodin Decl. Ex. B, Dkt. No. 863-4.) In sum, TCL's response under Rule 26 is a mere cross-reference to its answers to Ericsson's interrogatories and to deposition testimony. There is no "computation" and no documents are identified. This is despite the fact that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 14-0341 JVS (DFMx)                    Date   August 9, 2016

Title      TCL Communications Technology Holdings, Ltd. v. Telefonaktienbolaget
           LM Ericsson et al.

Rule 26(e)(1)(A) requires parties who have made disclosures under Rule 26(a) to add or correct information that has not otherwise been made known to the other parties during the discovery process or in writing. In order for TCL's Rule 26 disclosures to be sufficient, the cross-referenced materials must provide an adequate recitation of the computation of damages in this case.

This chronology shows that TCL does not come forth with anything close to meeting its discovery obligation until *after* the close of fact discovery.

2.      Interrogatory Responses

Although TCL's Rule 26 disclosures point to TCL's responses to Ericsson's interrogatories, the responses to Ericsson's interrogatories are not more illustrative of the damages TCL claims as part of its breach of contract case. Ericsson served two interrogatories on this topic.

First, Ericsson served Interrogatory No. 32. Interrogatory No. 32 asked TCL to: "Identify any injury, including but not limited to loss of money or property, TCL has suffered as a result of the disagreement between TCL and Ericsson over the terms of a FRAND license for Ericsson's 2G, 3G, and 4G Essential Patents." (Woodin Decl. Ex. C p. 21, Dkt. No. 863-5.) In response to Interrogatory No. 32, on August 24, 2015, TCL stated, in relevant part: "TCL has incurred significant expense defending against actions by Ericsson seeking injunctions or exclusion orders." (Id. p. 23.) No effort to quantify, calculate, or document that significant expense was disclosed in TCL's response to Interrogatory No. 32.

Second, Ericsson served Interrogatory No. 41. Interrogatory No. 41 asked TCL to:

> Explain all factual and legal bases for Your contention in response to Ericsson's Interrogatory No. 26 that Ericsson's pre-litigation conduct was "in breach of its FRAND obligation, and that TCL is entitled to damages suffered as a result of Ericsson's breach." Your response should include (I) all harm allegedly suffered incurred by TCL as a result of Ericsson's purported breach, (ii) the monetary amount of damages incurred

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 14-0341 JVS (DFMx)                    Date   August 9, 2016

Title   TCL Communications Technology Holdings, Ltd. v. Telefonaktienbolaget
LM Ericsson et al.

by TCL as a result of Ericsson's purported breach, and (iii) the
legal bases, if any, for recovery of said damages in this Action.

(Woodin Decl. Ex. D p. 5, Dkt. No. 863-6.) In particular, here, Ericsson asked for the
monetary amount of damages, and all factual and legal bases for that amount. TCL's
response, as of February 8, 2016, was to object, and to cross reference the deposition
testimony of George Guo and Stephen Chiang.[4] (Id. p. 7.)

3.      Deposition Responses

Although TCL's Rule 26 disclosures and TCL's response to Interrogatory No. 41
point to the deposition testimony of Mr. Guo and Mr. Chiang, their testimony on the
subject of damages is woefully insufficient to serve as a calculation of TCL's damages.

Ericsson's 30(b)(6) Deposition Notice sought testimony regarding "Any harm
suffered by TCL as a result of Ericsson's alleged failure to abide by its FRAND
commitment with regard to TCL." (Woodin Decl. Ex. E p. 4, Dkt. No. 863-7.) The
Deposition Notice also sought testimony regarding "TCL's alleged harm because
Ericsson has allegedly 'demanded excessive royalties and raised or threatened to raise
TCL's costs. . . .'" (Id. p. 5.) Mr. Guo was identified as the corporate representative to
testify on both of these topics. (Woodin Decl. Ex. F, Dkt. No. 863-8.)

At deposition, the following exchange took place:

> Q: By seeking royalties from TCL in the negotiations . . . has
> Ericsson raised any of TCL's costs?
> A: Yes
> Q: Which costs?
> A: Which costs? It's namely the legal costs, and we . . . spend
> a lot of legal expense in dealing with Ericsson during the
> process."
> Q: Do you know ballpark what that legal cost has been?

---

[4] Any criticism of the scope of these interrogatories rings hollow when they are advanced as a
surrogate for the specifics required in initial Rule 26 disclosures.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 14-0341 JVS (DFMx)                    Date   August 9, 2016

Title   TCL Communications Technology Holdings, Ltd. v. Telefonaktienbolaget LM Ericsson et al.

> A: . . . I do have a number. . . . From the last time I looked at the cost related to this . . . dealing, our legal expense is more than $25 million.
> Q: And what portion of that is related to the litigation outside of the US as compared to the California litigation and the litigation inside the US?
> A: . . . [A]t this moment, I just have the total number. I don't have anything breakdown. I cannot answer . . . the question."
> Q: But that total number covers the litigation both outside of the US and inside of the US?
> A: . . . I just know this . . . total number.

(Woodin Decl. Ex. G pp. 164–66, Dkt. No. 862-3.) The witness gave no further details about the breakdown of this purported $25 million expenditure.

Mr. Chiang was designated as the corporate representative as to the topic of "TCL's 'significant expense defending against actions by Ericsson seeking injunctions or exclusion orders, . . . .'" (Woodin Decl. Ex. F.)

At deposition the following exchange took place:

> Q: Has TCL incurred significant expense defending against actions by Ericsson seeking injunctions or exclusion orders?
> . . . A: The answer is yes, definitely. Ericsson has filed multiple litigation to force TCL into a very high rate and refused to produce any information. . . . So those expenses are horrendous.
> . . . Those expenses are horrendous, including legal fees and business damage.
> Q: What is the amount of the fees?
> . . . A: There are legal fees and there are business damages.
> Q: Let's first talk about the legal fees. What's the amount of legal fees that TCL incurred defending against actions by Ericsson seeking injunctions or exclusion orders?
> Mr. Bader: Objection; calls for expert testimony
> A: It will be submitted in the cost -- in the litigation process

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 14-0341 JVS (DFMx) | Date | August 9, 2016 |

| | |
|---|---|
| Title | TCL Communications Technology Holdings, Ltd. v. Telefonaktiebolaget LM Ericsson et al. |

> after the counsel went through them. But it's in the ballpark of 20, 30 million in the last -- long time ago.

(Woodin Decl. Ex. H pp. 540–41, Dkt. No. 862-4.) The witness gave no further breakdown of his ballpark estimate.

In sum, TCL's sole evidence on damages are these two ballpark estimates of TCL's total legal fees. Neither the Guo nor Chiang testimony provides a "computation" of damages or identifies the supporting documents.

### 4. Expert Testimony

Despite objections during deposition that questions regarding legal fees required the testimony of experts, *none of TCL's expert reports address the issue of legal fees incurred in foreign litigation*. TCL acknowledges that its case on damages will not be presented by an expert at trial. (See Opp'n No Damages pp. 8–9.)

### 5. Supplemental Discovery Productions

TCL reserved the right to supplement its responses to its initial disclosures and to Ericsson's interrogatory requests. Although TCL supplemented its disclosures with 191 invoices and payment confirmations for its foreign attorneys' fees, TCL did so only on June 21–22, 2016. (Decl. Bader Supp. Opp'n Mot. Summ. J. No Damages ¶ 5, Dkt. No. 951-4.) This was untimely, as TCL concedes. (See Opp'n Mot. Summ. J. No Damages p. 15.) The discovery cutoff date in this litigation was May 23, 2016. (Order Granting Joint Motion to Modify Scheduling Order, Dkt. No. 565.)

The invoices and payment confirmations purportedly show that TCL suffered approximately $4.6 million in damages, or less than a fifth of what TCL's witnesses estimated was TCL's harm. (Decl. Bader Supp. Opp'n Mot. Summ. J. No Damages ¶ 6.)

### C. Legal Standard - Failure to Make a Disclosure Under Rule 26(a)

"If a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence on a motion, at a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-0341 JVS (DFMx) | Date | August 9, 2016 |
|---|---|---|---|

| Title | TCL Communications Technology Holdings, Ltd. v. Telefonaktiebolaget LM Ericsson et al. |
|---|---|

hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Rule 37(c)(1) "gives teeth" to the initial disclosure requirements "by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001)

D.    Analysis

The Court finds that disposition of the motion for partial summary judgment comes down to two issues. First, is the deposition testimony of TCL's witnesses sufficient evidence to defeat Ericsson's motion for partial summary judgment as to no proof of damages? Second, can the late-produced law firm invoices be invoked to defeat Ericsson's motion for summary judgment? Because the Court concludes that the answer to each question is no, the Court grants Ericsson's motion for partial summary judgment of no damages.

1.    Sufficiency of Deposition Testimony

The only evidence in the record regarding damages is the testimony of Mr. Guo and Mr. Chiang. As shown above, this testimony is vague at best, and totally irrelevant at worst. Both deponents gave testimony that TCL had legal bills between $20 and $30 million, yet this testimony was unsupported by anything but the witnesses' speculation and did not have any bearing on TCL's actual measure of damages—TCL's *foreign* legal bills. This is despite direct questions to the witnesses asking (1) what portion of the legal bills were related to litigation outside of the United States, (Woodin Decl. Ex. G p. 166); and (2) the amount of legal fees TCL incurred defending against actions by Ericsson seeking injunctions or exclusion orders, (Woodin Decl. Ex. H p. 541.). Neither witness gave an answer to the question, and at least one witness seemed to indicate that the fees would be submitted later as part of the litigation process. (Id.) In short, the most that these witnesses provided as their answers to Ericsson's questions about TCL's measure of damages were ballpark figures that included amounts that were not part of TCL's measure of damages.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 14-0341 JVS (DFMx) | Date | August 9, 2016 |

| | |
|---|---|
| Title | TCL Communications Technology Holdings, Ltd. v. Telefonaktiebolaget LM Ericsson et al. |

All of this is despite the fact that when both depositions were taken, in January and February 2016, TCL had been billed with 160 attorney invoices representing more than 99% of the value of TCL's foreign litigation fees. (Bailey Decl. Supp. Ericsson's Reply Mot. Summ. J. No Damages ¶ 2, Dkt. No. 979-3.) As of the date these witnesses were deposed, TCL as a corporation had knowledge of its foreign litigation fees and TCL's witnesses could have had knowledge sufficient to adequately answer Ericsson's questions regarding TCL's alleged harm. However, as is clear from the deposition testimony, the witnesses either did not do the necessary preparation to gain knowledge or actively withheld this information from Ericsson. Such a failure to prepare or answer questions related to TCL's measure of damages is improper. See Great American Ins. Co. of New York v. Vegas Const. Co., Inc., 251 F.R.D. 534, 541 (D. Nev. 2008) (party has "a duty to present a Rule 30(b)(6) witness to provide a knowledgeable witness [sic] to address the noticed topics, provide the corporation's position, and provide answers to bind the corporation.).

Regardless of the reasons the witnesses responded to Ericsson's questions in the manner they did, TCL still had an *affirmative obligation* to, under Rule 26(a), provide its computation of damages. Fed. R. Civ. P. 26(a)(1)(A)(iii). This obligation must be met *without the need for a motion to compel*. TCL's cross-reference to its deposition responses is wholly insufficient to constitute an adequate response under Rule 26(a) because, as detailed above, the deposition testimony was inaccurate and evasive of Ericsson's questions. TCL's response under 26(a) was not "in sufficient detail as to enable [Ericsson] to understand the contours of its potential exposure and make informed decisions as to settlement and discovery." City and Cty. Of San Francisco v. Tutor-Saliba Corp., 218 F.R.D. 219, 221 (N.D. Cal. 2003).

TCL claims that the deposition testimony is sufficient because Ericsson did not request exact quantification in Ericsson's Rule 30(b)(6) notices. The Court disagrees. As described above, the Rule 30(b)(6) notices clearly sought testimony  regarding TCL's alleged harm and TCL's "significant expense defending against actions by Ericsson." TCL's witnesses should have been prepared to answer questions about those topics, including attempting to answer the specific questions that were actually the measure of TCL's damages: questions about the amount paid in foreign legal fees and the amounts paid defending against actions seeking injunctions or exclusion orders. TCL, and not Ericsson, is at fault for failing to produce a witness that could give complete or accurate

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 14-0341 JVS (DFMx) | Date | August 9, 2016 |

| | |
|---|---|
| Title | TCL Communications Technology Holdings, Ltd. v. Telefonaktiebolaget LM Ericsson et al. |

answers to those questions.

TCL also attempts to pass blame to Ericsson for failing to move to compel responses to the questions posed to Mr. Guo and Mr. Chiang. That argument ignores the fact that it is TCL's burden to submit a disclosure under Rule 26(a) without the need for motion practice, and it was TCL that rested its mandatory Rule 26(a) disclosures on the inadequate deposition testimony.

Finally, TCL mischaracterizes the issue that decides this case. TCL argues that the motion hinges on "whether TCL is required to show evidence of the *exact quantity* of damages to survive summary judgment." (Opp'n Mot. Summ. J. No Damages p. 10.) That is not what Ericsson seeks or what Ericsson faults TCL for not providing. Instead, the fault is that TCL did not provide *any* realistic quantification of its damages, despite an affirmative obligation to do so under Rule 26(a).

Although TCL is correct that a range or estimate of damages can be sufficient to survive summary judgment, the range or estimate of damages provided by TCL in this case is far from the ranges or estimates that other courts have permitted to proceed to trial. In Morgan Creek Prods., Inc. v. Capital Cities/ABC, Inc., No. 89-cv-5463, 1991 WL 352619 (C.D. Cal. Oct. 28, 1991) witnesses offered their opinion that lost box office profits for a sequel to a movie could be calculated based on the fact that the sequel did less well than the original film when it was expected to do better. Id. at *16. The court found that this testimony was sufficient to allow a jury to decide whether there were lost box office profits, and how much they were. Id. at **16–17.

This case differs from Morgan Creek because the testimony offered by Mr. Guo and Mr. Chiang is not even testimony about TCL's actual measure of damages. The testimony that was given by Mr. Guo and Mr. Chiang and that represents the entirety of TCL's evidence on damages is unmoored from TCL's measure of damages. The testimony is instead an estimate of *all* legal fees; neither Mr. Guo nor Mr. Chiang provided any testimony to suggest a method to derive the measure of damages from the total ballpark figure of TCL's litigation costs. Again, *this is despite the fact that TCL had in its possession its law firm billing invoices long before Mr. Guo and Mr. Chiang were deposed*.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    SACV 14-0341 JVS (DFMx)                    Date    August 9, 2016

Title    TCL Communications Technology Holdings, Ltd. v. Telefonaktienbolaget LM Ericsson et al.

   In <u>Alcan Forest Prods. v. A-1 Timber Consultants</u>, 982 F. Supp. 2d 1016 (D. Alaska 2013), the court permitted a case to go to the jury where the plaintiffs' loss was based on an estimation instead of a certainty. <u>Id.</u> at 1035–36. The deposition testimony was detailed in how the witnesses estimated damages. <u>Id.</u>

   This case differs from <u>Alcan Forest</u> because TCL cannot credibly argue that its witnesses described in detail how they estimated damages. In fact, they did not estimate damages at all, estimating instead a dollar figure related to, but separate from, the amount of damages.

   This case is, instead, most similar to <u>Silicon Image v. Analogix Semiconductor</u>, 642 F. Supp. 2d 957 (N.D. Cal. 2008). In that case, the court found that the counterclaim plaintiff had shown evidence sufficient for a jury to find breach of an agreement, and evidence from which a jury could conclude that the counterclaim plaintiff had suffered some actual damage from the breach. <u>Id.</u> at 965. Nevertheless, the Court found that "entirely absent" from the case was "any evidence that would provide a reasonable basis for quantifying" damages. <u>Id.</u> And, "[h]aving pointed to no evidence or methodology that suggests any reasonable basis for determining actual damages" the counterclaim plaintiff's claim for actual damages could not survive summary judgment. <u>Id.</u>

   In this case, there is no timely submitted evidence or methodology suggesting *any* basis for determining TCL's actual damages in this case. This is despite TCL's obligation to provide its calculation and all documents supporting that calculation under its mandatory 26(a) initial disclosures. In short, TCL's default simply amounts to a failure of proof.

   At bottom, "[w]here the fact of damages is certain . . . the amount of damages need not be calculated with absolute certainty. The law requires only that some reasonable basis of computation be used, and the result reached can be a reasonable approximation." <u>JMR Constr. Corp. v. Envtl. Assessment & Remediation Mgmt., Inc.</u>, 243 Cal. App. 4th 571, 585 (2015), <u>as modified on denial of reh'g</u> (Jan. 28, 2016) (quoting <u>Acree v. Gen. Acceptance Corp.</u>, 92 Cal. App. 4th 385, 398 (2001)). However, proof of the fact of damages does not cure a failure of proof on the quantum of damages. TCL's 26(a) disclosures, answers to interrogatories, and deposition testimony collectively fail to provide a "reasonable basis of computation" in order to achieve a "reasonable

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    SACV 14-0341 JVS (DFMx)      Date    August 9, 2016

Title      TCL Communications Technology Holdings, Ltd. v. Telefonaktienbolaget
LM Ericsson et al.

approximation" of TCL's damages in this case. The failure of proof is not Ericsson's
fault, but TCL's for failing to supplement its Rule 26(a) disclosures. For the foregoing
reasons, there is insufficient evidence in the record to create a triable issue of material
fact with regard to damages, and consequently Ericsson's claim for partial summary
judgment of no damages should be granted.

        2.      Law Firm Invoices and Payment Confirmations

     TCL attempts to supplement its meager evidentiary showing with late-produced
billing records. TCL may not use this information to supply evidence on a motion for
summary judgment unless the failure to timely provide this information as required by
Rule 26(a) was "substantially justified" or was "harmless." Fed. R. Civ. P. 37(c)(1). TCL
does not argue that its failure to provide this information was "substantially justified" but
does argue that Ericsson has not been harmed by TCL's late disclosure. The Court
disagrees.

     As Ericsson identifies in its reply, it is harmed by the late production of TCL's
invoices because the late production prevented Ericsson from conducting discovery into
the invoices. Some discovery would have been required for Ericsson to ascertain, inter
alia (1) what portion of the invoices was actually spent defending TCL, as opposed to
work on affirmative counterclaims on behalf of TCL; (2) the nature of the work done by
law firms that either did not include time entries or did not describe the services rendered;
(3) the reasonableness of the fees billed, including the reasonableness of the scope of
work and the hourly rate. The inability to conduct this discovery renders the late
production of these invoices harmful to Ericsson. See Hoffman v. Constr. Protective
Servs., Inc., 541 F.3d 1175, 1180 (9th Cir. 2008) ("Later disclosure of damages would
have most likely required the court to create a new briefing schedule and perhaps re-open
discovery, rather than simply set a trial date. Such modifications to the court's and the
parties' schedules supports a finding that the failure to disclose was not harmless.")

E.      Conclusion

     For the foregoing reasons, the Court concludes that TCL has failed to come
forward with sufficient evidence to raise a genuine dispute of material fact with regard to
damages. In fact, TCL has failed to come forward with any admissible evidence

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-0341 JVS (DFMx) | Date | August 9, 2016 |
|---|---|---|---|

| Title | TCL Communications Technology Holdings, Ltd. v. Telefonaktiebolaget LM Ericsson et al. |
|---|---|

pertaining to damages except for deposition testimony of two witnesses who speculated as to an amount incurred by TCL that was only tangentially related to TCL's damages in this case. Such evidence did not fulfill TCL's obligation under Rule 26(a) to provide a computation of each category of damages claimed by TCL. Consequently, TCL cannot rely on any later-disclosed computation or documentation to defeat summary judgment.

Ericsson's motion for partial summary judgment of no damages for TCL's breach of contract, promissory estoppel, and California UCL claims is **granted**.

V.      Conclusion

For the foregoing reasons, Ericsson's motion for summary judgment as to no liability is denied. Ericsson's motion for partial summary judgment as to no damages is granted.

IT IS SO ORDERED.

|  | : | 00 |
|---|---|---|
| Initials of Preparer | ig for kjt | |