UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 14-00341 JVS (Anx)<br>consolidated with CV 15-02370 JVS | Date | August 17, 2016 |
| Title | TCL Communications Technology Holdings Ltd v. Telefonaktenbologet LM Ericsson, et al. | | |

Present: The Honorable    James V. Selna

| Karla J. Tunis | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (In Chambers) **Order Granting in Part and Denying in Part TCL's Motion to Strike Expert Reports and Order Vacating Trial Date**

    Plaintiffs and Counter-Defendants TCL Communication Technology Holdings, Ltd., TCT Mobile Limited, and TCT Mobile (US) Inc. (collectively, "TCL") filed a motion under Federal Rules of Civil Procedure 26(a)(2) and 37(c)(1) to strike portions of Ericsson's purported-rebuttal expert reports. (TCL Mot., Docket ("Dkt.") Nos. 830, 837.) Defendant Telefonaktienbolaget LM Ericsson and Defendant and Counter-claimant Ericsson, Inc. (collectively, "Ericsson") oppose. (Ericsson Opp'n, Dkt. Nos. 927, 928.) TCL has replied. (Reply, Dkt. Nos. 985, 986.)

    For the following reasons the Court largely denies TCL's motion.

I.    Background

    The Court and the parties are familiar with the procedural and factual background. The Court focuses on specifics related to this motion.

    A.    Schedule

    The parties held their scheduling conference on April 29, 2015. (Scheduling Conference, Dkt. No. 190.) At the scheduling conference, the following schedule was set: "Initial disclosure of Experts not later than January 18, 2016[.] Rebuttal disclosure of Experts not later than February 22, 2016." (Id.)

    The Scheduling Order was modified by court order on January 8, 2016. (Order Granting

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 14-00341 JVS (Anx)<br>consolidated with CV 15-02370 JVS | Date | August 17, 2016 |
| Title | TCL Communications Technology Holdings Ltd v. Telefonaktenbologet LM Ericsson, et al. | | |

Joint Motion to Modify Scheduling Order, Dkt. No. 565.) February 1, 2016 became the new date for TCL to provide opening technical expert reports. February 22 became the date for "the parties to present any and all other opening expert reports." April 4 became the deadline for "the parties to present rebuttal expert reports."

    B.    Expert Disclosures

On February 1, 2016, TCL provided the expert reports of three technical experts, and then, on February 22, 2016, TCL provided expert reports from three economic experts and an expert who addressed the history of ETSI. (See Holder Decl. Supp. TCL's Mot. ("Holder Decl.") ¶ 2, Dkt. No. 830-5.) On February 22, Ericsson presented expert reports from Dr. Huber (opining on the history and operation of ETSI) and Dr. Fauvarque-Cosson (addressing the application of French law to ETSI policy). (Id. ¶ 3.) Ericsson did not present any technical experts addressing Ericsson's patents or economic experts addressing Ericsson's other license agreements, how to calculate a FRAND royalty rate, or what TCL's royalty rate should be. (Id.)

Ericsson's expert reports regarding technical and economic issues in this case came in at the rebuttal deadline. Ericsson presented reports from three economic experts (Mr. Pellegrino, Mr. Kennedy, and Dr. Teece) and two other outside experts (Mr. Lastova and Mr. Mallinson). (Id. ¶¶ 4–5.) Ericsson also presented rebuttal reports from Dr. Huber and Dr. Fauvarque-Cosson. (Id. ¶ 7.)

Two months after the deadline for rebuttal expert reports, TCL and Ericsson met and conferred on this motion. (Id. ¶ 20.) TCL filed this motion to strike when the parties failed to come to terms on appropriate relief. (Id.)

II.    Legal Standard

Parties must disclose experts and expert reports in accordance with Federal Rule of Civil Procedure 26(a)(2). Rule 26(a)(2)(D) requires parties to make these disclosures at the times and in the sequence that the court orders. "In most cases the party with the burden of proof on an issue should disclose its expert testimony on that issue before other parties are required to make their disclosures with respect to that issue." Fed. R. Civ. P. 26(a)(2) advisory committee's note to 1993 amendment. See also Sandata Techs., Inc. v. Infocrossing, Inc., No. 05 CIV 09546LMMTHK, 2007 WL 4157163, at *1 (S.D.N.Y. Nov. 16, 2007) ("It is routine that the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 14-00341 JVS (Anx)<br>consolidated with CV 15-02370 JVS | Date | August 17, 2016 |
| Title | TCL Communications Technology Holdings Ltd v. Telefonaktenbologet LM Ericsson, et al. | | |

party with the burden of proof on a particular issue be the first to submit its expert reports addressing the issue.")

Parties who violate Rule 26 may be prohibited from using that information or witness to supply evidence on a motion. Fed. R. Civ. P. 37(c)(1). However, the information will not be excluded where the violation of Rule 26 is substantially justified or harmless. Id.; Yeti by Molly Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001).

III. Discussion

    A.    Principles

Following TCL's recitation of the background and procedural history of the case, TCL suggests that there are three principles regarding rebuttal expert reports.

First, TCL suggests it is improper for a party to characterize as "rebuttal" an expert report that addresses and supports an issue on which the party bears the burden of proof. (See TCL Mot. pp. 11–12.) Ericsson agrees with this, stating that it served opening expert reports where it bore a burden of proof. (See Ericsson Opp'n pp. 18–19.)

Second, TCL cites Amos v. Makita U.S.A., No. 2:09–cv–01304–GMN–RJJ, 2011 WL 43092 (D. Nev. Jan. 6, 2011), for the proposition that "[i]f the purpose of expert testimony is to 'contradict an expected and anticipated portion of the other party's case-in-chief, then the witness is not a rebuttal witness or anything analogous to one.'" Id. at *2. See also Clear-View Techs., Inc. v. Rasnick, No. 13-cv-02744-BLF, 2015 WL 3509384, **4–5 (N.D. Cal. June 3, 2015); R & O Const. Co. v. Rox Pro Intern. Group, Ltd., No. 2:09-cv-01749-LRH-LRL, 2011 WL 2923703, *1, *5 (D. Nev. July 18, 2011). Ericsson argues that this argument is misplaced and meritless. Ericsson contends that Amos and its progeny were "wrongly decided." (Ericsson Opp'n p. 24.) Ericsson also argues that Ericsson could not have "expected and anticipated" these portions of TCL's case-in-chief. In sum, Ericsson argues it would have been "unreasonable" to expect Ericsson to serve opening expert reports that predicted TCL's theories.

Third, TCL cites Nunez v. Harper, No. 2:13-CV-00392-GMN, 2014 WL 979933, *1 (D. Nev. Mar. 12, 2014), IBM Corp. v. Fasco Indus., Inc., No. C-93-20326 RPA, 1995 WL 115421 (N.D. Cal. Mar. 15, 1995), R & O Const. Co., and Medtronic Inc. v. Edwards Lifesciences

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-00341 JVS (Anx) consolidated with CV 15-02370 JVS | Date | August 17, 2016 |
|---|---|---|---|
| Title | TCL Communications Technology Holdings Ltd v. Telefonaktenbologet LM Ericsson, et al. | | |

Corp., No. SACV 12-00327-JVS (MLGx) Dkt. No. 292 at *5-6 (C.D. Cal. July 24, 2013), for the proposition that "the scope of a proper rebuttal expert report is strictly limited to addressing and refuting the opinions of the other expert—not offering independent opinions, or utilizing other methodologies, or exploring new areas." (TCL Mot. p. 13.) See also Vu v. McNeil-PPC, Inc., Case No. CV 09–1656 ODW (RZx), 2010 WL 2179882, *3 (C.D. Cal. May 7, 2010). Ericsson argues instead that "same subject matter," the phrase used in Rule 26(a)(2)(D)(ii), should not be narrowly read to foreclose independent analyses. See Allen v. Dairy Farmers of Am., Inc., 2013 WL 211303, at *5 (D. Vt. Jan. 18, 2013) ("The scope of a rebuttal is limited to the same subject matter encompassed in the opposing party's expert report, but district courts have been reluctant to narrowly construe the phrase 'same subject matter' beyond its plain language."). Ericsson argues that the test is "whether the [expert] report is closely related to the same subject matter. If so, it is proper rebuttal, irrespective of whether the opinion could have been asserted in an opening report." (Ericsson Opp'n p. 31.)

With the arguments about these principles as the backdrop, Ericsson contends that its reports "are truly rebuttal" and should not be stricken for failing to be disclosed at the opening expert witness deadline. (Id. p. 1. See also Moore Decl. Supp. Ericsson's Opp'n ("Moore Decl.") Ex. I, Dkt No. 927-7.)

The Court sets forth its view of the case.

    1.    There is no "Shared Burden of Proof."

First, the Court disagrees with TCL to the extent that any of the principles it articulates stand for the proposition that Ericsson "shares" a burden of proof on TCL's claims for breach of contract. (See, e.g., TCL's Mot. p. 17 ("[Pellegrino's opinions] also address an expected and anticipated aspect of this case, on which Ericsson at least shares the burden of proof"); 20 (same); 21 (claiming Mr. Kennedy's rebuttal was directed to matters as to which Ericsson "shares the burden of proof"); 24 (same with regard to Dr. Teece); 30–31 ("whether Ericsson satisfied its FRAND commitment vis-à-vis TCL is an issue on which Ericsson at least shares the burden of proof").)

There is no shared burden of proof. Even if Ericsson has made affirmative allegations that it has *not* breached a contract and made affirmative allegations that its offers to TCL *are* FRAND, that fact does not alter the burden of proof in this case. See United Pac. Ins. Co. v.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-00341 JVS (Anx) consolidated with CV 15-02370 JVS | Date | August 17, 2016 |
|---|---|---|---|
| Title | TCL Communications Technology Holdings Ltd v. Telefonaktenbologet LM Ericsson, et al. | | |

Safety–Kleen Corp., 1993 WL 505393, *4 (N.D. Cal. 1993) ("Where the substantive issue in a declaratory judgment action is one on which the defendant would bear the burden of affirmative proof were the action brought in traditional form, the underlying state law assignment of burdens is not altered.") Barrientos v. 1801-1825 Morton, LLC, 2007 WL 7213972, at *2 (C.D. Cal. Oct. 24, 2007) (same). TCL seems to concede this point. References to Ericsson "sharing" a burden of proof do not appear in TCL's reply brief. Instead, TCL subsumes its point about Ericsson sharing a burden of proof into its contention that, "[b]ecause Ericsson always anticipated taking an affirmative position on these issues as part of its own case-in-chief, it was obligated to present an opening expert report." (Reply p. 8.)

> 2. Ericsson was not obligated to provide expert opinions by way of initial report on grounds that they refute any "anticipated and obvious" parts of TCL's case-in-chief.

The Court disagrees with TCL that, in fact, Ericsson was obligated to present an opening expert report on all topics that it anticipated making in its case. As Ericsson identified, the main case that TCL relies on for this proposition is Amos. The relevant part of Amos is as follows:

> If the purpose of expert testimony is to contradict an expected and anticipated portion of the other party's case-in-chief, then the witness is not a rebuttal witness or anything analogous to one. The rebuttal date is not intended to provide an extension of the deadline by which a party must deliver the lion's share of its expert information. Rebuttal experts cannot testify in their parties' case-in-chief. Rebuttal expert testimony is limited to presenting evidence that is intended solely to contradict or rebut evidence of the same subject matter identified by an initial expert witness.

2011 WL 43092, at *2 (citations and quotations omitted). As Ericsson points out, the Amos court's sweeping declarations of timing and appropriate disclosure of rebuttal expert witnesses came from citation to a case, In re Apex Oil Co., 958 F.2d 243 (8th Cir. 1992), where testimony was offered for the first time at trial—not at the rebuttal deadline for expert witness reports. (See Ericsson Opp'n pp. 23–24.)

This Court disagrees with Amos and agrees, instead, with the court in Theoharis v.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-00341 JVS (Anx)<br>consolidated with CV 15-02370 JVS | Date | August 17, 2016 |
|---|---|---|---|
| Title | TCL Communications Technology Holdings Ltd v. Telefonaktenbologet LM Ericsson, et al. | | |

Rongen, No. C13-1345RAJ, 2014 WL 3563386 (W.D. Wash. July 18, 2014). There, the court reasoned that there should not be a rule prohibiting providing only rebuttal expert opinion on an anticipated portion of the opponent's case-in-chief. The court decided that:

> A party who does not bear the burden of proof on an issue may be keenly interested in avoiding the expense of designating an expert witness on that issue. If, however, the party with the burden of proof offers a compelling expert disclosure, the opposing party can still designate a rebuttal expert in compliance with the rules. For that reason, the court declines to adopt the rule that expert testimony on an anticipated portion of an opposing party's case cannot be rebuttal expert testimony. . . . Rule 26(a)(2) does not prohibit a party from assuming the risk inherent in relying on a rebuttal expert disclosure.

Id. at *4. The Theoharis rule is the rule more consistent with the advisory notes to Rule 26 which state that the default rule is that, "in most cases the party with the burden of proof on an issue should disclose its expert testimony on that issue before other parties are required to make their disclosures with respect to that issue." Rule 26(a)(2) advisory committee's notes to 1993 amendment. This Court adopts the position of Theoharis and the advisory committee's notes.

This Court will not strike Ericsson's expert reports on the grounds that Ericsson should have anticipated or expected having an expert testify on the subject matter that Ericsson's rebuttal expert reports cover.

> 3. The Court will evaluate case-by-case whether Ericsson's expert reports stray off the "same subject matter" as the initial reports.

TCL next puts forth as a basis for striking Ericsson's rebuttal expert reports the proposition that "the scope of a proper rebuttal expert report is strictly limited to addressing and refuting the opinions of the other expert—not offering independent opinions, or utilizing other methodologies, or exploring new areas." (TCL Mot. p. 13.) The Court agrees in part, and disagrees in part, with TCL. The Court agrees that proper expert rebuttal cannot explore new areas not raised in initial reports. This principle comports with Rule 26(a)(2)(D)(ii)'s requirement that rebuttal evidence must be on the "same subject matter" of the other parties' initial disclosure. Cf. Medtronic Inc. v. Edwards Lifesciences Corp. et al., Case No. SACV 12-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 14-00341 JVS (Anx)<br>consolidated with CV 15-02370 JVS | Date | August 17, 2016 |
| Title | TCL Communications Technology Holdings Ltd v. Telefonaktenbologet LM Ericsson, et al. | | |

00327-JVS (MLGx), Dkt. 292 at *5-6 ("Those portions of an expert's rebuttal that opine on subjects that were not addressed in the expert report purportedly being rebutted should be excluded.").

However, nothing about Rule 26 or the nature of rebuttal prohibits offering independent opinions or utilizing other methodologies. In fact, offering a different, purportedly better methodology is a proper way *to* rebut the methodology of someone else. See In re REMEC Inc. Sec. Litig., 702 F. Supp. 2d 1202, 1220 (S.D. Cal. 2010) (overruling argument that an expert report exceeded the scope of a proper rebuttal on grounds that the rebuttal expert conducted an analysis that the initial expert did not do).

TCL offers, as evidence that Ericsson's experts are not rebutting TCL's experts, the fact that Ericsson developed its expert reports before the deadline for initial expert reports. (See Reply pp. 5–7.) This argument is a red herring. The timing of the work of Ericsson's experts has nothing to do with whether or not their reports, in fact, rebut TCL's experts. Ericsson's experts could well have anticipated the subject matter that TCL's experts were likely to address and prepared their reports in anticipation of that subject matter before knowing, as a certainty, that TCL's experts would address those topics. Such anticipation would not deprive Ericsson's expert's reports of their rebuttal status.

Moreover, the Court generally agrees with Ericsson's proposition that, "[a]n expert's use of alternate methodologies and contrary facts does not transform rebuttal into an opening report . . . ." (Ericsson's Opp'n p. 1.) For example, in a case involving the sale of real property, the plaintiff could present an expert witness who appraises the real property in a certain way using a certain methodology. The defendant could properly present expert rebuttal of the plaintiff's expert by putting forth its own expert who either claims that (1) the plaintiff's expert's methodology was conducted improperly in some way; or (2) the ultimate conclusion the plaintiff's expert makes is flawed because a superior methodology provides a different result. Either tack would be rebuttal, even if the latter involves the use of an "alternate methodology" as an aspect of rebutting the ultimate conclusions of the plaintiff's expert. (See also Ericsson's Opp'n pp. 31–32 (using example of a patent damages case, and noting there is nothing improper about a patent defendant rebutting a plaintiff's lost profits damage case with a rebuttal report about reasonable royalty).)

TCL relies heavily on the following statement in IBM Corp.: "The supplemental or

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | SACV 14-00341 JVS (Anx) consolidated with CV 15-02370 JVS | Date | August 17, 2016 |
|---|---|---|---|

| Title | TCL Communications Technology Holdings Ltd v. Telefonaktenbologet LM Ericsson, et al. | | |
|---|---|---|---|

"rebuttal" experts cannot put forth their own theories; they must restrict their testimony to attacking the theories offered by the adversary's experts." 1995 WL 115421 at *3. This Court quoted the same language in Medtronic Inc., *supra.* One needs to take a closer look at what the excluded "own theories" were. In IBM Corp, IBM's experts testified to "creep instability" caused by the use of improper materials in the certain metal components. The two excluded experts offered testimony well outside this scope:

> On the other hand, two of Fasco's rebuttal experts should have been designated on the initial disclosure date because they plan to opine on subjects that IBM's experts will not address. James Samuel McKnight will testify on the industry custom and practice for testing blowers, industry standards for blowers and accelerated life testing. IBM has not designated an expert to opine on these issues, so McKnight will have nothing to rebut. Similarly, Fasco's expert economist, John Bourg, plans to devote part of his testimony to subject matter outside the scope of IBM's experts' testimony; i.e., to out-of-pocket damages.

Id. In Medtronic Inc., the offending expert, Buller, attempted to introduce previously undisclosed non-infringement contentions where Edwards was under a duty to supplement its previously filed responses to contention interrogatories, but did not do so. Medtronic Inc., p. 6. Neither of these cases can be fairly read to exclude a different methodology addressing the same problem.

Suppose an expert used a micrometer to measure the dimensions of a very small particle. In rebuttal, the opponent offered measurements of the same particle using an electron microscope with greater accuracy in the orders of magnitude. The Court doubts the second expert's opinion of the size of the particle would be excluded because he used a different methodology to address the same problem: the size of the particle.

Here, so long as Ericsson's experts do not stray from the "same subject matter" as TCL's experts, it is proper for those experts to utilize their own independent analyses and methodologies to arrive at conclusions that rebut TCL's expert's conclusions.

  B. Expert Reports

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-00341 JVS (Anx)<br>consolidated with CV 15-02370 JVS | Date | August 17, 2016 |
|---|---|---|---|
| Title | TCL Communications Technology Holdings Ltd v. Telefonaktenbologet LM Ericsson, et al. | | |

The Court relies heavily on the subject matter map created and propounded by Ericsson.[1] (Moore Decl. Ex. I, Docket No. 927-7.) The Court has reviewed those mapped paragraphs, pages, and exhibits and comes to the following conclusions about the rebuttal expert reports.

    1.    Pellegrino Report

The sole focus of Dr. Pellegrino's report is Dr. Pellegrino's contention that the transfer of certain patents from one company to Ericsson had significant value and thus the license between Ericsson and that third party was worth more to Ericsson. TCL contends that this is not proper rebuttal report because it "reflect[s] independent analysis based on new methodologies that go far beyond anything said by TCL's experts." TCL also argues that the report concerns subject matter that was "an expected and anticipated aspect of this case, on which Ericsson at least shares the burden of proof."

Ericsson responds that the Pellegrino Report is proper rebuttal because it rebuts the argument made by TCL's expert, Dr. Lynde, that the value of the patents transferred to Ericsson had zero value. Dr. Lynde made this opinion on the basis of the secondhand determination of Dr. Kakaes that the transferred patent families were not essential to any standards in question and that they made little technical contribution. (Lynde Report ¶ 86, Dkt. No. 835-4.)

The Court agrees with Ericsson that the Pellegrino report is proper rebuttal. Dr. Lynde draws one conclusion about the value of certain patents based on one methodology (total reliance on a determination made in an arbitration proceeding). Dr. Pellegrino arrives at a different conclusion on the basis of his alternate methodology of valuing patents. The Court declines to strike the Pellegrino report because the Court considers it proper rebuttal, even though Dr. Pellegrino utilizes a different methodology than Dr. Lynde in valuing these patents.

    2.    Kennedy Report

TCL seeks to strike enormous portions of Mr. Kennedy's rebuttal report. TCL's argument

---

   [1]  The Court notes that TCL did not counter Ericsson's map in its reply or otherwise object to its substance.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-00341 JVS (Anx)<br>consolidated with CV 15-02370 JVS | Date | August 17, 2016 |
|---|---|---|---|
| Title | TCL Communications Technology Holdings Ltd v. Telefonaktenbologet LM Ericsson, et al. | | |

against the portions of Mr. Kennedy's report that it seeks to strike is that it reflects Mr. Kennedy's "independent analyses and opinions" and therefore, in TCL's view, cannot constitute proper rebuttal. (See TCL's Mot. p. 22.)

Ericsson concedes that Mr. Kennedy did not limit his evidence and methodology to the evidence and methodologies used by TCL's experts, but Ericsson strenuously argues that Mr. Kennedy's report stays on the "same subject matter" of TCL's expert's reports.

Based on the Court's earlier discussion above, see Section III.A., supra, the Court agrees with Ericsson that where Mr. Kennedy's analysis is on the "same subject matter" as the initial reports, his expert report is proper rebuttal.

The Court agrees with TCL that portions of Mr. Kennedy's report directed towards opining that TCL negotiated in bad faith should be stricken. Ericsson had the burden of proof on its affirmative defenses, and this evidence implicates Ericsson's Tenth, Eleventh, and Twelfth defenses. Mr. Kennedy should have made these opinions in an opening expert report. Consequently, the Court strikes paragraphs 50–70 and 81–84 from Mr. Kennedy's report.

The Court also agrees with TCL that some portions of Mr. Kennedy's report directed towards an opinion of whether there is patent "hold up" in this case should be stricken. Although TCL's experts generally talk about the problem of "hold up" in the abstract, Ericsson does not point out sections of their report where TCL's experts address the subject matter of whether *Ericsson* is engaging in "hold up." Consequently, Mr. Kennedy's discussion of whether there is evidence of "hold up" in the present case strays from the subject matter of TCL's initial expert reports. The Court consequently strikes the last two sentences of paragraph 72 and paragraphs 73–77.

The Court will not strike the heart of Mr. Kennedy's report, paragraphs 133–258 and the exhibits, on grounds that Mr. Kennedy utilizes a different methodology than the methodologies employed by TCL's experts. As discussed in Section III.A.3., supra, showing a different result by utilizing an alternative methodology is a proper form of rebuttal. Paragraphs 133–215 of Kennedy's report analyze and unpack other licenses of other handset manufacturers. That is the same subject matter as Dr. Lynde's report paragraphs 77–97 and Schedule 11. Paragraphs 216–58 of Kennedy's report is an opinion of the measure of the intrinsic value of Ericsson's patent portfolio. That is the same subject matter as Dr. Leonard's report paragraphs 105–10.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-00341 JVS (Anx) consolidated with CV 15-02370 JVS | Date | August 17, 2016 |
|---|---|---|---|
| Title | TCL Communications Technology Holdings Ltd v. Telefonaktenbologet LM Ericsson, et al. | | |

For the foregoing reasons and in the foregoing manner, the Court strikes portions of Mr. Kennedy's report, but declines to strike the majority of the report.

      3.      Teece Report

The Court declines to strike the Teece Report on grounds that Dr. Teece strayed beyond the subject matter of TCL's expert's reports. The Court has followed the subject matter map submitted by Ericsson and confirmed that Dr. Teece's opinions relate to the same subject matter as the opinions of TCL's experts. In particular, Dr. Teece identifies how to select similarly situated companies and comparable licenses, which is the same subject matter as a portion of Dr. Lynde's report. Also, Dr. Teece presents an opinion about the value of cellular connectivity, in rebuttal to Dr. Leonard's analysis about the proper cumulative royalty stack for the value of all cellular standard essential patents.

However, the Court strikes paragraphs 51–52 because they relate to affirmative argument that TCL has been a "hold out," an argument that is not based on any affirmative argument made by TCL's experts disclaiming TCL's role as a "hold out." TCL's experts' opinions are made in the abstract: that there is no "hold out" problem with regard to standard essential patents, generally. (See, e.g., Ordover Report ¶¶ 68–72, Dkt. 835-2.) Additionally, to the extent that this is evidence supporting Ericsson's Tenth, Eleventh, and Twelfth affirmative defenses, Ericsson had the burden of proof on this issue and should have submitted expert testimony on it at the deadline for initial, not rebuttal, disclosures. Consequently, Dr. Teece's opinion that TCL has been a hold out should be stricken.

      4.      Parkvall Report

Dr. Parkvall's report is proper rebuttal testimony because, although he utilizes a different methodology than TCL's experts, his testimony regarding the importance of Ericsson's patents stays on the same subject matter as the testimony of TCL's experts Dr. Kakaes and Dr. Jayant.

Drs. Kakaes and Jayant analyze Ericsson's declared essential patent families to determine those patent families' essentiality, importance, and contribution to the relevant cellular standards. Dr. Parkvall explains the value of each patent family owned by Ericsson. That is the "same subject matter" and consequently is proper rebuttal testimony.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-00341 JVS (Anx)<br>consolidated with CV 15-02370 JVS | Date | August 17, 2016 |
|---|---|---|---|
| Title | <u>TCL Communications Technology Holdings Ltd v. Telefonaktenbologet LM Ericsson, et al.</u> | | |

      5.      Lastova Report

    TCL and Ericsson both contend that the Lastova Report concludes that Ericsson's patents are not invalid. Ericsson contends that the Lastova Report treads in the same subject matter territory as one of TCL's expert reports because Dr. Kakaes concluded that some of Ericsson's patents *may* be invalid.

    The Court concludes that the Lastova Report should be stricken. As was acknowledged in the Kakaes Report, TCL's expert has not performed (or offered) "a rigorous invalidity analysis" of Ericsson's patents. (Kakaes Supplemental Report ¶ 391.) Mr. Lastova's report therefore goes far beyond the subject matter of TCL's expert's report. It is not proper rebuttal testimony and should be stricken. This is not a case where TCL, through the testimony of Dr. Kakaes, put the validity of Ericsson's patents at issue.

      6.      Fauvarque-Cosson Rebuttal Report

    TCL bases its contention that the first section of Dr. Fauvarque-Cosson's rebuttal report should be stricken on the grounds that Ericsson "shares" a burden of proof and needed to put forth its evidence in an initial expert report. (TCL's Mot. pp. 30–31.) The Court, as described in Section III.A.1., <u>supra</u>, disagrees with TCL's contention that Ericsson has any "shared" burden of proof. Consequently, the Court rejects TCL's suggestion that it strike the first section of Dr. Fauvarque-Cosson's rebuttal report.

    However, the Court concludes that Dr. Fauvarque-Cosson's rebuttal report strays from the "subject matter" of TCL's experts where Dr. Fauvarque-Cosson opines on whether the ETSI IPR policy contemplates licensing at the chipset or at the operational device level. Although Drs. Leonard and Ordover both discuss, generally, the possibility of licensing at a chipset level and what that would entail, their initial expert reports do not discuss the ETSI IPR policy or industry practice at all. The Court agrees with TCL that Dr. Fauvarque-Cosson's rebuttal report goes too far beyond the subject matter of TCL's expert reports. Consequently, the Court strikes paragraphs 11–20 of the Fauvarque-Cosson rebuttal report.

      7.      Huber Rebuttal Report

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-00341 JVS (Anx) consolidated with CV 15-02370 JVS | Date | August 17, 2016 |
|---|---|---|---|
| Title | TCL Communications Technology Holdings Ltd v. Telefonaktenbologet LM Ericsson, et al. | | |

The Court agrees with TCL that paragraphs 58–64 of Dr. Huber's rebuttal report should be stricken for the same reasons that the Court strikes paragraphs 11–20 of Dr. Fauvarque-Cosson's rebuttal report. By opining that the language of the ETSI IPR policy and industry practice support the notion of licensing at the device rather than the chipset level, Dr. Huber discusses the ITSI IPR policy in a way that is not the "same subject matter" of any of TCL's opening expert reports.

TCL's arguments about paragraphs 34, 52, and 78 also succeed. Paragraphs 34 and 78 opine that TCL is engaging in "holdout," a topic that is beyond the scope of TCL's experts' arguments and on which Ericsson had the burden of proof by virtue of its affirmative defenses. Paragraph 52 opines that Ericsson engages in FRAND behavior. This is essentially the argument that there is no evidence of "hold up," a subject that is not a part of any of TCL's expert's reports.

Consequently, the Court strikes paragraphs 34, 52, 58–64, and 78 of Dr. Huber's rebuttal report.

### 8. Mallinson Report

TCL seeks to strike a small portion of Mr. Mallinson's report. Specifically, TCL seeks to strike pages 12–14. TCL's purported grounds for striking Mr. Mallinson's report is that Ericsson should have propounded Mr. Mallinson's contentions about counting approved technical contributions as an initial expert report. However, Ericsson did not have the burden of proof on the breach of contract case, or a burden of proof on valuing its patent portfolio. Consequently, Ericsson was not obligated to come forward with an initial report arguing about a particular methodology for valuing its patent portfolio.

Mr. Mallinson's methodology attempts to rebut Dr. Bekkers's claims that using Mr. Mallinson's methodology is not an effective way to measure comparable patent portfolios. Mr. Mallinson was not obligated to put forth these contentions only in an initial expert report, and it clearly stays on the same subject matter as portions of Dr. Bekker's report.

### IV. Conclusion

For the foregoing reasons the Court strikes:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 14-00341 JVS (Anx)<br>consolidated with CV 15-02370 JVS | Date | August 17, 2016 |
| Title | TCL Communications Technology Holdings Ltd v. Telefonaktenbologet LM Ericsson, et al. | | |

    (1)    Two sentences of paragraph 72 and the entirety of paragraphs 73–77 of Mr. Kennedy's report;
    (2)    Paragraphs 51–52 of Dr. Teece's report;
    (3)    The entirety of Dr. Lastova's report;
    (4)    Paragraphs 11–20 of Dr. Fauvarque-Cosson's rebuttal report; and
    (5)    Paragraphs 32, 52, 58–64, and 78 of Dr. Huber's report.

The Court declines to strike the remainder of the reports.

While the Court finds that the relief granted here is proper, the Court has concerns, which it expressed at the hearing, about the unfairness which may result without further relief. As a practical matter, TCL has no means to respond to what are in many instances independent and newly-developed analyses presented by Ericsson's experts. That is certainly true if the present trial date remains. By the same token, if the Court were to grant the full measure of relief which TCL seeks, it would in essence eviscerate Ericsson's case. Were the asserted discovery defaults on Ericsson's part clear and without question, such a result might be warranted. But the Court cannot so characterize Ericsson's conduct.

An inherent part of the civil and criminal justice system is a desire to resolve disputes on the merits. That can be done here only by vacating the current trial date, and allowing TCL to submit expert reports dealing with the new matter which the Ericsson experts have presented. This relief is consistent with the Court's discretion under Federal Rule of Civil Procedure 37(c)(1). See Nunez v. Harper, No. 2:13-CV-00392-GMN, 2014 WL 979933, at *5 (D. Nev. Mar. 12, 2014) (declining to exclude defendant's expert report but permitting plaintiff to prepare amended or supplemental reports that take into account the defendant's expert's report).

The Court vacates the October 11, 2016 trial date and all related dates. The parties are directed to meet and confer for the purpose of submitting a revised schedule. The Court will conduct a telephonic status conference with the parties on August 22, 2016.

IT IS SO ORDERED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 14-00341 JVS (Anx)<br>consolidated with CV 15-02370 JVS | Date | August 17, 2016 |
| Title | TCL Communications Technology Holdings Ltd v. Telefonaktenbologet LM Ericsson, et al. | | |

|  |  : | 00 |
|---|---|---|
|  | Initials of Preparer | kjt |