Michael W. De Vries (State Bar No. 211001)
michael.devries@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, CA 90071
Tel: (213) 680-8400/Fax: (213) 680-8500

Attorney for Third Party
Samsung Electronics Co., Ltd.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| TCL COMMUNICATION TECHNOLOGY HOLDINGS, LTD, et al.,<br><br>           Plaintiffs,<br><br>v.<br><br>TELEFONAKTIEBOLAGET LM ERICSSON, et al.,<br><br>           Defendants. | CASE NO. SACV14-00341 JVS (DFMx) Consolidated with CV15-02370<br><br>**DECLARATION OF TAE HYUNG KIM IN RESPONSE TO THE COURT'S REQUEST FOR INFORMATION REGARDING LICENSES**<br><br>Judge:          Hon. James V. Selna<br>Hearing Date: November 7, 2016<br>Time:           3:00 PM |

I, Tae Hyung Kim, declare as follows:

1. I have been employed at Samsung Electronics Co., Ltd. ("Samsung") as Vice President of Licensing since January 2015. Prior to then, from November 2010 through December 2014, I was employed at Samsung as Senior Counsel. I have personal knowledge of the matters stated in this declaration.

2. I have reviewed the Court's Request for Information Regarding Licenses (Dkt. 1182). I understand the Court seeks additional information relating to the Court's consideration of "whether and to what extent party representatives should be allowed to be present at trial when third-party trade secret evidence is discussed or offered into

evidence." (Dkt. 1182 at 1.) I submit this declaration on behalf of Samsung to respond to the specific requests from the Court, as set forth below.

3. **Request 1: "Have any of the Third Parties entered into a patent license with TCL or Ericsson in the past five years?"** Yes, Samsung and Ericsson executed a Patent License Agreement in 2014. A redacted, publicly available version of the Patent License Agreement filed with the International Trade Commission is attached as Exhibit A. In my role as Senior Counsel, I was personally involved in the licensing negotiations between Samsung and Ericsson and the subsequent execution of that Patent License Agreement.

4. Samsung and TCL are competitors but, to date, have not executed a patent license agreement.

5. As set forth in my prior declaration (Dkt. 1069-3), Samsung maintains licensing terms, structure, and negotiation history of the Samsung-Ericsson Patent License Agreement with the utmost confidentiality, including through extensive efforts to restrict disclosure to third parties and even internally within the company. Such efforts are specifically intended to prevent any competitor, such as TCL, from obtaining unfair bargaining power in future licensing negotiations. For example, the information reflected in the Samsung-Ericsson Patent License Agreement includes terms, such as specific royalties and payment structure, which are traditionally highly guarded in the industry and subject to strict confidentiality obligations. Samsung does not have access to such confidential information related to TCL's agreements. Disclosure of Samsung's trade secrets to TCL in this matter would thus provide TCL with information that it would not otherwise have and with a resulting significant unfair advantage in future negotiations or dealings with Samsung.

6. **Request 2: "Have any of the Third Parties conducted other patent license negotiations with TCL or Ericsson that did not result in a license in the past five years?"** No, as explained above, the negotiations between Samsung and Ericsson

concluded in a license in 2014.  Samsung and TCL are competitors but have not, to date, engaged in patent license negotiations or executed a patent license agreement.

7. **Request 3: "If there have been actual licenses or negotiation, do those licenses and/or negotiations relate [to] the types of patents at issue here?"** I understand from counsel that the patents at issue in this matter include Ericsson's cellular standard-essential patens ("SEPs"), such as patents relating to the 2G, 3G, and 4G cellular standards.  I also understand from counsel that TCL originally asserted claims of infringement against Ericsson related to TCL's cellular patents.

8. The coverage of the Patent License Agreement between Samsung and Ericsson is a license to portfolios of patents.  The licensed portfolios include, but are not limited to, these same types of patents.  Specifically, it is public knowledge that the Samsung-Ericsson Patent License Agreement involves a cross-license covering 2G, 3G, and 4G cellular patents, and includes both SEPs and implementation patents.  (*See, e.g.*, Ex. A.)  For at least this reason, the Samsung licensing trade secrets at issue here would be relevant to the assertions made by TCL, and their disclosure to TCL would give TCL unfair bargaining power in any future licensing negotiations between Samsung and TCL relating to these types of patents, thus posing a risk of significant and irreparable harm to Samsung.

9. **Request 4: "Any other information which would be useful to the Court to determine whether disclosure of a Third Party's trade secret information to a TCL or Ericsson representative presents a threat of actual or potential competitive harm to the Third Party."** Any disclosure to TCL of the trade secrets contained in the Samsung-Ericsson Patent License Agreement and related information also has the potential to significantly and irreparably harm Samsung with respect to negotiations with third parties other than TCL.  Samsung is one of the largest manufacturers of cellular devices in the world and is frequently in negotiations with numerous parties regarding cellular SEPs.  To the extent a competitor such as TCL, who is itself involved in licensing negotiations with other parties, receives trade secret information regarding Samsung's

cellular licensing practices and past negotiations, there is a significant risk that such information could be used by TCL to increase its bargaining power in licensing negotiations between TCL and those other parties. In this respect, such disclosure would also prejudice Samsung in its own negotiations with such parties, who would have information that would not otherwise be disclosed to them, thereby providing them with a significant unfair advantage in any future negotiations or dealings with Samsung.

10. Even if the TCL representative signs an undertaking under the protective order, there is still the risk of inadvertent disclosure. Samsung understands that the TCL representative's job duties include licensing, which may make the Samsung licensing information highly valuable for purposes outside of this litigation. Further, the designated TCL representative would be in a position where he is one of the most likely persons in the company to potentially use the information outside of this litigation, including in future negotiations with Samsung or others, whether intentionally or not.

11. For at least these reasons, the disclosure of Samsung's trade secrets regarding its license with Ericsson to TCL's proposed representative presents a threat of significant competitive harm to Samsung.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on this 3rd day of November, 2016, in Seoul, Korea.

_____
Tae Hyung Kim

# CERTIFICATE OF SERVICE

Pursuant to Rule 5-3 of the Local Civil Rules of the United States District Court for the Central District of California, I hereby certify under penalty of perjury under the laws of the United States of America that on November 3, 2016, a true copy of **DECLARATION OF TAE HYUNG KIM IN RESPONSE TO THE COURT'S REQUEST FOR INFORMATION REGARDING LICENSES** was filed through the Court's Case Management/Electronic Case Filing ("CM/ECF") System and served by that System upon all counsel of record registered for the System and deemed to have consented to electronic service in the above-captioned case.

                                        */s/ Michael W. De Vries*
                                        Michael W. De Vries