HUESTON HENNIGAN LLP
Douglas J. Dixon (SBN 275389)
ddixon@hueston.com
Jonathan D. Guynn (SBN 307285)
jguynn@hueston.com
620 Newport Center Drive, Suite 1300
Newport Beach, CA 92660
Telephone: (949) 229-8640
Facsimile: (888) 775-0898

Attorneys for Third-Parties
BlackBerry Corporation and
BlackBerry Limited

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TCL COMMUNICATIONS TECHNOLOGY HOLDINGS, LTD, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> TELEFONAKTIEBOLAGET LM ERICSSON, et al., <br><br> Defendants. | Case No. 8:14-CV-00341 JVS-DFMx <br> Case No. 2:15-CV-02370 JVS-DFMx <br><br> **DECLARATION OF RANDALL MISHLER IN RESPONSE TO REQUEST FOR INFORMATION REGARDING LICENSES (DOCKET NO. 1182)** <br><br> Hon. James V. Selna |

MISHLER DECLARATION IN RESPONSE TO COURT'S REQUEST FOR INFORMATION

0.0

# DECLARATION OF RANDALL MISHLER

I, Randall Mishler, state and declare as follows:

1. I am a current employee of BlackBerry Corporation. I submit this declaration in response to the Court's Request for Information Regarding Licenses dated November 1, 2016 (Docket No. 1182), in the above-captioned matter. Unless otherwise indicated, the matters set forth herein are based either on my personal knowledge or corporate records maintained by BlackBerry Corporation in the ordinary course of business.

2. I joined BlackBerry Corporation (then known as Research In Motion Corporation; collectively, with BlackBerry Limited, "BlackBerry") in July 2005 and am currently employed in its Intellectual Property Licensing Department. I am an attorney, and my current title is Senior Director, Licensing.

3. During the course of my employment with BlackBerry, my job responsibilities have included negotiating and managing licenses of patents, handling inbound assertions, and interfacing with the standards and patent prosecution teams.

4. I have conferred with various members of BlackBerry's licensing team and reviewed documents related to the Court's November 1, 2016 request for additional information regarding BlackBerry's licenses and licensing negotiations with Plaintiffs ("TCL") and Defendants ("Ericsson") in this action. Specifically, the Court asked each third party applicant to provide a brief declaration regarding four points of inquiry. I address each in turn.

## I. HAVE ANY OF THE THIRD PARTIES ENTERED INTO A PATENT LICENSE WITH TCL OR ERICSSON IN THE PAST FIVE YEARS?

5. Research In Motion Limited (now BlackBerry Limited), entered a confidential patent cross license agreement ("Patent Cross License Agreement") with Telefonaktiebolaget LM Ericsson in 2010. The Patent Cross License Agreement is subject to strict confidentiality provisions which prevent public disclosure.

6. BlackBerry has not entered into a patent license agreement with TCL in the past five years.

## II. HAVE ANY OF THE THIRD PARTIES CONDUCTED OTHER PATENT LICENSE NEGOTIATIONS WITH TCL OR ERICSSON THAT DID NOT RESULT IN A LICENSE IN THE PAST FIVE YEARS?

7. BlackBerry has engaged in patent license discussions with both TCL and Ericsson in the past five years. These negotiations are subject to strict confidentiality provisions which prevent public disclosure.

## III. IF THERE HAVE BEEN ACTUAL LICENSES OR NEGOTIATIONS, DO THOSE LICENSES AND/OR NEGOTIATIONS RELATE THE TYPES OF PATENTS AT ISSUE HERE?

8. BlackBerry's patent license negotiations with Ericsson and TCL in the last five years are subject to non-disclosure agreements, and I am not permitted to provide details. The negotiations have related, in part, to cellular standard essential patents.

## IV. ANY OTHER INFORMATION WHICH WOULD BE USEFUL TO THE COURT TO DETERMINE WHETHER DISCLOSURE OF A THIRD PARTY'S TRADE SECRET INFORMATION TO A TCL OR ERICSSON REPRESENTATIVE PRESENTS A THREAT OF ACTUAL OR POTENTIAL COMPETITIVE HARM TO THE THIRD PARTY.

9. BlackBerry regularly engages in confidential licensing negotiations that lead to confidential license agreements.

10. BlackBerry would be severely prejudiced if TCL learned of the terms of BlackBerry's confidential patent license agreements with others. These terms reflect confidential, commercially sensitive information, and disclosure to TCL could affect the course of any negotiations with TCL.

11. BlackBerry therefore objects to any representative of TCL being present in the courtroom during closed sessions of trial when BlackBerry's confidential, proprietary, or trade secret information is discussed.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

1  I declare under penalty of perjury that the foregoing is true and correct.
2  Executed on this 3rd day of November, 2016, in Irving, Texas.

*/s/ Randall Mishler*
Randall Mishler