L. Howard Chen (SBN 257393)
howard.chen@klgates.com
Harold H. Davis, Jr. (SBN 235552)
*harold.davis@klgates.com*
K&L GATES LLP
4 Embarcadero Center, Suite 1200
San Francisco, California 94111
Telephone: 415.882.8200
Facsimile: 412.882.8220

Attorneys for Third Party ZTE Corporation

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TCL COMMUNICATIONS TECHNOLOGY HOLDINGS, LTD, et l., <br><br> Plaintiffs, <br><br> vs. <br><br> TELEFONAKTIEBOLAGET LM ERICSSON, et al., <br><br> Defendants. | Case No. 8:14-CV-00341 JVS-DFMx <br> Case No. 2:15-CV-02370 JVS-DFMx <br><br> **DECLARATION OF YI HU IN SUPPORT OF JOINDER TO THIRD PARTIES' MOTION TO SEAL AND COURT'S REQUEST FOR INFORMATION REGARDING LICENSES (DOCKET NOS. 1065, 1069, 1179, 1180, AND 1182)** <br><br> Hon. James V. Selna |

I, Yi Hu, declare:

1. I currently serve as the Head of IPR Litigation for ZTE Corporation ("ZTE"). I submit this declaration on behalf of third party ZTE Corporation ("ZTE") in support of Third-party Huawei Technologies Co., Ltd. ("Huawei") and Third-party Samsung Electronics Co., Ltd. ("Samsung") motions to seal confidential license documents and negotiations and related court proceedings (Docket Nos. 1065, 1069, 1179, 1180). I also submit this declaration in response to the Court's order requesting information regarding licenses (Docket No. 1182). I have personal knowledge of the matters set forth herein. If called as a witness, I could and would competently testify thereto.

2. ZTE Corporation is a corporation organized and existing under the laws of the People's Republic of China, having a principal place of business in Shenzhen, China.

3. I am an attorney and have been involved in ZTE's licensing of intellectual property. I work at ZTE's headquarters in Shenzhen, Guangdong Province, People's Repbulic of China and am knowledgeable about ZTE's organization and structure as it relates to worldwide Intellectual Property, litigation and licensing activities.

4. I have conferred with various members of ZTE's licensing team and reviewed documents related to the Court's November 1, 2016 request for additional information regarding third parties' licenses and licensing negotiations with Plaintiffs ("TCL") and Defendants ("Ericsson") in this action I address the Court's questions below:

- **HAVE ANY OF THE THIRD PARTIES ENTERED INTO A PATENT LICENSE WITH TCL OR ERICSSON IN THE PAST FIVE YEARS?**

5. ZTE entered into a confidential patent cross license agreement ("PCLA") with Telefonaktiebolaget LM Ericsson in 2011. The PCLA is subject to confidentiality provisions which prevent public disclosure of the details of the agreement.

6. ZTE has not entered into a patent license agreement with TCL in the past five years.

- **HAVE ANY OF THE THIRD PARTIES CONDUCTED OTHER PATENT LICENSE NEGOTIATIONS WITH TCL OR ERICSSON THAT DID NOT RESULT IN A LICENSE IN THE PAST FIVE YEARS?**

7. ZTE has engaged in patent license discussions with both TCL and Ericsson in the past six years. These negotiations are subject to confidentiality provisions which prevent public disclosure of the details of these discussions.

- **IF THERE HAVE BEEN ACTUAL LICENSES OR NEGOTIATIONS, DO THOSE LICENSES AND/OR NEGOTIATIONS RELATE THE TYPES OF PATENTS AT ISSUE HERE?**

8. ZTE's negotiations with Ericsson and TCL in the last six years are subject to non-disclosure agreements, and I am not permitted to provide details of those discussions. The negotiations have related, in part, to cellular standard essential patents.

- **ANY OTHER INFORMATION WHICH WOULD BE USEFUL TO THE COURT TO DETERMINE WHETHER DISCLOSURE OF A THIRD PARTY'S TRADE SECRET INFORMATION TO A TCL OR ERICSSON REPRESENTATIVE PRESENTS A THREAT OF ACTUAL OR POTENTIAL COMPETITIVE HARM TO THE THIRD PARTY.**

9. ZTE honors its confidentiality obligations. It would be prejudiced if TCL learned the terms of ZTE's patent license agreements with others, including those with Ericsson. The terms of ZTE's agreement with Ericsson are confidential and commercially sensitive information that ZTE does not regularly disclose to the public. Disclosure of these confidential terms to TCL could affect potential negotiations with TCL and provide TCL with information it would not ordinarily be privy to during licensing negotiations. Consequently, ZTE objects to TCL being present in the courtroom when ZTE confidential, proprietary, and/or trade secret information is discussed, including, the details of its agreement and negotiations with Ericsson.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on this 4th day of November 2016, at Shenzhen, China

|   |   |
|---|---|
| By: | _____ |
|   | Yi Hu |