UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| TCL COMMUNICATION TECHNOLOGY HOLDINGS, LTD., *et al.*,<br><br>             Plaintiffs,<br><br>     v.<br><br>TELEFONAKTIEBOLAGET LM ERICSSON, *et al.*,<br><br>             Defendants.<br>_____<br>TELEFONAKTIEBOLAGET LM ERICSSON *et al.*,<br><br>             Plaintiffs,<br><br>     v.<br><br>TCL COMMUNICATION TECHNOLOGY HOLDINGS, LTD. *et al.*,<br><br>             Defendants. | Case No. SACV14−00341 JVS (DFMx)<br><br>Consolidated with CV15-02370<br><br>**FINAL PRETRIAL CONFERENCE ORDER**<br><br>Hearing Date: Jan. 30, 2017<br>Time: 11:00 a.m.<br>Place: Courtroom 10C<br>Before Hon. James V. Selna<br><br>Discovery Cut-Off:  May 23, 2016<br>Pre-Trial Conf.:  Jan. 30, 2017<br>Trial:  Feb. 14, 2017<br><br>**PUBLIC REDACTED VERSION** |

Case No. SACV14−00341 JVS (DFMx)/CV15-02370

SMRH:480883005.1

Following pretrial proceedings, pursuant to Rule 16, Fed. R. Civ. P. 16 and L.R. 16, IT IS ORDERED:

### 1. **Parties and Pleadings**

<u>Case No. SACV14−00341</u>.  The parties are Plaintiffs and Counter-defendants TCL Communication Technology Holdings, Ltd., TCT Mobile Limited, and TCT Mobile (US) Inc. (collectively, TCL) and Defendants and Counterclaimants Telefonaktiebolaget LM Ericsson and Ericsson Inc. (together, Ericsson).  The parties have been served and have appeared.  There are no parties named in the pleadings that are not identified here.  The pleadings which raise the issues are TCL's Second Amended Complaint, Dkt. 31; Ericsson's Answer, Defenses, and Counterclaims to TCL's Second Amended Complaint, Dkt. 59; and TCL's Reply to Ericsson's Answer, Defenses, and Counterclaims to TCL's Second Amended Complaint. Dkt. 66.

<u>Case No. CV15-02370</u>.  The parties are Plaintiffs and Counter-defendants Ericsson Inc. and Telefonaktiebolaget LM Ericsson (together, Ericsson) and Defendants and Counterclaimants TCL Communication Technology Holdings, Ltd., TCT Mobile Limited, and TCT Mobile (US) Inc. (collectively, TCL).  The parties have been served and have appeared.  There are no parties named in the pleadings that are not identified here.  The pleadings that raise the issues are Ericsson's First Amended Complaint, Dkt. 17; TCL's Answer, Affirmative Defenses, and Counterclaims to Ericsson's Complaint, Dkt. 22; and Ericsson's Amended Answer to Amended Answer and Affirmative Defenses to TCL's Counterclaims, Dkt. 52.

### 2. **Jurisdiction**

<u>Case No. SACV14−00341</u>

***TCL's Statement***:  The bases for the Court's jurisdiction over this case are 28 U.S.C. §§ 1331, 1338(a), 1367(a), 2201, and 2202.  In its July 28, 2014 order, the Court considered and confirmed that its federal question jurisdiction in this

action is premised on 28 U.S.C. §§ 1331 and 1338. Dkt. 39. The bases for venue are 28 U.S.C. §§1391(a), 1391(c), and 1391(d). The facts requisite to federal jurisdiction are admitted.

*Ericsson's Statement*: Ericsson notified the Court of a defect in its subject matter jurisdiction, *i.e.* a lack of diversity between the parties, in Ericsson's Notice of Lack of Subject Matter Jurisdiction. Dkt. 26; *see also* Dkt. 32 at 2-7. The Court subsequently found that it had subject matter jurisdiction premised on the existence of a federal question. Dkt. 39. The bases for venue are 28 U.S.C. §§ 1391(a), 1391(c), and 1391(d).

Case No. CV15-02370

The bases for the Court's jurisdiction over this case are 28 U.S.C. §§ 1331, 1338(a), and 1367. The bases for venue are 28 U.S.C. §§1391(a), 1391(c), and 1391(d). The facts requisite to federal jurisdiction are admitted.

### 3. Trial Length

Each side shall have 26.5 hours for examination and cross-examination.

### 4. Jury or Non-jury Trial

*TCL's Statement*: The trial is to be a non-jury trial. Dkt. 1086.

*Ericsson's Statement*: Ericsson has requested a jury trial of all issues on the grounds set forth in Ericsson's Court-Requested Submission Regarding Remaining Claims and Requirement of a Jury Trial. Dkt. 1063 at 7-13. The Court has indicated it will proceed with a non-jury trial and has overruled Ericsson's request for a jury trial of all issues, Dkt. 1086, which request Ericsson hereby preserves.

*Joint Statement*: The Court previously ruled the parties need not submit findings of fact and conclusions of law, but rather will simultaneously submit trial briefs of no more than 50 pages. *See* Nov. 7, 2016 Tr. at 34:6–11.

### 5. Admitted Facts

The parties are negotiating various admitted facts that require no proof in a good faith attempt to avoid evidentiary issues regarding certain exhibits and

testimony.

### 6. Stipulated Facts

The parties are negotiating various stipulated facts that, though stipulated, shall be without prejudice to any evidentiary objection, in a good faith attempt to avoid evidentiary issues regarding certain exhibits and testimony.

### 7. Claims and Defenses

The following claims are stayed until further order of the Court: (i) Ericsson's claim for infringement of U.S. Patent No. 6,301,556; (ii) Ericsson's claim for infringement of U.S. Patent No. 6,473,506; (iii) TCL's claim for declaratory judgment of non-infringement of U.S. Patent No. 6,301,556; (iv) TCL's claim for declaratory judgment of invalidity of U.S. Patent No. 6,301,556; (v) TCL's claim for declaratory judgment of non-infringement of U.S. Patent No. 6,473,506; and (vi) TCL's claim for declaratory judgment of invalidity of U.S. Patent No. 6,473,506. Dkt. 281. Although they are not listed in this Order, these claims are not dismissed or abandoned by virtue of not being listed in this Order. *Id*.

***TCL's Statement***:

(a) TCL plans to pursue the following claims against Ericsson:
  (1) Breach of Contract;
  (2) Specific Performance of Contract;
  (3) Declaratory Relief.

(b) The elements required to establish TCL's claims are:

For (1) breach of contract where the remedy being sought is specific performance, the elements under French law are as follows: (a) existence of a contractual obligation, and (b) failure to perform or imperfect performance of that contractual obligation. *See* French Civil Code, Articles 1217 and 1221.

For (2) specific performance of contract, the elements under California law are as follows: (a) contract terms are sufficiently definite; (b) consideration is

adequate; (c) there is substantial similarity of the requested performance to the contractual terms; (d) there is a mutuality of remedies; and (e) the plaintiff's legal remedy is inadequate. *See Union Oil Co. of Cal. v. Greka Energy Corp.*, 165 Cal. App. 4th 129, 134 (2008).

For (3) declaratory relief, the elements under federal law are as follows: the existence of an actual case or controversy within the jurisdiction of the Court. *See* 28 U.S.C. § 2201.

(c) In brief, the key evidence TCL relies on for each of the claims is:

The evidence supporting TCL's claims is set forth in TCL's witness declarations (Dkts. 1314, 1315, 1316, 1317, 1318, 1319, 1320, 1324, 1326, 1327, 1334), and will also be addressed in more detail in TCL's forthcoming trial brief, due February 7, 2017.

In summary, it is undisputed that TCL is entitled to fair, reasonable, and non-discriminatory ("FRAND") terms and conditions for a license to Ericsson's 2G, 3G, and 4G standard-essential patents, by virtue of Ericsson's contractual promises to the European Telecommunications Standards Institute ("ETSI"), of which TCL is a third-party beneficiary. Dkt. 1059.

Ericsson has not offered TCL a license to Ericsson's 2G, 3G, and 4G standard-essential patents on terms and conditions that are FRAND. A fair and reasonable royalty rate should not exceed ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (*e.g.*, handsets, modems, tablets) that practice only the 2G and/or 3G standards, and ▮▮▮▮▮▮▮▮ of user equipment that practice the 4G standard, as these rates capture the incremental value of the patented technologies relative to the next best alternative technology that was available at the time the standard was set (the "*ex ante* value"), rather than the value of the standard. Dkt. 1317 (Decl. of Dr. Gregory K. Leonard); *see also Ericsson, Inc. v. D-Link Systems, Inc.*, 773 F.3d 1201, 1233 (Fed. Cir. 2014) ("[A] royalty award for a SEP must be apportioned to the value of the patented invention (or at least to the approximate value thereof),

1  not the value of the standard as a whole."); *Microsoft Corp. v. Motorola, Inc.*, No.
2  C10-1823JLR, 2013 WL 2111217, at *20 (W.D. Wash. Apr. 25, 2013) ("[T]he
3  parties would examine a reasonable royalty rate under the RAND commitment
4  based on the contribution of the patented technology to the capabilities of the
5  standard, and in turn, the contribution of those capabilities of the standard to the
6  implementer and the implementer's products."); *In re Innovatio IP Ventures, LLC*
7  *Patent Litig.*, No. 11 C 9308, 2013 WL 5593609, at *6 (N.D. Ill. Oct. 3, 2013)
8  ("First, a court should consider the importance of the patent portfolio to the
9  standard, considering both the proportion of all patents essential to the standard that
10 are in the portfolio, and also the technical contribution of the patent portfolio as a
11 whole to the standard. . . . Second, a court should consider the importance of the
12 patent portfolio as a whole to the alleged infringer's accused products.").

13      In addition, a non-discriminatory royalty rate should not exceed ▓▓▓▓
14 ▓▓▓▓▓▓▓ of user equipment that practice only the 2G and/or 3G standards,
15 and ▓▓▓▓▓▓▓▓ of user equipment that practice the 4G standard, as these are
16 the lowest effective royalty rates being paid by TCL's direct competitors for
17 practicing the relevant standards (*i.e.*, Samsung and Apple, respectively). Dkt.
18 1318, 1319 (Decls. of Dr. Matthew R. Lynde, Janusz A. Ordover).

19      Ericsson, however, has asked that TCL pay the following rates:
20      <u>Option A</u>: ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
21 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
22 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
23 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
24      <u>Option B</u>: ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
25 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

26      Ericsson's proposed rates vastly exceed what would be fair and reasonable.
27 They also would be discriminatory in light of the effective royalty rates being paid
28 by TCL's direct competitors. Specific relief is needed to compel Ericsson to offer

1  license terms that are FRAND, so that TCL can obtain a license and avoid the
2  threat of patent infringement lawsuits. As such, the Court should decree that TCL
3  must pay rates of ████████████████████ of user equipment that practice only
4  the 2G and/or 3G standards, and ██████████████ of user equipment that practice
5  the 4G standard. Anything higher would be unfair and unreasonable, and hence not
6  FRAND.

7  TCL notes that Ericsson characterizes TCL's position, as summarized above,
8  as "untimely" and "prejudicial" because the stated royalty rates were not in TCL's
9  FRAND contentions from April 2015. This has no merit whatsoever. TCL's
10 FRAND contentions were submitted early in the case, before any expert analysis or
11 meaningful discovery had taken place. Ericsson never asked TCL to update its
12 FRAND contentions to include specific rates. That is presumably because the
13 royalty rates in question were fully set forth in TCL's expert reports served in
14 February 2016, one full year ago. Ericsson has been on notice of TCL's position
15 regarding what royalty rates would be fair and reasonable, and what royalty rates
16 would be non-discriminatory, since no later than February 2016.

17 ***Ericsson's Statement***:

18 Ericsson plans to pursue its claim for declaratory relief against TCL at trial.
19 Ericsson requests a declaratory judgment that Ericsson has (i) complied with its IPR
20 licensing declarations to ETSI, ETSI's IPR Policy, and any applicable laws during its
21 negotiations with TCL in regard to FRAND terms for a license to Ericsson's 2G, 3G,
22 and 4G standard essential patents, and (ii) offered to grant TCL a license to
23 Ericsson's 2G, 3G, and 4G standard essential patents on FRAND terms, but to date
24 TCL has refused to accept Ericsson's offers for a license. *See* Dkt. 17 (Case No.
25 CV15-02370).

26 TCL bears the burden of proof on Ericsson's claim for declaratory relief. Dkt.
27 1074 at 4 ("Even if Ericsson has made affirmative allegations that it has not breached
28 a contract and made affirmative allegations that its offers to TCL are FRAND, that

fact does not alter the burden of proof in this case") (citing *United Pac. Ins. Co. v. Safety–Kleen Corp.*, 1993 WL 505393, *4 (N.D. Cal. 1993) and *Barrientos v. 1801-1825 Morton, LLC*, 2007 WL 7213972, at *2 (C.D. Cal. Oct. 24, 2007). To carry its burden of proof, TCL must prove (a) the existence of a contractual obligation, and (b) failure to perform that contractual obligation. *See* French Civil Code, Article 1217. TCL has failed to come forward with evidence sufficient to carry its burden of proof on Ericsson's claim for declaratory relief, and will be unable to do so at trial. TCL has consented to be bound by, and to perform under, a global license to be adjudicated and imposed by the Court. Ericsson will seek the imposition of either its Option A or Option B offers on TCL, including a release payment, by injunction as part of the judgment of the Court.

Although Ericsson does not bear the burden of proof on any claim asserted by TCL or Ericsson, the Court has nonetheless opined that Ericsson carries the burden of proof regarding its entitlement to, and the amount of, the release payment set forth in Option A and Option B. Dkt. 1278 at 20-11. (Ericsson respectfully disagrees and reserves all rights regarding its position that it does not bear the burden of proof on this issue). To comply with the Court's assignment of the burden, Ericsson will present testimony by its financial expert, Mr. Kennedy, regarding the amount of the release payment owed by TCL. Dkt. 1333. Ericsson will also present documentary evidence and testimony showing TCL's large volume of unlicensed sales (*e.g.* Trial Exhibits 142, 5315), TCL's repeated offers to make a release payment to Ericsson during the parties' pre-suit negotiations (*e.g.* Trial Exhibits 4009, 281, 282), evidence that TCL admits to making unlicensed sales of mobile devices that use Ericsson's 2G, 3G, and 4G standard essential patents, and evidence that TCL has represented and admitted to this Court through its counsel that the release payment should be calculated by applying the adjudicated going-forward royalty rates to TCL's past unlicensed sales. *See* Hr'g Tr., June 7, 2016 at 19:22-25 (representation by TCL's counsel that "[c]ertainly we would contend that whatever rate the jury sets moving

1 forward would also be the rate that would cover prior unlicensed sales. We have
2 always assumed that that's how it would ultimately work out"). The evidence
3 supporting Ericsson's entitlement to and the amount of the release payment will be
4 addressed in more detail in Ericsson's forthcoming trial brief, to be filed on February
5 7, 2017.

6       Ericsson will also explain in its trial brief why TCL cannot, and will not,
7 satisfy its burden of proof to establish its claims for breach of contract, specific
8 performance, and declaratory relief. Additionally, Ericsson objects to TCL's brand-
9 new contentions, as set forth above, that (i) a fair and reasonable royalty rate should
10 not exceed ████████████████████ of user equipment that practices only the
11 2G and/or 3G standards, and ████████████ of user equipment that practices
12 the 4G standard; and that (ii) a non-discriminatory royalty rate should not exceed
13 ████████████████████ of user equipment that practices only the 2G and/or
14 3G standards, and ████████████ of user equipment that practices the 4G
15 standard, on grounds that this pre-trial order is the first time that TCL has come
16 forward with its contentions as to what a FRAND royalty rate should not exceed.
17 Notably, TCL failed to disclose these contentions to Ericsson in its FRAND
18 contentions (Dkt. 154)—which Ericsson relied upon in conducting discovery and
19 preparing its defense to TCL's claims—and did not at any time seek to amend its
20 FRAND contentions to do so. Nor did TCL set forth its contentions as to what it
21 considers to be maximum FRAND royalty rates in its expert reports or in its direct
22 testimony by witness declaration, submitted on January 11, 2017. TCL's untimely
23 disclosure of its contentions for what it considers to be maximum FRAND royalty
24 rates—on the eve of trial and more than seven months after the close of
25 discovery—is highly prejudicial and unfair to Ericsson. As such, TCL should not
26 be permitted to make these contentions at trial.

27     **8.**    <u>**Issues Remaining to Be Tried**</u>
28       In view of the admitted facts and the elements required to establish the

claims, the following issues remain to be tried:

***TCL's Statement***: Determination and imposition of the FRAND terms and conditions of a worldwide license between Ericsson and TCL covering Ericsson's 2G, 3G, and 4G standard-essential patents. In so ruling, the Court shall also address whether Ericsson's Option A and/or Option B proposals would constitute a FRAND license between the parties. (Dkt. 1055.)

Below, Ericsson argues the Court should address whether Option and/or Option B "were not FRAND at the time they were made." TCL strongly disagrees that the Court's determination regarding what terms and conditions would be FRAND should be governed by the timing of when Ericsson made its Option A and Option B offers. The Court's order on July 25, 2016, did not establish the timing element advocated by Ericsson below. Dkt. 1055 at p. 4 ("[T]he Court will consider: 'Is Option A a FRAND license? Is Option B a FRAND license?'"). Contrary to Ericsson's argument, the Court denied Ericsson's attempt to use Option C because Ericsson was not diligent in bringing forth its new theory, and TCL would have been prejudiced because of its inability to conduct adequate follow-up discovery—not because matters occurring after Ericsson made its Option A and Option B offers were not relevant. The license at the end of this case is to govern both past *and* future sales between the parties. The Court, sitting in equity, must take into account circumstances through the present (*i.e.*, through the time of the judgment), as well as what would be equitable moving forward, in making its determination. Even if the Court were to conclude that Option A or Option B were FRAND when made almost two years ago (they were not), it would not be equitable to impose them for purposes of a forward-looking license if they are no longer FRAND. Indeed, Ericsson continues to assert Option A and Option B are still FRAND today; if they are not, the Court should impose different terms.

Ericsson also states that once Option A and Option B are demonstrated to not be FRAND, the Court must impose the terms that "do not exceed what would be

consistent with Ericsson's FRAND commitment."  Ericsson seems to be suggesting that there is a range of FRAND-compliant terms, and the Court has no choice but to impose the terms at the top end of that range.  Again, TCL strongly disagrees.  If Option A and Option B are not FRAND, the Court has discretion, sitting in equity, to set the terms and conditions that it believes are FRAND.  If the Court concludes there is a "FRAND range" (TCL submits there is no such range, at least insofar as the non-discrimination obligation must be properly understood and applied), then the Court need not automatically and necessarily choose the top end of that supposed range.

Lastly, Ericsson suggests the Court should impose Option A or Option B on TCL, subject only to modification of the royalty terms, and that such offer (as a long-form license) will then become the judgment of the Court.  That is not what the Court ruled on July 25, 2016.  The Court ruled that the fact finder (now the Court) would determine which terms were material, and would then set those terms in a manner that would comply with FRAND.  Dkt. 1055 at p. 9.  The Court also noted, based on statements by both parties, that if the final order is injunctive in nature, then many of the terms in Option A and Option B need not be adjudicated. For example, the Court need not (and should not) establish that Texas law will govern any disputes, or that disputes shall be resolved by arbitration in Texas. Ultimately, the form and contents of the judgment will be determined by the Court; they need not necessarily take the form of Option A or Option B, in their entirety and without modification other than as to the royalty rates.

***Ericsson's Statement***:  The Court will determine whether TCL has carried its burden of proof to show that Ericsson's Option A and Option B offers were not FRAND.  Dkt. 1055 at pp. 3-4. Ericsson contends that in making this determination, the Court should evaluate Option A and Option B as of the date of Ericsson's FRAND contentions (May 2015). If TCL fails to carry its burden of proof, Option A or Option B will become the judgment of the Court.  *Id.* at 4. If TCL succeeds in

1  carrying its burden of proof, TCL then bears the burden to prove how Option A or
2  Option B should be modified such that the terms of the offer do not exceed what
3  would be consistent with Ericsson's FRAND commitment.  The modified offer shall
4  then become the judgment of the Court.
5      Ericsson is amenable to the Court entering a judgment in the form of an
6  injunction, provided that the injunction would be global in scope and bind not only
7  the TCL parties to this action, but also those in active concert with them as
8  provided for in Federal Rule of Civil Procedure 65(d)(2)(C). Hr'g Tr., July 25,
9  2016 at 49:22-50:4. Should the Court's judgment take the form of an injunction,
10 not all terms and conditions of Option A and Option B will require adjudication. *Id.*
11 Rather, the Court would only need to adjudicate and enter the terms required to
12 effect the payment obligation created by the injunction.
13     TCL argues above that the timing of the Court's determination regarding
14 what terms and conditions would be FRAND should not be governed by the date of
15 Ericsson's FRAND contentions. Ericsson disagrees and will present evidence to the
16 contrary at trial. Further, Ericsson notes that TCL opposed Ericsson's motion to
17 amend its FRAND contentions to include a March 2016 offer. Ericsson made that
18 offer in light of events occurring after the date of Ericsson's May 2015 FRAND
19 contentions, including events that TCL cites as evidence that Option A and Option
20 B are not FRAND. Because TCL prevailed in opposing Ericsson's motion to
21 amend, it should not now be permitted to argue that it would be inequitable for the
22 Court to impose Option A or B on grounds that the offers are almost two years old.

23 **9.    Discovery**
24 All discovery is complete.
25 **10.   Disclosures**
26 All disclosures under Fed. R. Civ. P. 26(a)(3) have been made.  The parties
27 filed a joint exhibit list under separate cover as required by L.R. 16-6.1.  Dkt. 1313.
28 The parties have since amended the joint exhibit list, and anticipate that they may

further amend the joint exhibit list. The parties will file an amended joint exhibit list prior to the commencement of trial.

Unless all parties agree that an exhibit shall be withdrawn, all exhibits will be admitted without objection at trial, except the exhibits to which a party has asserted an objection. **Exhibit A** hereto is a master spreadsheet showing the parties' respective objections to exhibits, and it is incorporated into this order by reference as if set forth fully herein.

11.  **Witnesses**

Witness lists of the parties have been filed with the Court. Dkts. 1285, 1284. Only the witnesses identified in the lists will be permitted to testify (other than solely for impeachment). Each party intending to present evidence by way of deposition testimony will mark such depositions in accordance with L.R. 16-2.7. For this purpose, the following depositions shall be lodged with the clerk as required by L.R. 32-1:

| Witness | Date(s) |
|---|---|
| Au, Harry | 1/26/2015 |
| Chiang, Stephen | 8/13/2015, 11/12/15, 2/3/16, 2/4/16 |
| Hsu, Eric | 1/26/2016 |
| Sinha, Sachin | 7/15/2016 |
| Alfalahi, Kasim | 10/27/15, 1/12/2016, 5/2/16 |
| El Amrani, Nassim | 12/16/2015 |
| Han, John | 1/14/2016 |
| Magnusson, Monica | 12/15/2015 |

| Witness | Date(s) |
|---|---|
| Petersson, Christina | 1/13/2016, 5/19/16 |

**Exhibit B** hereto is a master spreadsheet showing the parties' respective objections to the presentation of testimony by deposition for each of the above witnesses, and it is incorporated into this order by reference as if set forth fully herein.

<u>*TCL's Statement*</u>: TCL also believes that the following additional deposition should be lodged with the Court: Gustav Brismark, 12/18/15 and 5/18/2016.

<u>*Ericsson's Statement*</u>: Ericsson believes that depositions of Mr. Brismark and other witnesses who will testify live at trial should not be included in the depositions being lodged with the Court. However, if the Court permits Mr. Brismark's deposition testimony to be lodged with the Court, then Ericsson believes the deposition testimony from George Guo (1/27/16) and Judy Zhu (1/27/16) should also be lodged with the Court.

12. <u>**Law and Motion**</u>

The following law and motion matters and motions *in limine*, and no others are pending: **TCL's *Daubert* Motion #1**: Motion to Exclude Expert Testimony of Ericsson Attorney Patricio Delgado (Dkt. 1260). **TCL's *Daubert* Motion #2**: Motion to Exclude the Report and Testimony of Michael Pellegrino Regarding the Value of Certain Patents (Dkt. 1263). **TCL's *Daubert* Motion #3**: Motion to Exclude Consumer Survey and Related Testimony and Evidence from Mr. David Kennedy (Dkt. 1266). **TCL's *Daubert* Motion #4**: Motion to Exclude the Testimony of Dr. David Teece and David Kennedy Regarding the Value of Cellular Connectivity (Dkt. 1269).

In addition to the pending motions listed above, Ericsson intends to file an

application to seal certain testimony and trial exhibits on January 27, 2017. TCL may file such an application. The parties also anticipate that additional applications to seal will be filed by third-parties, also on January 27, 2017. The parties also anticipate filing motions to strike and/or objections directed at portions of the other side's witness declarations on or before the deadline to do so.

### 13. Bifurcation

Neither TCL nor Ericsson has requested bifurcation.

### 14. Conclusion

The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues remaining to be litigated, this Final Pretrial Conference Order shall supersede the pleadings and govern the course of the trial of these causes, unless modified to prevent manifest injustice or otherwise noted herein.

Dated: _____, 2017

_____
Hon. James V. Selna
UNITED STATES DISTRICT JUDGE