CROWELL & MORING LLP
John S. Gibson (CSB No. 140647, jgibson@crowell.com)
Samrah Mahmoud (CSB No. 285168, smahmoud@crowell.com)
3 Park Plaza, 20th Floor, Irvine, CA 92614
Telephone: 949.263.8400  Facsimile: 949.263.8414

Robert B. McNary (CSB No. 253745, rmcnary@crowell.com)
515 S. Flower Street, 40th Floor, Los Angeles, CA 90071
Telephone: 213.443.5590  Facsimile: 213.622.2690

Mark A. Klapow (Admitted *pro hac vice*, mklapow@crowell.com)
1001 Pennsylvania Avenue, N.W., Washington, DC 20004
Telephone: 202.624.2500  Facsimile: 202.628.5116

MCKOOL SMITH P.C.
Theodore Stevenson, III (Admitted *pro hac vice*, tstevenson@mckoolsmith.com)
300 Crescent Court, Suite 1500, Dallas, TX 75201
Telephone: 214.978.4000  Facsimile: 214.978.4044

Laurie L. Fitzgerald (Admitted *pro hac vice*, lfitzgerald@mckoolsmith.com)
300 W. 6th Street, Suite 1700, Austin, TX 78701
Telephone: 512.692.8700  Facsimile: 512.692.8744

Attorneys for Ericsson Inc. and Telefonaktiebolaget LM Ericsson

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TCL COMMUNICATION TECHNOLOGY HOLDINGS, LTD., *et al.*,<br><br>  Plaintiffs/Counterclaim-Defendants,<br><br>  v.<br><br>TELEFONAKTIEBOLAGET LM ERICSSON, *et al.*,<br><br>  Defendants/Counterclaim-Plaintiffs.<br><br>ERICSSON INC., *et al.*,<br><br>  Plaintiffs/Counterclaim-Defendants,<br><br>  v.<br><br>TCL COMMUNICATION TECHNOLOGY HOLDINGS, LTD., *et al.*,<br><br>Defendants/Counterclaim-Plaintiffs. | Case No. 8:14-CV-00341 JVS-DFMx<br>Case No. 2:15-CV-02370 JVS-DFMx<br><br>**DECLARATION OF LAURIE L. FITZGERALD IN RESPONSE TO DKT. 1765**<br><br>Hon. James V. Selna<br><br>**Discovery Cut-off:** May 23, 2016<br><br>**Pretrial Conference:** January 30, 2017<br><br>**Trial:** February 14, 2017 |

I, Laurie L. Fitzgerald, declare:

1. I am a Principal in McKool Smith P.C., counsel of record in this action for Defendants and Counterclaim-Plaintiffs Telefonaktiebolaget LM Ericsson and Ericsson Inc. (together, Ericsson). I am one of the McKool Smith attorneys principally responsible for the representation of Ericsson. I have personal knowledge of the facts stated in this Declaration.

2. I offer this Declaration in response to the Court's Order, dated August 2, 2017 (Dkt. 1765). In that Order, the Court requested an explanation of (a) whether Ericsson provided any documents pursuant to the Court's Order re Sealed Documents (Dkt. 1634) that contained redactions that had not been approved by the Court; (b) whether the documents in these applications have been provided to third parties; (c) whether there are additional documents that relate in any way to the third party licensees that were not provided to them; and (d) whether any third parties were provided these documents after the extended June 9th deadline. Ericsson's explanation requested by the Court is set forth below.

3. Pursuant to Dkt. 1634, Ericsson provided third party notifications to the intervening third parties for over 200 documents. For over half of these documents, Ericsson sent out notifications to multiple intervening third parties.

## I. Whether Ericsson Provided Any Documents Pursuant To The Court's Order Re Sealed Documents (Dkt. 1634) That Contained Redactions That Had Not Been Approved By The Court.

4. When notifying third parties of documents pursuant to Dkt. 1634, Ericsson applied redactions that had not been approved by the Court in two cases.

5. *First*, Ericsson applied non-Court approved redactions as needed to prevent one third party (e.g. Apple) from viewing confidential information of other third parties (e.g. Samsung, Huawei). Ericsson made these additional redactions to avoid a situation where, for example, it would be providing Apple with Samsung's

1  confidential information, thereby impairing Samsung's ability to seek trade secret
2  protection for that confidential information in a future application to seal.
3  I declare under penalty of perjury under the laws of the United States of America that
4  the foregoing is true and correct.

5      6.    *Second*, Ericsson applied non-Court approved redactions as needed to
6  prevent third parties from viewing the Ericsson confidential information that became
7  the subject of Ericsson's June 12, 2017 Motion for Clarification (Dkt. 1713). Ericsson
8  made these additional redactions to preserve Ericsson's ability to seek trade secret
9  protection over that Ericsson confidential information in its Motion for Clarification.
10 As discussed later in this Declaration, after the Court ruled on Ericsson's Motion for
11 Clarification, Ericsson re-provided these documents to third parties without any non-
12 Court approved redactions present.

13      7.    In no event did Ericsson redact any information relevant to a third party
14 from documents sent to that particular third party. In other words, Ericsson made sure
15 that Apple was provided unredacted copies of all information relating to Apple,
16 Samsung was provided unredacted copies of all information relating to Samsung,
17 Huawei was provided unredacted copies of all information relating to Huawei, etc.
18 Additionally, Ericsson did not place any restrictions (e.g. "outside counsel eyes only")
19 on who could view the documents sent to any third party.

20      8.    Ericsson's notifications to Sharp regarding the Witness Declaration of
21 Mr. Brismark provide an illustration of Ericsson's reasoning and process for applying
22 non-Court ordered redactions. Ericsson first notified Sharp regarding Mr. Brismark's
23 witness declaration on January 18, 2017. Sharp subsequently filed an application to
24 seal portions of Mr. Brismark's witness declaration on February 15, 2017. Dkt. 1408.
25 On June 9, 2017, pursuant to Dkt. 1634, Ericsson provided Sharp with a copy of all
26 portions of Mr. Brismark's witness declaration that related in any way to Sharp. The
27 copy provided to Sharp included all Court-ordered redactions to Mr. Brismark's
28 witness declaration, plus additional, non-Court-ordered redactions in two instances:

1  (1) a reference to "Doro" in a statement indicating that Doro pays running royalties to
2  Ericsson, and (2) a discussion of Ericsson's license with ZTE. These additional
3  redactions did not obscure any information relating to Sharp, and were made for the
4  purpose of preserving the ability of Doro and ZTE to seek trade secret protection for
5  the information in question. Doro ultimately did not move to seal the Doro-related
6  information obscured by these additional redactions, but ZTE moved to seal portions
7  of the ZTE-related information obscured by the additional redactions on June 30,
8  2017. *See* Dkt. 1721.

9      9.    Before Ericsson made the third party notifications required by Dkt. 1634,
10 a McKool Smith Principal (Lindsay Leavitt or Trent Campione) reviewed each
11 document that would be included in the notifications. For each document, Ms. Leavitt
12 or Mr. Campione confirmed that (1) all Court-ordered redactions were properly
13 applied; (2) non-Court approved redactions were applied for the purpose of protecting
14 confidential information of other third parties or the Ericsson confidential information
15 that was the subject of Ericsson's June 12, 2017 Motion for Clarification; and that (3)
16 any non-Court approved redactions applied to the document did not obscure any
17 information relating to the third-party who would receive the document. After Ms.
18 Leavitt or Mr. Campione completed their review of a document, a second McKool
19 Smith attorney reviewed the document to double-check the redactions. After this two-
20 level review process, McKool Smith sent the redacted documents to the third parties.

21     10.    In addition to sending out Ericsson's third party notifications pursuant to
22 Dkt. 1634, McKool Smith also reviewed TCL's proposed redactions to TCL's witness
23 declarations before TCL sent out its own third party notifications for those documents.
24 In that review, McKool Smith discovered certain instances where TCL had not
25 redacted confidential information of a third party other than the intended recipient of
26 the document. McKool Smith flagged these instances for TCL, and the parties
27 subsequently reached agreement on the non-Court approved redactions made by TCL
28 to documents that TCL provided to third parties pursuant to Dkt. 1634.

## II. Whether The Documents In These Applications Have Been Provided To Third Parties.

11. The documents subject to the applications filed pursuant to Dkt. 1634 fall into two categories. The first category includes documents for which Ericsson needed to provide the required notification, i.e. Ericsson witness declarations (except for certain pages from the Kennedy witness declarations, as addressed below) and the documents subject to applications to seal filed by Ericsson and third parties (except for certain demonstratives, as addressed below). The second category includes documents for which TCL needed to provide the required notification, i.e. TCL witness declarations, pages from the Kennedy witness declarations that reference TCL's internal financials,[1] documents subject to TCL's application to seal, and demonstratives referencing TCL's internal financials.[2]

12. Ericsson is not aware of any documents in the first category (i.e. documents that were Ericsson's responsibility) that have not been provided to third parties.

13. Ericsson is aware of four documents falling in the second category (i.e. documents that were TCL's responsibility) that have not yet been provided to third parties. TCL addressed these documents (Exhibits 131, 1220, 1221, and 1534) in its Supplemental Application to Designate Trade-Secret Information filed on August 16, 2017. Dkt. 1767.

## III. Whether There Are Additional Documents That In Any Way Relate To The Third Party Licensees That Were Not Provided To Them.

14. Beyond the four documents discussed in Paragraph 13 above (Exhibits

---

[1] Counsel for TCL informed McKool Smith by email on June 9, 2017, that TCL wished to be responsible for and would be responsible for notifying third parties of pages 144, 146, 148-49, 151, 154, and 156 of the Kennedy witness declaration and pages 127-130, 133, and 135-46 of the Kennedy rebuttal witness declaration. This was consistent with counsel for TCL's January 18, 2017 email where it indicated that McKool Smith did not have permission to send to third parties information related to TCL's internal financials.

[2] Counsel for TCL informed McKool Smith by email on June 9, 2017, that TCL wished to be responsible for and would be responsible for notifying third parties of DDX 102-106, 109, 111, 189-192, 194-195, and 197.

131, 1220, 1221, and 1534), Ericsson is not aware of any additional documents that in any way relate to third party licensees that have not been provided to them.

### IV. Whether Any Third Parties Were Provided These Documents After The Extended June 9th Deadline.

15. After applying the Court-ordered redactions (and, in some cases, additional redactions as discussed above) to the documents subject to Dkt. 1634, McKool Smith delivered redacted copies of the documents to the intervening third parties by uploading the documents to a secure FTP site and emailing the credentials for the FTP site to counsel for the third party.

16. Pursuant to Dkt. 1634, on June 9, 2017, McKool Smith notified each intervening third party by emailing its counsel with credentials for a secure FTP site that had been created for that third party. The majority of the pages of documents at issue had been uploaded to these FTP sites by that time. Given the sheer volume of pages at issue, McKool Smith informed the intervening third parties in the notifications that the uploading of documents may not be completed that day. On Monday, June 12, 2017, when all uploads were complete, McKool Smith instructed counsel for each intervening third party to check the FTP sites for the last of the uploaded documents.

17. In the two weeks between the Court's May 26, 2017 Orders and the June 9, 2017 deadline, Ms. Leavitt and Mr. Campione devoted a combined 145 hours to the third party notification process. McKool Smith associates and staff members spent an estimated 150 hours assisting Ms. Leavitt and Mr. Campione during that time. Regrettably, although each intervening third party was notified on June 9, 2017 and the majority of the approximately 4,000 pages of documents in question were uploaded to the secure FTP sites by that time, the firm did not finish uploading 100% of the pages until one business day after June 9, 2017.

### V. Additional Third Party Notifications Made By Ericsson.

18. In addition to notifying the intervening third parties of redacted materials

as required by Dkt. 1634, Ericsson also notified non-intervening third parties of redactions to the witness testimony, trial exhibits, deposition testimony, and demonstratives that in any way related to them. Because McKool Smith was not in possession of email addresses for non-intervening third parties, the firm printed hard copies of the redacted documents relevant to each non-intervening third party and mailed them by Federal Express. In all, by June 13, 2017, McKool Smith had sent seventeen packages of documents by Federal Express totaling more than 500 pages of documents to non-intervening third parties.

19. On June 26, 2017, the Court ruled on Ericsson's Motion for Clarification. The following day, Ericsson re-sent copies of documents subject to Ericsson's Motion for Clarification to the intervening third parties who had previously been notified of those documents where the Court-ordered redactions differed, in any way, from the copy previously provided. The copies delivered by Ericsson on June 27, 2017 reflected the Court's ruling on Ericsson's Motion for Clarification.

20. Between June 14 and 26, 2017, McKool Smith re-reviewed all of the trial exhibits to double-check that all required third party notifications had been provided by Ericsson or TCL. During this process, McKool Smith discovered that Ericsson inadvertently had not provided a third party notification for Exhibit 4812. Exhibit 4812 is the PA Consulting Report that is subject to Ericsson's Application to Seal filed on June 30, 2017 (Dkt. 1738) and Ericsson's Supplemental Application to Seal, being filed simultaneously with this Declaration. Additionally, during this double-checking process, McKool Smith was unable to definitively confirm that third parties had been notified by either Ericsson or TCL of ten exhibits (Exhibits 19, 21, 55, 84-86, 216, 1150, 1525, 1529). Out of an overabundance of caution, to be certain that third party notifications were provided for these documents in advance of the June 30, 2017 deadline for additional third party applications to seal, McKool Smith sent notifications for these documents to the relevant third parties between June 23 and June 26, 2017.

21. Between June 9 and June 26, 2017, McKool Smith discovered that TCL had not made a number of the notifications that TCL was responsible for or that TCL had indicated to Ericsson in January 2017 it wished to be responsible for and would be responsible for (e.g. Exhibits 18, 23, 519-545, 1114, 1270, 1274, 1513, and 4889-4900). McKool Smith confirmed with counsel for TCL that TCL would notify third parties of these documents prior to June 30, 2017.

## VI. Conclusion

22. Ericsson has used its best efforts to comply with the Court's procedure for dealing with trade secret information, and has devoted significant time and resources to this process. Based on my review of the relevant attorney time records, I have ascertained that, in the first half of 2017, McKool Smith attorneys devoted more than 1,500 hours to notifying third parties of documents containing their confidential information, conferring with third parties about those notifications, reviewing and confirming the accuracy of redactions made to trial exhibits, demonstratives, deposition transcripts, and written testimony, coordinating the notification and redaction process with counsel for TCL, preparing applications to seal, and double-checking that third-party notifications were sent for each and every document that Ericsson was required to provide notifications for, as required by the Court. This time does not include the hours that McKool Smith staff members spent assisting with the third-party notification and redaction process.

23. McKool Smith is presently working to create a final set of all trial exhibits, demonstratives, and witness statements that reflect all Court-ordered redactions. McKool Smith is uploading these materials to a secure FTP site for retrieval by TCL's counsel on a rolling basis, so that counsel for TCL can review these materials and confirm agreement with McKool Smith's application of the Court-ordered redactions.

24. Ericsson and McKool Smith deeply regret any instance where the Court's procedure for dealing with trade secret information was not followed, and are mindful

of the very substantial time, attention, and resources that the Court has devoted to the applications to seal in this matter. We remain committed to fully complying with any and all of the Court's instructions on this important issue going forward.

      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

      Executed this 17th day of August 2017.

                */s/ Laurie L. Fitzgerald*
                Laurie L. Fitzgerald

# CERTIFICATE OF SERVICE

Pursuant to Rule 5-3 of the Local Civil Rules of the United States District Court for the Central District of California, I hereby certify under penalty of perjury under the laws of the United States of America that on August 17, 2017, a true copy of the above document was filed through the Court's Electronic Case Filing system and served by that system upon all counsel of record registered for the system and deemed to have consented to electronic service in the above-captioned case.

Dated: August 17, 2017                **CROWELL & MORING LLP**

*/s/ John S. Gibson*
John S. Gibson

Attorneys for ERICSSON INC. AND TELEFONAKTIEBOLAGET LM ERICSSON