| | |
|---|---|
| 1 | SHEPPARD, MULLIN, RICHTER & HAMPTON LLP |
| 2 |   A Limited Liability Partnership<br>   Including Professional Corporations |
| | STEPHEN S. KORNICZKY, Cal. Bar No. 135532 |
| 3 | skorniczky@sheppardmullin.com |
| | MARTIN R. BADER, Cal. Bar No. 222865 |
| 4 | mbader@sheppardmullin.com |
| | MATTHEW W. HOLDER, Cal. Bar No. 217619 |
| 5 | mholder@sheppardmullin.com |
| | 12275 El Camino Real, Suite 200 |
| 6 | San Diego, California 92130-2006 |
| | Telephone: 858.720.8900 |
| 7 | Facsimile: 858.509.3691 |
| 8 | Attorneys for TCL Parties |

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| TCL COMMUNICATION TECHNOLOGY HOLDINGS, LTD., *et al.* | Case No. SACV14−00341 JVS (DFMx) |
| Plaintiffs, | Consolidated with CV15-02370 |
| v. | **TCL'S OPPOSITION TO ERICSSON'S APPLICATION FOR LEAVE TO FILE TCL AND ERICSSON'S JOINT FILING REGARDING THE PROPOSED JUDGMENT AND INJUNCTION UNDER SEAL [DKT. 1793]** |
| TELEFONAKTIEBOLAGET LM ERICSSON, *et al.* | |
| Defendants. | |
| TELEFONAKTIEBOLAGET LM ERICSSON *et al.*, | Before Hon. James V. Selna |
| Plaintiffs, | |
| v. | |
| TCL COMMUNICATION TECHNOLOGY HOLDINGS, LTD. et al., | |
| Defendants. | |

1  Plaintiffs TCL Communication Technology Holdings, Ltd., TCT Mobile
2  Limited, and TCT Mobile (US) Inc. (collectively "TCL") hereby oppose Ericsson's
3  Application for Leave to File TCL and Ericsson's Joint Filing Regarding the
4  Proposed Judgment and Injunction Under Seal.  (Dkt. 1793.)

5  There is no basis for sealing the parties' [Proposed] Final Judgment and
6  Injunction (as well as the joint cover pleading), as it does not contain any material
7  the Court previously designated as a trade secret, or that is subject to a pending
8  application to seal filed by Ericsson or any third party.  In particular, the proposed
9  injunction is modeled after Ericsson's Option B (Exs. 459 and 4055), and Option B
10 was not the subject of any motion to seal or redact.  It is a public document at this
11 point.  Ericsson does not contend otherwise.  In addition, none of the royalty rates or
12 payment terms that have been inserted into the proposed injunction as a result of the
13 Court's Memorandum of Findings of Fact and Conclusions of Law were proposed to
14 be redacted when the parties filed their proposed redactions on Tuesday, December
15 12.  (Dkt. 1789.)  Again, Ericsson does not contend otherwise.  The public has a
16 right of access to these proceedings, and absent the need to protect trade secrets,
17 there is no basis for keeping the parties' submissions under seal.  (Dkt. 1175.)

18 Likewise, there is no basis for blanket sealing of the parties' forthcoming
19 briefs regarding the [Proposed] Final Judgment and Injunction.  None of the
20 remaining disputed issues between the parties should require the parties to address
21 matters designated by the Court as trade secrets, or otherwise subject to pending
22 applications to seal filed by Ericsson any third party.  In the unlikely event either
23 party needs to refer to a designated trade secret, the brief can be redacted in that
24 limited respect.  However, the public has the right to view the parties' competing
25 positions regarding the [Proposed] Final Judgment and Injunction.

26 Ericsson's arguments in support of its application should be rejected.  First,
27 Ericsson cites the fact the proposed injunction includes Ericsson's bank account
28 information.  But that is hardly a basis for keeping the entire document, as well as

any related briefing, under seal.  (Dkt. 1175.)  If the Court is inclined to redact Ericsson's bank account information from the public filing, TCL has no objection.

Second, Ericsson cites the fact the Court's Memorandum of Findings of Fact and Conclusions of Law remains under seal while the Court reviews the parties' proposed redactions.  But again, that document is under seal for one reason and one reason only—to redact designated trade secrets.  (Dkt. 1175, 1779.)  The parties have already submitted their proposed redactions to the Court, and nothing in the parties' [Proposed] Final Judgment and Injunction discloses any trade secrets already designated by the Court, or at issue in any pending applications to seal. (Dkt. 1789.)  Ericsson has no right to keep the results of the litigation secret from the public, and yet that is what Ericsson is seeking to accomplish by asking the Court to issue a blanket sealing order as to the parties' entire [Proposed] Final Judgment and Injunction and related briefing.[1]

Lastly, Ericsson cites the fact the parties have filed motions to amend the Court's findings pursuant to Federal Rule of Civil Procedure 52(b).  This is not a basis for keeping the [Proposed] Final Judgment and Injunction secret from the public.  The Court presumably has no intention of keeping its Memorandum of Findings of Fact and Conclusions of Law under seal until the parties' Rule 52(b) motions are decided in February 2018, nor should it.  The public has a right to see and understand the parties' pending motions, just as the public has a right to see and understand the Court's decision on the merits.  Moreover, the Court's Memorandum of Findings of Fact and Conclusions of Law was not akin to a tentative ruling.  The fact it is subject to Rule 52(b) motions does not make it any less final.  If the Court decides to amend its findings, then so be it, but that is not a process that should take place in secret, and the Court's findings as issued on November 8, 2017 should be visible to the public just as any amended findings should be visible to the public

---

[1] The Court could also moot Ericsson's application by issuing the public redacted version of its Memorandum of Findings of Fact and Conclusions of Law.

1 | (subject only to the redaction of trade secrets).  (Dkt. 1175, 1779.)

2 |     For all of these reasons, TCL respectfully requests that the Court deny Ericsson's application to seal.  If the parties need to disclose a trade secret in their forthcoming briefs, then the briefs may be redacted in that limited respect, but blanket sealing of the [Proposed] Final Judgment and Injunction, as well as the parties' briefs, is inappropriate under the Court's prior orders.

Dated:     December 19, 2017          Respectfully Submitted,

**SHEPPARD, MULLIN, RICHTER & HAMPTON** LLP

*/s/ Matthew W. Holder*
STEPHEN S. KORNICZKY
MARTIN R. BADER
MATHEW W. HOLDER
Attorneys for
TCL COMMUNICATION TECHNOLOGY
HOLDINGS. LTD.. et al.

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on December 19, 2017 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4. Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

By  /s/ *Matthew W. Holder*
    MATTHEW W. HOLDER