CROWELL & MORING LLP
John S. Gibson (CSB No. 140647, jgibson@crowell.com)
Samrah Mahmoud (CSB No. 285168, smahmoud@crowell.com)
3 Park Plaza, 20th Floor, Irvine, CA 92614
Telephone: 949.263.8400 Facsimile: 949.263.8414

Robert B. McNary (CSB No. 253745, rmcnary@crowell.com)
515 S. Flower Street, 40th Floor, Los Angeles, CA 90071
Telephone: 213.443.5590 Facsimile: 213.622.2690

Mark A. Klapow (Admitted *pro hac vice*, mklapow@crowell.com)
1001 Pennsylvania Avenue, N.W., Washington, DC 20004
Telephone: 202.624.2500 Facsimile: 202.628.5116

MCKOOL SMITH P.C.
Theodore Stevenson, III (Admitted *pro hac vice*, tstevenson@mckoolsmith.com)
300 Crescent Court, Suite 1500, Dallas, TX 75201
Telephone: 214.978.4000 Facsimile: 214.978.4044

Laurie L. Fitzgerald (Admitted *pro hac vice*, lfitzgerald@mckoolsmith.com)
300 W. 6th Street, Suite 1700, Austin, TX 78701
Telephone: 512.692.8700 Facsimile: 512.692.8744

Attorneys for Ericsson Inc. and Telefonaktiebolaget LM Ericsson

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TCL COMMUNICATION TECHNOLOGY HOLDINGS, LTD., *et al.*, <br><br> Plaintiffs/Counterclaim-Defendants, <br><br> v. <br><br> TELEFONAKTIEBOLAGET LM ERICSSON, *et al.*, <br><br> Defendants/Counterclaim-Plaintiffs. <br><br> ERICSSON INC., *et al.*, <br><br> Plaintiffs/Counterclaim-Defendants, <br><br> v. <br><br> TCL COMMUNICATION TECHNOLOGY HOLDINGS, LTD., *et al.*, <br><br> Defendants/Counterclaim-Plaintiffs. | Case No. 8:14-CV-00341 JVS-DFMx <br> Case No. 2:15-CV-02370 JVS-DFMx <br><br> **REBUTTAL WITNESS DECLARATION OF LUKE MCLEROY** <br><br> Hon. James V. Selna <br><br> **Discovery Cut-off:** May 23, 2016 <br><br> **Pretrial Conference:** February 1, 2017 at 10:00 a.m. <br><br> Trial: February 14, 2017 at 8:30 a.m. |

My name is Luke McLeroy. I have personal knowledge of the facts set forth in this Declaration, and declare under penalty of perjury and the laws of the United States of America that they are true and correct.

1. I understand that TCL's expert, Dr. Bekkers, theorizes about the ability of a standard essential patent owner to "hold up" licensees. I note that Dr. Bekkers appears to discuss patent hold up only in the abstract, without suggesting that Ericsson has in fact engaged in patent hold up in its licensing activities. However, to the extent Dr. Bekkers is suggesting as such, I strongly disagree. Based on my experience with Ericsson's licensing practices, which I acquired while working as an Ericsson licensing manager, I can state unequivocally that Ericsson has not engaged in hold up for the following reasons.

2. *First*, Dr. Bekkers acknowledges that the ETSI IPR policy, and the FRAND commitments required therein, safeguard against patent hold-up. *See* Bekkers Witness Statement, ¶ 31. Ericsson has made multiple FRAND commitments to ETSI, each of which is publicly available on the ETSI website, regarding its patents that are standard-essential to the 2G, 3G, and 4G standards.

3. *Second*, the theoretical possibility of patent hold-up only arises because a patent owner could obtain an injunction blocking an implementer from using an industry standard. But, once a FRAND commitment is in place, an implementer has the ability to reject any licensing offer it feels is not FRAND and seek relief from a Court. This is the situation in each of Ericsson's licensing negotiations. If a prospective licensee feels the rates offered by Ericsson are "too high" (*i.e.* in violation of FRAND), the licensee has the option of rejecting the offer. If Ericsson files a lawsuit for patent infringement, the prospective licensee can counterclaim asserting breach of FRAND, or file a separate lawsuit asserting breach of FRAND, as TCL did in this action.

4. *Third*, Ericsson needs to secure licenses on FRAND terms from other standard essential patent owners to carry on its business as a manufacturer of

standards-compliant network infrastructure. Ericsson needs these licenses both from companies who make standard-practicing products (in which case Ericsson would negotiate a cross-license) but also from companies that do not have any manufacturing or product-related business (in which case it is a one-way license to Ericsson). Because Ericsson is both a licensor and a licensee, it maintains a balanced position on FRAND patent licensing.

5. *Fourth*, Ericsson has a strong interest in ensuring that the standards are implemented successfully, arising from, among other things, Ericsson's other business activities (*i.e.*, in relation to the manufacture, supply and operation of network infrastructure, licensing operations, and research and development expenditure). For this reason, Ericsson is dis-incentivized to charge rates that would drive licensees out of the market.

Executed on January 27, 2017 at Dallas, Texas.

_____
Luke F. McLeroy

# CERTIFICATE OF SERVICE

Pursuant to Rule 5-3 of the Local Civil Rules of the United States District Court for the Central District of California, I hereby certify under penalty of perjury under the laws of the United States of America that on January 27, 2017, a true copy of the above document was filed through the Court's Electronic Case Filing system and served by that system upon all counsel of record registered for the system and deemed to have consented to electronic service in the above-captioned case.

Dated: January 27, 2017

**CROWELL & MORING LLP**

*/s/ John S. Gibson*

John S. Gibson

Attorneys for ERICSSON INC. AND TELEFONAKTIEBOLAGET LM ERICSSON