UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 14-00341JVS(ANx) | Date | April 3, 2020 |
| Title | TCL Communication Technology Holdings, Ltd v Telefonaktienbolaget LM Ericsson, et al | | |

Present: The Honorable   **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   **[IN CHAMBERS]** <u>Minute Order re Trial on Remand</u>

      On March 2, 2020, the Court held a status conference to discuss how the matter should proceed in light of the Federal Circuit's vacation-in-part, reversal-in-part, and remand after review of this Court' judgment.  <u>See</u> <u>TCL Communications Technology Holdings, Ltd. v. Telefonaktienbolaget LM Ericsson</u>, 943 F.3d 1360, 1376 (Fed. Cir. 2019).  The Federal Circuit found that the Court had erred in denying Telefonaktienbolaget LM Ericsson's ("Ericsson") its Seventh Amendment right to a jury trial on the issue of a proper release payment.

      In advance, the the parties submitted their views which diverged substantially on the procedural path forward.  TCL Communications Technology Holdings, Ltd. *et al.* (collectively "TCL") contended that the validity and enforceability to two Ericsson patents should be litigated prior to further proceedings, and that the Court's order[1] staying related litigation around the world be lifted.  (Docket No. 1970, pp. 7-9.)  Ericsson contended that the Court should set the matter for a jury trial on all issues.  (Docket No. 1983-1, p. 17-18.)

      The Court expressed its views at the hearing that the matter should be reset as a jury trial.  (Tr. Mar.2, 2020, pp. 9-10.)  The Court now memorializes its remarks.

      The Court begins with its understanding of the Federal Circuit opinion.  The Circuit identified the failure to afford a jury trial on the release payment, which it viewed as patent damages, as the key error.  (943 F.3d at.1372, 1374.)  But that error unraveled

---

[1] Docket No. 284.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-00341JVS(ANx) | Date | April 3, 2020 |
|---|---|---|---|
| Title | TCL Communication Technology Holdings, Ltd v Telefonaktienbolaget LM Ericsson, et al | | |

the entire judgment. Without a finding whether Ericsson's Offer A and B were FRAND, no release payment would be due. The intertwined nature of that determination necessitates a jury trial. Dairy Queen, Inc. v. Wood, 369 U.S. 469, 479-80 (1962); Beacon Theaters, Inc. v. Westover, 359 U.S. 500, 511 (1959). Likewise the determination of a royalty rate for a release payment is inextricably tied to the determination of a forward royalty rate. Again a jury is required.

The Court believes that this analysis is directly supported by the Federal Circuit's conclusion:

> Accordingly, we vacate the district court's determination of the release payment, including the underlying question of whether Ericsson's Option A and Option B offers that include the release payment term are FRAND. We also vacate the court's determination that Ericsson's offers are not FRAND and its determination of prospective FRAND royalty rates because both determinations were predicated on common issues to the improperly decided release payment. Because the release payment will be redecided by the jury, we reverse the dismissal of Ericsson's patent infringement claims and TCL's related counterclaims of invalidity and non-infringement as no longer moot.

(943 F.3d at 1375-76; emphasis supplied.) Accordingly, the Court will set the matter down for a jury trial on all issues.

With the Court's ruling finalized, the Court invites the parties to submit one report with their joint and/or individual views on a trial and related preparation, including any new discovery required and any update or supplementation of experts. The parties should also propose a date for a telephonic conference to review the report and finalize the details for trial.

|  | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |